UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY HUTCHINS, et al.,

       Plaintiffs,                        Case No. 1:12–cv–00174–RHB

   vs.                                   HON. ROBERT HOLMES BELL

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

       Defendants.
_____/

**ORDER SETTING RULE 16 SCHEDULING CONFERENCE**

IT IS HEREBY ORDERED:

    1.   <u>Rule 16 Scheduling Conference</u>:   A scheduling conference pursuant to Fed.R.Civ.P. 16 is hereby scheduled for November 14, 2012 at 01:15 PM before the Honorable Robert Holmes Bell, 601 Ford Federal Building, 110 Michigan St., NW, Grand Rapids, Michigan, 49503.

    2.   <u>Matters to be Considered at the Scheduling Conference</u>:   The purpose of the scheduling conference is to review the joint status report and to explore methods of expediting the disposition of the action by:   establishing early and ongoing case management; discouraging wasteful pretrial activities; establishing limitations on discovery; facilitating the settlement of a case; establishing an early, firm trial date; and improving the quality of the trial through thorough preparation.

    3.   <u>Presumptive Limitations</u>:   In accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure, the court requires the following, unless all parties stipulate or a party demonstrates good cause for deviation:

        (a)   Rule 26(a)(1) disclosures will be required early in the case, with a continuing duty to supplement;

        (b)   Rule 26(a)(2) expert witness reports will be required before the close of discovery;

        (c)   Interrogatories will be limited to 25 per side and depositions will be limited to 10 per side, each of no more than 7 hours duration.

**If disclosures are required under Rule 26, the Court may preclude the calling of witnesses or the presentation of evidence as a sanction for failure to make timely and complete disclosures. See Fed.R.Civ.P. 37(c)(1).**

The Court normally allows six months for discovery, but will consider a shorter or longer period at the scheduling conference.

4. <u>Meeting of Parties Preparation of Joint Status Report</u>: At least seven days before the Rule 16 conference, counsel (or unrepresented parties) shall meet to discuss the following: the nature and basis of the parties' claims and defenses, the possibilities for a prompt settlement or resolution of the case, the formulation of a discovery plan, and the other topics listed below. Plaintiff shall be responsible for scheduling the meeting, which may be conducted in person or by telephone. After the meeting, the parties shall prepare a joint status report which must be e–filed at least **three (3) business days prior to the conference** in the following form:

> A Rule 16 Scheduling Conference is scheduled for the _____ day of _____, _____. Appearing for the parties as counsel will be:

(List the counsel who will attend the scheduling conference. Counsel for all parties must attend. Parties not represented by counsel must appear in person. Parties who are represented are encouraged, but not required, to attend).

1. <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

(Set forth a statement of the basis for the Court's jurisdiction. Indicate all objections.)

2. <u>Jury or Non–jury</u>: This case is to be tried [before a jury] [by the Court as a trier of law and fact].

3. <u>Statement of the Case</u>: This case involves:

(Set forth a brief description of the claims and defenses, sufficient to acquaint the Court with the general nature of the case, as well as the factual and legal issues requiring judicial resolution.)

*In ERISA denial of benefits cases*: Please include whether or not there is a procedural challenge to the administrator's decision, such as lack of due process afforded by the administrator or bias on the part of the administrator. See <u>Wilkins v. Baptist Healthcare System, Inc.</u>, 150 F.3d 609 (6th Cir. 1998).

4. <u>Pendent State Claims</u>: This case [does][does not] include pendent state claims.

(If pendent state claims are presented, include a statement describing such claims, and all objections to the Court retaining the pendent claims.)

5. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by _____.

6. <u>Disclosures and Exchanges</u>: Fed.R.Civ.P. 26(a)(1) requires initial disclosures, including any lay witness identification, unless the court orders otherwise. Any party objecting to Rule 26(a)(1) disclosures must set forth

below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosure shall be required until the court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties.

(Set forth below a proposed schedule for initial disclosures.)

    (i)  Fed.R.Civ.P. 26(a)(1) disclosures shall be made by plaintiff by \_\_\_\_\_ and by defendant by \_\_\_\_\_.

