**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CURTIS HERTEL, the Register of Deeds and
Representative of INGHAM COUNTY; and
NANCY HUTCHINS, the Register of Deeds
and Representative of BRANCH COUNTY,  Case No. 1:12-cv-00174
both as Class Representatives of all 83
counties in the State of Michigan,  Hon. Robert Holmes Bell

        Plaintiff,

v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCORP, INC., JEANNE
KIVI, ELLEN COON, MARSHALL ISAACS,
BANK OF AMERICA N.A., JP MORGAN CHASE &
CO., CHASE HOME MORTGAGE CORPORATION
f/k/a CHASE HOME FINANCE, WELLS FARGO
BANK, N.A., CITIMORTGAGE INC., eTITLE
AGENCY INC., 1ST CHOICE TITLE SERVICES
INC., ATTORNEYS TITLE AGENCY LLC, f/k/a
WARRANTY TITLE AGENCY LLC, and FEDERAL
NATIONAL MORTGAGE ASSOCIATION, and
JOHN DOE as any other authorized signers for MERS
or MERSCORP, INC., and Defendants JOHN DOE
Corporations I – MMM,

        Defendants.

---

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO EXTEND TIME
TO FILE RESPONSE TO COMPLAINT**

**\*\* EXPEDITED CONSIDERATION REQUESTED \*\***

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by their undersigned attorneys, with the consent of all Defendants who have not yet filed responses to Plaintiffs' Complaint (collectively, the "Defendants"),[1] hereby moves this Court to extend the date for the Defendants'

---

[1] Chase submits this Motion on behalf of itself and the following Defendants: Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc., n/k/a MERSCORP Holdings, Inc.; Bank of America, N.A.; Wells Fargo Bank, N.A.; CitiMortgage, Inc.; and Federal National Mortgage Association. Defendants Marshall Isaacs, Attorneys Title Agency, LLC, Ellen

response to Plaintiffs' Complaint. Chase respectfully requests that this Court not require the Defendants to respond to the Complaint until the resolution of certain issues, described below, that have arisen in connection with the proposed intervention of the Michigan Department of Attorney General and the Michigan Department of Treasury (collectively, the "State Plaintiffs"). This Court has not yet ruled on the State Plaintiffs' pending motion to intervene, and Plaintiffs have notified Defendants of their intention to voluntarily dismiss those claims that overlap with claims that the State Plaintiffs propose to bring. Given this posture, Defendants will not know the exact nature of the claims against them, or which set of plaintiffs is bringing them, until the motion to intervene and Plaintiffs' promised voluntary dismissal both are resolved. Accordingly, Chase requests that this Court set a single response date for all Defendants that is thirty (30) days following the later of (i) entry of an order(s) deciding the State Plaintiffs' motion to intervene, or (ii) Plaintiffs' filing of a voluntary dismissal of its claims under the State Real Estate Transfer Tax Act ("SRETTA"), MICH. COMP. LAWS §§ 207.521 *et seq.*, or an amended complaint. In support of its Motion, Chase respectfully states as follows:

1. This case concerns whether Defendants are obligated to pay the transfer tax imposed by SRETTA and the County Real Estate Transfer Tax Act ("CRETTA"), MICH. COMP. LAWS §§ 207.501 *et seq.*, on certain recorded real estate documents.

---

Coon, Jeanne Kivi, and eTITLE Agency, Inc. have already filed responses to Plaintiffs' Complaint and do not seek an extension of time to respond, but do request expedited consideration of their responses. *See* Notice of Submission of Proposed Order, ECF No. 51; Defendants Attorneys Title Agency LLC, Jeanne Kivi, and Ellen Coon's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), ECF No. 52; Defendants eTITLE Agency, Inc.'s Joinder in Defendant Attorneys Title Agency LLC's Motion to Dismiss, ECF No. 54.

2. On April 4, 2012, this Court entered an order extending Defendants' time to respond to Plaintiffs' Complaint until twenty-one (21) days following entry of an order deciding Plaintiffs' motion to remand. Memorandum Opinion and Order, ECF No. 29.

3. Following briefing of Plaintiffs' motion to remand, this Court on October 4, 2012 issued an opinion and order denying remand, holding that it had diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. Opinion, ECF No. 49; Order, ECF No. 50.

4. Pursuant to the Court's order granting Defendants an extension to respond to Plaintiffs' Complaint, ECF No. 29, Defendants' existing deadline to file an answer or other pleading in response to Plaintiffs' Complaint is October 25, 2012.

5. On March 28, 2012, the State Plaintiffs filed a proposed complaint in conjunction with their motion to intervene under FED. R. CIV. P. 24(b). Non-Parties Michigan Department of Attorney General's and Michigan Department of Treasury's Motion to Intervene, ECF No. 26; Intervening Co-Plaintiffs Michigan Department of Attorney General's and Michigan Department of Treasury's Complaint on [*sic*] Intervention (the "Complaint in Intervention"), ECF No. 26-2.

6. On April 9, 2012, Plaintiffs filed a motion seeking to extend the time they had to respond to the State Plaintiffs' motion to intervene. Plaintiff's [*sic*] Motion to Extend Time to Respond to Non-Parties Michigan Department of Attorney General's and Michigan Department of Treasury's Motion to Intervene, ECF No. 30. That same day, this Court issued an order granting Plaintiffs an extension to respond to the motion to intervene of fourteen (14) days following entry of an order deciding Plaintiffs' motion to remand. Memorandum Opinion and Order, ECF No. 31. Pursuant to this Order, Plaintiffs have until October 18, 2012 to respond to the State Plaintiffs' motion to intervene.

7. The proposed Complaint in Intervention seeks allegedly unpaid transfer taxes imposed by SRETTA that were avoided when Defendants allegedly claimed exemptions under MICH. COMP. LAWS § 207.526(a), which applies to transfers where the "value of the consideration for the property" is less than $100. *See* Complaint in Intervention ¶ 7.

8. The proposed Complaint in Intervention overlaps with Plaintiffs' Complaint. Both allege violations of Michigan's real estate transfer tax laws and both seek recovery of SRETTA taxes that allegedly went unpaid when Defendants claimed an exemption under MICH. COMP. LAWS § 207.526(a). *See, e.g.*, Pls.' Compl. ¶ 60.

9. In light of the proposed Complaint in Intervention and its similarities to Plaintiffs' Complaint, and the fact that, due to the extended briefing schedule, *see* ECF No. 31, the motion to intervene will most likely not be decided before Defendants' deadline to respond to the Complaint, it would serve the interests of convenience and efficiency, and prevent duplicative rounds of briefing on identical or similar legal issues, if Defendants' deadline to respond to the Complaint were extended until after this Court rules on the motion to intervene. By doing so, the Court will afford Defendants an opportunity to coordinate or consolidate their responses to Plaintiffs' and the State Plaintiffs' substantively similar or identical allegations and claims, resulting in increased efficiencies for all of the parties and the Court.

10. An extension of time to respond to Plaintiffs' Complaint is also warranted because, upon information and belief, Plaintiffs and State Plaintiffs may seek to amend their respective complaints in light of the similarities in their claims. By correspondence dated September 25, 2012, counsel for Plaintiffs, William Maxwell, informed counsel for the Defendants of a possible agreement between Plaintiffs and the State Plaintiffs whereby the State Plaintiffs alone would bring claims under SRETTA, while Plaintiffs would bring claims under

4

CRETTA. Mr. Maxwell's correspondence also indicates that Plaintiffs intend to voluntarily dismiss the SRETTA portion of their Complaint "immediately after" this Court's ruling on the motion to remand. *See* **Exhibit 1**, at 2. The correspondence also suggests that the State Plaintiffs may amend their Complaint in Intervention and bring additional claims if they are permitted to intervene. *See id.*

11. As of the date of the filing of the present Motion, Plaintiffs have not in fact voluntarily dismissed their claims under SRETTA. Nor have Plaintiffs filed an amended complaint to focus their allegations and claims on violations of CRETTA. Until Plaintiffs carry out their purported agreement with the State Plaintiffs and either voluntarily dismiss the SRETTA portion of the Complaint, or file an amended complaint seeking recovery under CRETTA alone, it would make little sense to have the Defendants prepare and the Court consider two sets of responses, one for the currently filed Complaint and one for the promised amended complaint.

12. In light of this procedural posture, Chase respectfully requests that issues related to the intervention of the State Plaintiffs and Plaintiffs' intended filing of a voluntary dismissal or amended complaint be resolved prior to requiring the Defendants to answer or otherwise respond to the Complaint.

13. Expedited consideration of this Motion is required because the relief requested herein will be rendered moot before the Motion is briefed in accordance with the schedule set forth in W.D. Mich. L. Civ. R. 7.3(c).

14. The relief sought in this Motion does not affect any other dates or deadlines in this case, as no scheduling order has been issued.

15. In accordance with W.D. Mich. L. Civ. R. 7.1(d), Chase's counsel contacted Plaintiffs' counsel via voicemail and email to ascertain whether the Motion will be opposed. Chase's counsel has not yet received a response.

WHEREFORE Chase respectfully requests that this Court not require the Defendants to respond to the Complaint until the resolution of certain issues, described above, which have arisen in connection with the State Plaintiffs' desire to intervene in this action. Chase requests that this Court set a single date for all Defendants to respond to Plaintiffs' Complaint that is thirty (30) days following the later of (i) entry of an order(s) deciding the State Plaintiffs' motion to intervene, or (ii) Plaintiffs' filing of a voluntary dismissal or amended complaint. Chase respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit 2**.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

Dated: October 16, 2012

*/s/ Aaron L. Vorce*
Joseph H. Hickey (P41664)
Aaron L. Vorce (P68797)
Dykema Gossett PLLC
Capitol View
201 Townsend Street, Suite 900
Lansing, MI 48933
(517) 374-9100
jhickey@dykema.com
Avorce@dykema.com

*Attorneys for JPMorgan Chase Bank, N.A*