IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

CURTIS HERTEL, the Register of Deeds and
Representative of INGHAM COUNTY; and
NANCY HUTCHINS, the Register of Deeds
and Representative of BRANCH COUNTY,
both as Class Representatives of all 83
counties in the State of Michigan,

        Plaintiff,

  v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCORP, INC., JEANNE
KIVI, ELLEN COON, MARSHALL ISAACS,
BANK OF AMERICA N.A., JP MORGAN CHASE &
CO., CHASE HOME MORTGAGE CORPORATION
f/k/a CHASE HOME FINANCE, WELLS FARGO
BANK, N.A., CITIMORTGAGE INC., eTITLE
AGENCY INC., 1ST CHOICE TITLE SERVICES INC.,
ATTORNEYS TITLE AGENCY LLC, f/k/a
WARRANTY TITLE AGENCY LLC, and FEDERAL
NATIONAL MORTGAGE ASSOCIATION, and JOHN
DOE as any other authorized signers for MERS or
MERSCORP, INC., and Defendants JOHN DOE
Corporations I – MMM,

        Defendants.

Case No.  12-00174
Hon. Robert Holmes Bell

_____

### WELLS FARGO'S RESPONSE CONDITIONALLY OPPOSING
### THE STATE OF MICHIGAN'S MOTION TO INTERVENE

Defendant, Wells Fargo Bank, N.A., by its counsel, Plunkett Cooney, respectfully requests that the State of Michigan's motion to intervene under Fed. R. Civ. P. 24(b) (docket # 26) be denied if the State's intervention would defeat the Court's jurisdiction under 28 U.S.C. 1332.

Indeed, the State seeks permissive intervention into this action pursuant to Fed. R. Civ. P. 24(b)(2).  Before permissive intervention is allowed the Court must consider whether

intervention would unduly delay or prejudice the original parties' rights.  *City of St. Louis v. Velsicol Chem. Corp.*, 708 F. Supp. 2d 632, 668 (E.D. Mich., 2010); *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

In this case the State of Michigan is not a "citizen" for purposes of diversity jurisdiction.  *See*, *Hughes-Bechtol, Inc. v. West Va. Bd. of Regents*, 737 F.2d 540, 543 (6th Cir. 1984).  Because the State is not a "citizen" for diversity purposes its intervention would divest this Court of subject matter jurisdiction under 28 U.S.C. 1332 and, therefore, under 28 U.S.C. 1367(b) permissive intervention should be denied.  *See*, *Baker v. Minnesota Mining & Mfg. Co.*, 99 Fed. App'x 718, 723 (6th Cir. 2004), abrogated on other grounds by *Blackburn v. Oaktree Capital Management, LLC*, 511 F.3d 633 (6th Cir. 2008) (denying state agency's intervention into action removed on diversity grounds because "intervention would divest the district court of jurisdiction").

In the alternative, should the Federal Housing Finance Agency ("FHFA"), which is the Conservator for Fannie Mae and an agency of the Federal government, seek to intervene the FHFA would have the right to intervene (*see*, 12 U.S.C. § 4617(b)(2)(A)(i)), and it would then have the unconditional right to remove this case under 12 U.S.C. § 4511(a) ("There is established the Federal Housing Finance Agency, which shall be an independent agency of the Federal Government."); 28 U.S.C. § 1442(a)(1) (providing that the "United States or any agency thereof" may remove any "civil action . . . commenced in a State court against[it].").  According, should the FHFA seek to intervene the Court could grant that motion to intervene and then also permit the State's intervention while preserving its subject matter jurisdiction to hear and decide the claims and defenses of all parties.  In such a case Wells Fargo would not oppose the State's motion to intervene.

**CONCLUSION AND RELIEF SOUGHT**

For these reasons, the State of Michigan's motion to intervene should be denied unless the FHFA seeks to intervene and it is permitted to do so because in that case the Court could then permit the State to intervene while preserving its subject matter jurisdiction over all of the parties' claims.

/s/ Matthew J. Boettcher
Matthew J. Boettcher (P40929)
PLUNKETT COONEY
Attorneys for Wells Fargo Bank, N.A.
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4035
mboettcher@plunkettcooney.com

Dated: November 5, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of this document was served upon all parties to the above cause to each of the attorneys of record via ECF Filing System November 5, 2012.

Signature: /S/ Matthew J. Boettcher

Open.17807.12415.12330510-1