UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, the Register of Deeds and
Representative of INGHAM COUNTY; and
NANCY HUTCHINS, the Register of Deeds and
Representative of BRANCH COUNTY, both as
Class Representatives of all 83 counties in the
State of Michigan,

        Plaintiff,

  v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCORP, INC., JEANNE
KIVI, ELLEN COON, MARSHALL ISAACS,
BANK OF AMERICA N.A., JP MORGAN
CHASE & CO., CHASE HOME MORTGAGE
CORPORATION f/k/a CHASE HOME
FINANCE, WELLS FARGO BANK, N.A.,
CITIMORTGAGE INC., eTITLE AGENCY INC.,
1ST CHOICE TITLE SERVICES INC.,
ATTORNEYS TITLE AGENCY LLC, f/k/a
WARRANTY TITLE AGENCY LLC, and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, and JOHN DOE as any other
authorized signers for MERS or MERSCORP,
INC., and Defendants JOHN DOE Corporations I
– MMM,

        Defendants.

Case No. 1:12-cv-00174

Hon. Robert Holmes Bell

---

### MOTION TO INTERVENE OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, THE FEDERAL HOME LOAN MORTGAGE CORPORATION, AND THE FEDERAL HOUSING FINANCE AGENCY

The Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and the Federal Housing Finance Agency as Conservator for Fannie Mae and Freddie Mac ("FHFA" or "Conservator") (collectively, "Proposed Intervenors"), hereby move to intervene under Federal Rule of Civil Procedure 24 in

1

the above-captioned action.  Some of the allegations asserted in this action implicate Proposed Intervenors' federal statutory exemptions from "all [state and local] taxation" pursuant to 12 U.S.C. §§ 1723a(c)(2) (Fannie Mae), 1452(e) (Freddie Mac), and 4617(j)(2) (FHFA), the exemption of the conservatorships from penalties pursuant to 12 U.S.C. § 4617(j)(4), and the jurisdictional bar against injunctive and declaratory relief pursuant to 12 U.S.C. § 4617(f). Proposed Intervenors seek to intervene solely to protect their legitimate interest in these matters. This Motion is supported by the attached Memorandum.  Pursuant to W.D. Mich. LCivR 7.1(d), counsel for Fannie Mae, Freddie Mac, and FHFA sought concurrence from the parties in this motion and conferred with them about the nature of the motion and its legal basis, but could not obtain concurrence from all parties.  Consequently, Fannie Mae, Freddie Mac, and FHFA file this motion and supporting brief per Federal Rule of Civil Procedure 24(c).

DATED:    Nov. 5, 2012

By: ____/s/ Ann Marie Uetz_____
FOLEY & LARDNER LLP
ANN MARIE UETZ (P48922)
*Attorneys for Federal National Mortgage Association, Proposed Intervenor*
500 Woodward Avenue, Ste. 2700
Detroit, MI  48226-3489
Phone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

By: ____/s/ Howard N. Cayne_____
ARNOLD & PORTER LLP
Asim Varma (D.C. Bar No. 426364)
Howard N. Cayne (D.C. Bar No. 331306)
Michael A.F. Johnson (D.C. Bar No. 460879)
*Attorneys for Federal Housing Finance Agency as Conservator of Fannie Mae, and Proposed Intervenor*
555 Twelfth Street, NW
Washington, DC  20004-1206
Phone:  202.942.5000
Facsimile:  202.942.5999

2

By: \_\_\_\_/s/ Michael J. Ciatti_____
KING & SPALDING LLP
Michael J. Ciatti
(Va. Bar No. 40607)
*Attorney for Federal Home Loan*
*Mortgage Corporation, Proposed Intervenor*
1700 Pennsylvania Ave. NW
Washington DC  20006
Phone:  (202) 661 7828
Facsimile:  (202) 626 3737
mciatti@kslaw.com

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, THE FEDERAL HOME LOAN MORTGAGE CORPORATION, AND THE FEDERAL HOUSING FINANCE AGENCY**

The Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "Enterprises"), and the Federal Housing Finance Agency as Conservator for Fannie Mae and Freddie Mac ("FHFA" or "Conservator") (collectively, "Proposed Intervenors"), hereby move to intervene in this matter pursuant to Federal Rule of Civil Procedure 24. Some of the allegations asserted in this action directly implicate Proposed Intervenors' federal statutory exemptions from "all [state and local] taxation" pursuant to 12 U.S.C. §§ 1723a(c)(2) (Fannie Mae), 1452(e) (Freddie Mac), and 4617(j)(2) (FHFA), the exemption of the conservatorships from penalties pursuant to 12 U.S.C. § 4617(j)(4), and the jurisdictional bar against injunctive and declaratory relief pursuant to 12 U.S.C. § 4617(f). Proposed Intervenors therefore have important interests at stake.

Intervention will allow Proposed Intervenors to protect their legitimate interest in ensuring that the statutory exemptions are appropriately asserted and applied. Proposed Intervenors do not anticipate any involvement in this action other than asserting and briefing the application of the statutory exemptions.

## STATEMENT OF FACTS

A. **Fannie Mae, Freddie Mac, and FHFA**

Fannie Mae is a government-sponsored enterprise chartered by Congress to "establish secondary market facilities for residential mortgages," to "provide stability in the secondary market for residential mortgages," and to "promote access to mortgage credit throughout the Nation." 12 U.S.C. § 1716. Freddie Mac is also a government-sponsored enterprise chartered by Congress for substantially the same mission, including to "provide ongoing assistance to the

1

secondary market for residential mortgages," to strengthen and support "mortgages on housing for low- and moderate-income families" by "increasing the liquidity" of the market, and "to promote access to mortgage credit throughout the Nation." *Id.* § 1451 note.

FHFA is an independent federal agency, created pursuant to the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654, *codified at* 12 U.S.C. § 4617 *et seq.*, with comprehensive regulatory and oversight authority over the Enterprises and the Federal Home Loan Banks. On September 6, 2008, the Director of FHFA placed the Enterprises into FHFA's conservatorship "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). The Conservator has the statutory power to "operate" the Enterprises and "to conduct all [of their] business," with the statutory mission of, among other things, "preserv[ing] and conserv[ing] the[ir] assets and property." *Id.* § 4617(b)(2)(B). Accordingly, the Conservator is authorized to participate, at its discretion, in litigation involving the Enterprises in a manner consistent with the Conservator's duties. In addition, FHFA is empowered as Conservator to "take such action as may be (i) necessary to put [the Enterprises] in a sound and solvent condition, and (ii) appropriate to . . . preserve and conserve the assets and property of [the Enterprises]," 12 U.S.C. § 4617(b)(2)(A)(i), and has authority to "take over the assets of and operate [the Enterprises] with all the powers of the shareholders, the directors, and the officers of [the Enterprises] and conduct all business of [the Enterprises]," *id.* § 4617(b)(2)(B)(i). To provide the Conservator with the broadest possible latitude to operate the Enterprises and preserve and conserve their assets without interference, Congress expressly precluded judicial review of the Conservator's statutorily authorized activities: "Except as provided in this section or at the request of the Director, no court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator

or a receiver." *Id.* § 4617(f).  Congress also exempted the Conservator from certain taxes, involuntary liens, and penalties or fines.  *Id.* § 4617(j).

### B. History of This Action

On November 10, 2011, Curtis Hertel, Jr., Register of Deeds of Ingham County, and Nancy Hutchins, Register of Deeds of Branch County, filed a complaint on behalf of a putative class consisting of all eighty-three Michigan counties and their county representatives.  *See* Complaint, *Hertel v. Mortg. Elec. Recording Sys. Inc., et al.*, Case No. 11-1214-NZ (Ingham Cty. Cir. Ct. Nov. 10, 2011) (Dkt. No. 1-1, Exhibit A) ("*Hertel II*").  Plaintiffs contend that Defendants improperly failed to pay the State Real Estate Transfer Tax ("SRETT") and the County Real Estate Transfer Tax ("CRETT").  Plaintiffs' Complaint identified Fannie Mae as a "Defendant" and sought relief against Fannie Mae.  Plaintiffs did not, however, serve Fannie Mae with the Complaint.  On February 27, 2012, FHFA filed a Motion to Intervene in Ingham Circuit Court, and shortly thereafter Fannie Mae and FHFA filed a Notice of Removal of this action in the Western District of Michigan.

Plaintiffs filed a Motion to Remand the case to state court on March 28, 2012.  Plaintiff's Motion to Remand and for Costs on Grounds of Defective Removal (Mar. 28, 2012) (Dkt. No. 27).  In that Motion, Plaintiffs argued that because Fannie Mae was not served within 91 days after issuance of the summons, the action was deemed dismissed without prejudice as to Fannie Mae on February 9, 2012 pursuant to MCR 2.102(E)(1) and that as a result Fannie Mae and FHFA were purportedly unable to remove the case thereafter.  On October 4, 2012, after briefing was complete, this Court issued an order agreeing with Plaintiffs' argument that Fannie Mae could not remove the action because it had not been served, and concluding that it was unnecessary to rule on Plaintiffs' argument that FHFA was not entitled to remove the action.

Opinion at 3–8 (Oct. 4, 2012) (Dkt. No. 49). The Court denied the Motion to Remand on the ground that diversity jurisdiction exists despite the Plaintiffs' fraudulent joinder of non-diverse defendants. *Id.* at 8–21.

Although Fannie Mae has been deemed dismissed due to lack of service, the Complaint still contains allegations that implicate the statutory tax exemptions of Fannie Mae. The Complaint alleges that Defendants are liable for payment of the state and county transfer taxes in each of the transactions at issue and that they did not list a proper "exemption" from the taxes. Complaint ¶¶ 34, 38, 40, 42, 43, 58, 60. Included among the exhibits to the Complaint are deeds evidencing transactions to which Fannie Mae was a party and stating an exemption under Fannie Mae's federal statutory tax exemption, 12 U.S.C. § 1723a(c), or under Michigan law. It is obvious that Plaintiffs' broad allegations could sweep in transactions involving Freddie Mac as well. The two government-sponsored enterprises — Fannie Mae and Freddie Mac — are similarly situated, share a common purpose, 12 U.S.C. § 1716, *id.* § 1451 note, and are frequently common defendants in litigation respecting the scope of their respective statutory tax exemptions. *See, e.g.*, *Hertel v. Bank of America*, No. 11-cv-757, --- F. Supp. 2d ---, 2012 WL 4127869, at *3 (W.D. Mich. Sept. 18, 2012); *see also infra* at 5-7 (describing related cases).

During the briefing on the Motion to Remand, Plaintiffs insisted that they would "take whatever steps are necessary to remove Fannie Mae from this case" and that "under no circumstances will Fannie Mae ever be a party Defendant in this case." Plaintiffs' Reply at 5. But Plaintiffs have not sought to amend their Complaint to eliminate any allegations that implicate Fannie Mae's federal statutory tax exemption.[1]

---

[1] Even the purported First Amended Complaint that Plaintiffs emailed to Defendants retained the allegations and exhibits that implicate Fannie Mae's exemption.

4

C.     Related Litigation

Plaintiffs' action is the fourth action contending that Fannie Mae or Freddie Mac has improperly claimed an exemption from transfer taxes under Michigan law.

First, on June 20, 2011, Oakland County, Michigan and Andrew E. Meisner, Oakland County's Treasurer, filed suit in the Eastern District of Michigan against Fannie Mae and Freddie Mac, alleging that they were required to pay Michigan's state and county real estate transfer tax for real estate transactions in Oakland County.  *See* Complaint, *Oakland Cnty. v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-12666-VAR-LJM (E.D. Mich. June 20, 2011) (attached as Ex. A).  FHFA moved to intervene in the *Oakland* case, and the Court granted FHFA's motion over Plaintiffs' objection.  *See Oakland County v. Fannie Mae*, 276 F.R.D. 491 (E.D. Mich. 2011).  The Eastern District of Michigan ultimately held that Fannie Mae, Freddie Mac, and FHFA are not exempt from state and county transfer taxes under 12 U.S.C. §§ 1723a(c)(2) (Fannie Mae), 1452(e) (Freddie Mac), and 4617(j)(2) (FHFA).  *Oakland Cnty., et al. v. FHFA*, No. 11-12666, --- F. Supp. 2d ---, 2012 WL 1658789 (E.D. Mich. May 11, 2012).  The court authorized an immediate appeal, stating that "[t]here is substantial ground for difference of opinion as to that question" of whether the defendants are exempt from the state and county transfer taxes.  *Id.* at *8.  Fannie Mae, Freddie Mac, and FHFA will file their opening brief with the Sixth Circuit on November 6, 2012.

Second, two days after the *Oakland County* action was filed, Mr. Hertel filed a non-class action suit in the Ingham County Circuit Court against the Enterprises and six other defendants, alleging that all of these defendants failed to pay the state and county real estate transfer tax in Ingham County.  *See* Complaint, *Hertel v. Bank of America, N.A., et al.*, Case No. 11-687-CZ (Ingham Cty. Cir. Ct. June 22, 2011) ("*Hertel I*") (attached as Ex. B).  Freddie Mac removed this

5

action to state court on July 22, 2011. *See* Notice of Removal, *Hertel v. Bank of America, N.A., et al.*, Case No. 1:11-cv-757 (W.D. Mich. July 22, 2011). The Michigan Department of Attorney General and Michigan Department of Treasury ("State Plaintiffs") successfully moved to intervene in *Hertel I* to pursue the SRETT claims only. *See* Order, *Hertel I*, No. 11:11-cv-757 (Dec. 12, 2011) (Dkt. No. 61). Mr. Hertel was dismissed from the suit on the ground that he lacks authority to bring the action. *See* Order, *Hertel I*, Case. No. 1:11-cv-757 (W.D. Mich. Feb. 24, 2012). This Court held on September 18, 2012 that Fannie Mae, Freddie Mac, and the Conservator are exempt from the SRETT under 12 U.S.C. §§ 1723a(c)(2) (Fannie Mae), 1452(e) (Freddie Mac), and 4617(j)(2) (FHFA). *Hertel v. BOA*, No. 1:11-cv-757, --- F. Supp. 2d ---, 2012 WL 4127869 (W.D. Mich. Sept. 18, 2012).[2]

Third, on November 10, 2011, Genesee County filed a putative class-action suit against the Enterprises and its Conservator making allegations identical to those made in *Oakland* and *Hertel I*. *See* Complaint, *Genesee Cnty. v. Fed. Hous. Fin. Agency, et al.*, Case No. 11-cv-14971 (E.D. Mich. Nov. 10, 2011) (attached as Ex. C). The Eastern District of Michigan ruled in Genesee County's favor for the reasons stated in its *Oakland County* opinion. *See* Order, *Genesee Cnty.*, Mar. 23, 2012).

## ARGUMENT

Proposed Intervenors' intervention into this action is proper under either of two provisions of the Federal Rules of Civil Procedure —Rule 24(a)(2) or Rule 24(b). In addition, if Fannie Mae or Freddie Mac is granted intervention under either of these provisions, FHFA has a statutory right to intervene under Rule 24(a)(1).

---

[2]   This Court did not rule on the CRETT because Mr. Hertel had been dismissed as a Plaintiff and the State Plaintiffs pursued only the SRETT claims.

I.  **Proposed Intervenors Have a Right to Intervene Under Rule 24(a)(2) Due to Their Interest in the Subject of This Action**

The Proposed Intervenors have a right to intervene under Federal Rule of Civil Procedure 24(a)(2), which states that "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id*. "Rule 24(a)(2) translates to four required elements: '(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.'" *Oakland County*, 276 F.R.D. at 497-98.

*First*, this application to intervene is timely. This Court ruled on October 4, 2012 that Fannie Mae was deemed dismissed from this case, and it issued an order dismissing one of the fraudulently joined defendants on October 23, 2012. A motion to dismiss other fraudulently joined defendants remains pending. (Dkt. Nos. 52 & 54.)

*Second*, the Proposed Intervenors have a substantial legal interest in this case because of Plaintiffs' allegations that the Defendants are liable for transfer taxes for transactions in which Fannie Mae was the grantor or grantee. Despite Plaintiffs' decision not to name Fannie Mae as a Defendant, Plaintiffs have placed transactions involving Fannie Mae at issue by alleging that the Defendants did not list a proper "exemption" from the transfer taxes. *See* Complaint ¶¶ 34, 38, 40, 42, 43, 58, 60. Attached to the Complaint are deeds stating that Fannie Mae is exempt from transfer taxes under its federal statutory exemption or state law. *See, e.g.*, Special Warranty Deed from Fannie Mae to David R. Weber & Laura M. Weber Dated Sept. 26, 2003 (stating that Fannie Mae as Grantor is "exempt from any and all transfer taxes" pursuant to 12 U.S.C.

1723a(c)(2), MCLA 207.505(h)(i), and MCLA 207.562(h)(i)); Special Warranty Deed from Fannie Mae to Alan McClellan Dated Oct. 12, 2007 (same). By alleging that such transactions are subject to transfer taxes, Plaintiffs are directly challenging Fannie Mae's position that transfers to or from Fannie Mae are exempt. Therefore, Fannie Mae has "interest relating to the property or transaction that is the subject of the action."

Although none of the deeds attached to the Complaint name Freddie Mac, Freddie Mac shares the same legal interest in this action because any ruling that Fannie Mae or its counterparties are required to pay the transfer taxes would necessarily affect Freddie Mac, for the two Enterprises are similarly situated: Each has been granted a federal statutory exemption from "all [state and local] taxation," and both engage in real estate transactions throughout Michigan. *See Oakland County*, 2012 WL 1658789, at *3 (noting that Freddie Mac's exemption is "nearly identical" to Fannie Mae's). Any ruling regarding the scope and application of Fannie Mae's statutory exemption from "all taxation," will substantially affect Freddie Mac's rights and interests in Michigan and elsewhere. Moreover, although it is unclear at this point given the vagueness of the allegations, i Plaintiffs may attmept to impose liability on transactions involving Freddie Mac.

FHFA likewise has a legal interest in this action because it acts as Conservator of Fannie Mae and Freddie Mac. As the Eastern District of Michigan explained in *Oakland County*, FHFA has a statutory right to put Fannie Mae and Freddie Mac in a sound and solvent condition and the preserve and conserve their assets. *Oakland County*, 276 F.R.D. at 498 (citing 12 U.S.C. § 4617(b)(2)(D)). It explained further that FHFA "has a legal interest in minimizing the impact of this suit on those assets," which was sufficient to satisfy the "legal interest" requirement of Rule 24(a)(2). *Id.*

8

*Third*, the Proposed Intervenors' ability to protect this interest might be impaired absent intervention. A judgment that the existing Defendants are subject to transfer taxes in transactions involving Fannie Mae or Freddie Mac would have significant implications for the Proposed Intervenors, yet Proposed Intervenors would have had no opportunity to explain to the court how the statutory exemptions should be applied. Indeed, absent intervention, Proposed Intervenors would be completely unable to protect their interest in ensuring that the statutory exemptions are properly recognized and applied. Moreover, the fact that Plaintiffs have sought to eliminate Fannie Mae as a Defendant without eliminating the allegations against Fannie Mae, suggests that Plaintiffs may believe that their chances of success are greater if Fannie Mae (and the other Proposed Intervenors) are not able to participate in the case.

*Fourth*, the existing Defendants might not adequately represent the interest of the Proposed Intervenors. *See Oakland County*, 276 F.R.D. at 498 (noting that "the intervenor does not have to show that representation *will* be inadequate. The inadequate-representation requirement will be satisfied if the intervenor shows the representation of its interest *may* be inadequate." (emphasis in original) (citation omitted)). Because §§ 1723a(c)(2), 1452(e), and 4617(j)(2) do not apply to the existing Defendants as entities, the existing Defendants are not as well-situated as Fannie Mae and Freddie Mac to explain how these statutory exemptions apply in various circumstances.

FHFA's intervention is particularly important because it has unique statutory defenses that may provide it with "avenues to shield the assets it has been given the statutory right to manage and preserve that are closed to Fannie Mae and Freddie Mac" and to the existing Defendants. *Oakland County*, 276 F.R.D. at 499. For example, the Conservator is uniquely well-situated to present arguments about its exemption from the penalties that Plaintiffs are

9

requesting. *See* 12 U.S.C. § 4617(j)(4) (when acting as Conservator, "[t]he Agency shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay any real property, personal property, probate, or recording tax or any recording or filing fees when due."). Also, the Conservator is in the best position to present arguments about the jurisdictional bar against the injunctive relief that Plaintiffs are seeking. *See* 12 U.S.C. § 4617(f). As the Eastern District of Michigan explained in *Oakland County*, referring to the same statutory defenses, "the uniqueness of the Agency's statutory defenses indicates that Fannie Mae and Freddie Mac's defense of its assets may be inadequate to protect the Agency's statutory interest in those assets. Accordingly, this Court alternatively concludes that FHFA may intervene in this case pursuant to Rule 24(a)(2)." *Oakland Cnty.*, 276 F.R.D. at 500.

*Oakland County* and *Hertel I* both held that FHFA as Conservator has a right to intervene pursuant to Rule 24(a)(2) in actions challenging the exemptions from transfer taxes of Fannie Mae and Freddie Mac. This action plainly challenges these exemptions, albeit without naming Fannie Mae or Freddie Mac as a Defendant. Therefore, FHFA, Fannie Mae, and Freddie Mac all have a right to intervene under Rule 24(a)(2).

## III. Alternatively, Proposed Intervenors Should Be Granted Permissive Intervention Into This Action

Additionally, intervention is appropriate pursuant to Federal Rule of Civil Procedure 24(b), which permits intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Because the Complaint directly challenges Fannie Mae's federal statutory exemption from transfer taxes (and necessarily also challenges the materially-identical exemptions of Freddie Mac and the Conservator), Proposed Intervenors seek to present defenses that share common questions of law and fact with the main action. Moreover, FHFA intends to introduce defenses to this action that share a common question of

law or fact with the main action. For example, as noted above, the Conservator plans to assert that 12 U.S.C. § 4617(j)(2) exempts the Enterprises in Conservatorship from the imposition of transfer taxes, and that 12 U.S.C. § 4617(f) and (j)(4) bar Plaintiffs' claims for declaratory relief and penalties respectively. For these reasons, this Court explained that FHFA should be allowed to intervene under Rule 24(b) in *Hertel I*. Memorandum Opinion and Order, *Hertel I* (Jan. 9, 2012) (granting permissive intervention because "FHFA seeks to intervene to assert authorities and defenses provided by federal law which clearly relate to the main action and in which FHFA has a clear interest as conservator of Fannie Mae and Freddie Mac's assets.").

### IV. If Fannie Mae and Freddie Mac are Permitted to Intervene, then FHFA as Conservator Has an Unconditional Federal Statutory Right to Intervene

If this Court concludes that Fannie Mae and Freddie Mac may intervene in this matter, it follows that FHFA's motion to intervene should be granted under Federal Rule of Civil Procedure 24(a)(1) because HERA grants the Conservator an unconditional statutory right to intervene in actions in which Fannie Mae or Freddie Mac is a party. As Conservator, FHFA has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac, including their right to sue and be sued in federal court. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Accordingly, FHFA has an unconditional statutory right to intervene in this matter. *See* Fed. R. Civ. P. 24(a)(1) ("On timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute.").

In *Hertel I*, this Court recognized FHFA's statutory right to intervene under 12 U.S.C. § 4617(b)(2)(A)(i) in cases involving the Enterprises. *See* Memorandum Opinion and Order at 2, *Hertel I* ("HERA grants FHFA a statutory right to intervene . . ."); *see also* Opinion & Order Granting Federal Housing Finance Agency's Motion to Intervene at 5, *Oakland Cnty. v. Fed. Nat'l Mortg. Ass'n*, No. 2:11-cv-12666-VAR-LJM (E.D. Mich. Sept. 20, 2011) ("An

examination of HERA as a whole reveals that Congress granted FHFA an unconditional right to intervene in this case."). No court has ever denied on the merits a request by FHFA to intervene as Conservator of Fannie Mae or Freddie Mac. *See* Memorandum Opinion and Order at 2 n.2, *Hertel I* ("Tellingly, Plaintiff could provide no counterexample to FHFA's claim that no court has ever denied on the merits a request by FHFA to intervene as conservator of Fannie Mae and Freddie Mac.").

## CONCLUSION

For the foregoing reasons, the Motion to Intervene of Fannie Mae, Freddie Mac, and FHFA should be granted.

DATED: Nov. 5, 2012

By: ____/s/ Ann Marie Uetz_____
FOLEY & LARDNER LLP
ANN MARIE UETZ (P48922)
*Attorneys for Federal National Mortgage Association, Proposed Intervenor*
500 Woodward Avenue, Ste. 2700
Detroit, MI 48226-3489
Phone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

By: ____/s/ Howard N. Cayne_____
ARNOLD & PORTER LLP
Asim Varma (D.C. Bar No. 426364)
Howard N. Cayne (D.C. Bar No. 331306)
Michael A.F. Johnson (D.C. Bar No. 460879)
*Attorneys for Federal Housing Finance Agency as Conservator of Fannie Mae, and Proposed Intervenor*
555 Twelfth Street, NW
Washington, DC 20004-1206
Phone: 202.942.5000
Facsimile: 202.942.5999

By: ____/s/ Michael J. Ciatti_____
KING & SPALDING LLP
Michael J. Ciatti
(Va. Bar No. 40607)
*Attorney for Federal Home Loan Mortgage Corporation, Proposed Intervenor*
1700 Pennsylvania Ave. NW
Washington DC 20006
Phone: (202) 661 7828
Facsimile: (202) 626 3737
mciatti@kslaw.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2012 I electronically filed the foregoing *Motion to Intervene of the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, and the Federal Housing Finance Agency* with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

Dated: November 5, 2012

Respectfully submitted,

By: ____/s/ Ann Marie Uetz_____
FOLEY & LARDNER LLP
ANN MARIE UETZ (P48922)
*Attorneys for Federal National Mortgage Association, Proposed Intervenor*
500 Woodward Avenue, Ste. 2700
Detroit, MI  48226-3489
Phone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

58564297v6