# EXHIBIT C

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENESEE COUNTY, a municipal
corporation, and DEBORAH CHERRY,
in her capacity as Genesee County Treasurer,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.

Case No.:
Hon.

FEDERAL HOUSING FINANCE AGENCY,
AS CONSERVATOR FOR FEDERAL
NATIONAL MORTGAGE ASSOCIATION
AND FEDERAL HOME LOAN MORTGAGE
CORPORATION; FEDERAL NATIONAL
MORTGAGE ASSOCIATION, a federally
Chartered corporation; and FEDERAL HOME
LOAN MORTGAGE CORPORATION,
a federally chartered corporation,

CLASS ACTION COMPLAINT

    Defendants.

---

WILLIAM H. HORTON (P31567)
Attorney for Plaintiffs
GIARMARCO, MULLINS & HORTON, P.C.
101 West Big Beaver Road, Tenth Floor
Troy, Michigan 48084-5280
(248) 457-7000
bhorton@gmhlaw.com

KENNETH J. ROBINSON (P19525)
Co-Counsel for Plaintiffs
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
(313) 530-1122
ken@kjrobinson.com

PETER E. GOODSTEIN (P14180)
Co-Counsel for Plaintiffs
452 S. Saginaw St., Suite 302
Flint, Michigan 48502
(810) 232-0553
petergoodstein@hotmail.com

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs and complain of Defendants as follows:

1. Plaintiff Genesee County is a Michigan municipal corporation. Plaintiff Deborah Cherry is the Treasurer of Genesee County. Defendant Federal National Mortgage Association ("Fannie Mae") is a federally chartered corporation with its principal place of business in Washington D.C. Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a federally chartered corporation with its principal place of business in McLean, Virginia. Defendant Federal Housing Finance Agency ("FHFA") is an agency of the United States with its principal place of business in Washington D.C. The parties are citizens of different states and the amount in controversy exceeds $75,000. As a result, this Court has jurisdiction pursuant to 28 USC §1332.

2. In addition, this case requires the interpretation of federal law in order to adjudicate Plaintiffs' state law claims. As a result, this Court has jurisdiction pursuant to 28 USC §1331.

3. Plaintiffs are located in this judicial district, Defendants do business in this judicial district and Plaintiffs' claim arises out of Defendants' activities in this district. As a result, venue is proper in this district.

## CLASS ACTION ALLEGATIONS

4. Plaintiffs bring this action on their own behalf and, pursuant to FRCP 23, on behalf of a class of persons defined as any Michigan county which has recorded a deed or other conveyance from Defendants Fannie Mae or Freddie Mac where those Defendants have claimed they are exempt from the Michigan Transfer Tax.

5. The members of the class are so numerous that joinder of all members is impracticable. The total number of class members is believed to include all Michigan counties. There are 83 counties in Michigan.

6. The question of law and fact common to the class is whether Defendants Fannie Mae and Freddie Mac qualify for the exemptions they claim from the Michigan Transfer Tax.

7. The claim of Plaintiffs and the absent class members have a common origin and share a common basis. Their claim originates from the same practice by Defendants Fannie Mae and Freddie Mac and Defendants act in the same way toward Plaintiffs and the members of the class. Consequently, the named Plaintiffs and each class member has been the victim of Defendants' actions.

8. Plaintiffs' claim is typical of the claim of absent class members. If brought individually, the claim of each class member would necessarily require proof of the same material and substantive facts, and seek the same remedies.

9. The Plaintiffs are willing and prepared to serve the Court and the proposed class in a representative capacity. The Plaintiffs will fairly and adequately protect the interest of the class and has no interest adverse to, or which directly and irrevocably conflicts with, the

interests of other members of the class.

10. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual claims by the class members are impractical as the costs of prosecution may exceed what any class member has at stake. To the extent there is a separate action already filed by a class member, members may opt out of this class action and pursue their separate claims, as may any class member who so chooses to opt out after receiving notice.

## PLAINTIFFS' CLAIM

11. Pursuant to Michigan statute, the grantor in a real estate transaction is to pay to the County Treasurer a real estate transfer tax for the privilege of recording various documents with the County Register of Deeds (the "Transfer Tax").

12. Defendants Fannie Mae and Freddie Mac have been the grantors in many real estate transactions in Michigan which they have recorded with the Register of Deeds and have not paid the Transfer Tax.

13. Defendants Fannie Mae and Freddie Mac have not paid the Transfer Tax because they have claimed on the face of the documents they have recorded that the transaction is exempt from the Transfer Tax. They sometimes claim the transaction is exempt because they are government entities and, under Michigan statute, government entities are exempt. Other times they claim they are exempt pursuant to federal statute. An example of a deed given by Defendant Fannie Mae is attached as Exhibit A. An example of a deed given by Defendant Freddie Mac is attached as Exhibit B.

4

14. Neither claimed exemption applies. Defendants Fannie Mae and Freddie Mac are federally chartered private corporations and not government entities. Defendants' federal law exemption from certain taxes does not include the Transfer Tax.

15. Defendants Fannie Mae and Freddie Mac have failed the pay the Transfer Tax as required by law. As a proximate result, Plaintiffs have been damaged. Among other things, Plaintiffs' are entitled to the Transfer Tax that should have been paid and statutory interest for failure to pay the Transfer Tax pursuant to Michigan statute and law.

16. The claim by Defendants Fannie Mae and Freddie Mac that they are exempt from the Transfer Tax was either negligent, intentional or intended to defraud and Plaintiffs are entitled to the penalties prescribed by Michigan statute and law.

17. Defendant FHFA is the Conservator of Defendants Fannie Mae and Freddie Mac. To the extent that Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac, Plaintiffs seek judgment against Defendant FHFA.

WHEREFORE, Plaintiffs pray that this Honorable Court do the following:

A. Declare that Defendants are subject to the Transfer Tax;

B. Award Plaintiffs damages in an amount to be determined by the trier of fact;

C. Award Plaintiffs statutory interest and penalties;

D. Award Plaintiffs their costs, prejudgment interest and attorney fees; and

E. Grant such other relief as is just and proper.

GIARMARCO, MULLINS & HORTON, P.C.

By: /s/ William H. Horton
WILLIAM H. HORTON (P31567)
Attorney for Plaintiffs
101 West Big Beaver Road, Tenth Floor
Troy, Michigan 48084-5280
(248) 457-7000
bhorton@gmhlaw.com

Date: November 10, 2011

6