UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTELL, the Register of Deeds
and Representative of INGHAM COUNTY;
and NANCY HUTCHINS, the Register of Deeds
and Representative of BRANCH COUNTY,
both as Class Representatives of all 83 counties
in the State of Michigan,

        Plaintiffs,        Case No. 1:12-cv-00174

v.        HON.  ROBERT HOLMES BELL

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCROPR, INC., JEANNE KIVI,
ELLEN COON, MARSHALL ISAACS, BANK OF AMERICA, N.C.
JP MORGAN CHASE & CO., CHASE HOME MORTGAGE
CORPORATION f/K/a/CHASE HOME FINANCE, WELLS
FARGO BANK, N.A., CITIMORTGAGE, INC., ETITLE AGENCY,
LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION,
And JOHN DOE as any Other authorized signer for MERS
or MERSCROP, INC., and Defendants JOHN DOE Corporations I-MMM,

        Defendants.

---

## DEFENDANT MARSHALL ISAACS' MOTION FOR RULE 11 SANCTIONS

    NOW COMES the Defendant MARSHALL ISAACS, by and through his attorneys, PADILLA LAW GROUP, and moves this court for sanctions pursuant to FRCP Rule 11 based upon the following grounds:

    1.    Plaintiffs filed a complaint in this matter in the Ingham County Circuit Court which was subsequently removed to Federal District Court.

    2.    Ruling on a Motion to Remand, this District Court issued an Opinion where it found that this Defendant, MARSHALL ISAACS, was fraudulently joined in order to defeat diversity.

3. Pursuant to FRCP Rule 11, an attorney is required to sign a pleading, and in doing so asserts that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the following:

   a. The pleading is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

   b. The claims or other legal contentions are warranted by existing law or by a non-frivolous argument.

   c. The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support.

4. Pursuant to the Opinion of the Court, this complaint did not have support in the law as required by FRCP Rule 11.

5. Under FRCP Rule 11(c), various sanctions are provided for.

6. That FRCP Rule 11(c)(2) states that:

   "If warranted, the Court may award to the prevailing party the reasonable expenses including attorney fees, incurred for the motion."

7. Plaintiffs' attorneys Maxwell and Marsh are members of the Home Defense League, PLC, a group either in its name or where its individual members (Maxwell, Marsh and Brian Parker), have filed a total of 6 suits (including the instant case) where Defendant Isaacs or his firm (Orlans Associates, P.C.) have been named as defendants.  Each of these cases were dismissed. (**EXHIBIT A** and **B)**

8. In addition, Plaintiffs' counsel's consultant has been active on the internet blogging regarding this Defendant accusing him of violation of statutory and criminal offenses and revealing personal information.  (**EXHIBIT C, D, E)**

9. The instant lawsuit is an extension of the Plaintiff attorneys' harassment which is barred and sanctionable under Rule 11.

10. Mr. Isaacs has incurred in excess of $20,000.00 in legal costs defending this action.

WHEREFORE, Defendant MARSHALL ISAACS, prays that this Court award costs and attorney fees so wrongfully sustained for having to defend this action.

*Respectfully submitted,*
*PADILLA LAW GROUP*
/s/ Gerald V. Padilla
GERALD V. PADILLA P24921
Attorney for Marshall Isaacs
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300

Dated: November 13, 2012