– OR –

    (i)  **(Use only if Rule 26(a)(1) disclosures are objected to:)**
The plaintiff expects to be able to furnish the names of the plaintiff's known lay witnesses to the defendant by \_\_\_\_\_. The defendant expects to be able to furnish the names of the defendant's known lay witnesses to the plaintiff by \_\_\_\_\_.

    (ii)  The plaintiff expects to be able to furnish the names of plaintiff's expert witnesses to the defendant by \_\_\_\_\_. The defendant expects to be able to furnish the names of the defendant's expert witnesses to the plaintiff by \_\_\_\_\_.

In this case, it would (would not) be advisable to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

(Set forth the proposed schedule for exchange of expert witness reports.)

    (iii)  The parties have agreed to make available the following documents without the need of a formal request for production:

        From plaintiff to defendant by \_\_\_\_\_:   (Describe documents)

        From defendant to plaintiff by \_\_\_\_\_:   (Describe documents)

– OR –

The parties are unable to agree on voluntary production at this time.

7.  <u>Discovery</u>:  The parties believe that all discovery proceedings can be completed by \_\_\_\_\_. The parties recommend the following discovery plan:

(As required by Fed.R.Civ.P. 26(f), set forth proposed plan of discovery, including subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on certain issues. Also set forth any recommendations as to limitations on discovery. Limitations may include the number of depositions, interrogatories, and requests for admissions, or limitations on the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings. State whether the presumptive time limits for depositions (one day of seven hours) should be modified in this case. Fed.R.Civ.P. 30(d)(1).)

8.  <u>Disclosure or Discovery of Electronically Stored Information</u>:   The parties have discussed the production of electronically stored information and suggest

that such information be handled as follows:

(State whether any party has electronically stored information that will be subject to disclosure or discovery and set forth any proposals concerning the form of production.)

9. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>:

(State whether the parties have agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery.)

10. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

The following dispositive motions are contemplated by each party:

(Set forth all contemplated dispositive motions.)

The parties anticipate that all dispositive motions will be filed by _____.

11. <u>Alternative Dispute Resolution</u>: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

(Set forth each party's position with respect to the preferred method, if any, of alternative dispute resolution. Indicate what discovery, if any, is needed prior to conducting ADR in order to make ADR most effective. Indicate preferred time frame for conducting ADR. Methods used in this district include, but are not limited to, Voluntary Facilitative Mediation (LCivR 16.3), Early Neutral Evaluation (LCivR 16.4), and Case Evaluation (see MCR 2.403 and LCivR 16.5).) For the local rules regarding all forms of ADR used in this district and for lists of mediators and case evaluators, see the court's website: www.miwd.uscourts.gov.

12. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days total, allocated as follows: _____ days for plaintiff's case, _____ days for defendant's case, _____ days for other parties.

13. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

(Indicate persons present during negotiations, progress toward settlement, and issues that are obstacles to settlement.)

14. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro*

*se* parties with paper documents in the traditional manner.

15.   Other:   Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

*In ERISA denial of benefits cases*:   If there is no procedural challenge to the administrator's decision, please include a date by which the administrative record can be filed with the court.    If there is a dispute regarding what constitutes the administrative record, please so state and include the precise nature of the dispute.    Also, if there is no procedural challenge to the administrator's decision, please include a date by which the parties believe they will file briefs on the standard of review appropriate (de novo or arbitrary and capricious) and set forth your positions as to how the record and evidence meets the relevant standard.

The joint status report shall be approved and signed by all counsel of record and by any party who represents him or herself.

5.   Order of Referral:   United States Magistrate Judge Joseph G. Scoville, of Grand Rapids, Michigan, telephone number (616) 456–2309, is designated to assist in the judicial management of this case, and is invested by the powers conferred under 28 U.S.C. § 636(b)(1)(A).

6.   Case Manager:   Any question concerning this Order or the scheduling conference should be directed to Susan Driscoll Bourque, Case Manager, at (616) 456–2029.


Dated:   October 4, 2012                         /s/ Robert Holmes Bell_____
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE