UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTELL, the Register of Deeds
and Representative of INGHAM COUNTY;
and NANCY HUTCHINS, the Register of Deeds
and Representative of BRANCH COUNTY,
both as Class Representatives of all 83 counties
in the State of Michigan,

       Plaintiffs,    Case No. 1:12-cv-00174
v.              HON.   ROBERT   HOLMES
BELL

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCROPR, INC., JEANNE KIVI,
ELLEN COON, MARSHALL ISAACS, BANK OF AMERICA, N.C.
JP MORGAN CHASE & CO., CHASE HOME MORTGAGE
CORPORATION f/K/a/CHASE HOME FINANCE, WELLS
FARGO BANK, N.A., CITIMORTGAGE, INC., ETITLE AGENCY,
LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION,
And JOHN DOE as any Other authorized signer for MERS
or MERSCROP, INC., and Defendants JOHN DOE Corporations I-MMM,

       Defendants.

## BRIEF IN SUPPORT OF MOTION FOR RULE 11 SANCTIONS

Plaintiffs' counsel have conducted a pattern, practice and procedure of continued harassment against Marshall Isaacs and the Orlans Associates, PC law firm in violation of F.R.C.P. 11. Plaintiffs' counsel and their consultants have demonstrated a clear and present vendetta of harassment. This will be shown below.

On October 4, 2012, this Court entered an Opinion regarding fraudulent joinder as it relates to Marshall Isaacs and other Non-Diverse Defendants in the context of the removal statute 28 U.S.C.A. 1332 based on diversity.

1

The Court in its 22 page opinion discussed five issues as they pertained to the Non-Diverse Defendants in the suit. They are:

    i.   (Failure to Pay Transfer Tax, page 10)
    ii.   (Preparing Nonconforming Transfer Documents)
    iii.   (Statutory Conversion)
    iv.   (Conversion Through an Instrument)
    v.   (Declaratory Relief)

On each of these, the Court ruled that Plaintiffs did not have support for the same in either federal law or Michigan statute.

It ruled that:

> "… the Banks had standing to remove the action and that the Court has original jurisdiction pursuant to §1332 and the doctrine of fraudulent joinder."

See Opinion page 22.

Subsequent to the above Opinion, the Court dismissed Marshall Isaacs on October 23, 2012.

Mr. Isaacs, as noted by the court, only represented a client in the underlying transactions. Duties were owed to that client not to the Plaintiffs. With respect to the allowing of lawsuits against attorneys who represent clients, Michigan law is well settled. Such actions as we see brought by Plaintiffs' counsel here are frowned upon.

> "The duties owed to a client by an attorney are not the 'functional equivalent of a duty of care owed to a client's adversary.' *Friedman v Dozorc, 412 Mich 1; 312 NW2d 585, 591 (Mich 1981).* Furthermore, courts have been reluctant to allow actions by third parties against attorneys, who were engaged in the representation of their clients, because of "the potential for conflicts of interest that could seriously undermine counsel's duty of loyalty to the client*."*
>
> *Beaty v Hertzberg & Golden, P.C., 456 Mich 247; 571 NW2d 716, 720 (Mich, 1997) (citing Freidman, 312 NW2d at 585).*

2

This case is a continuation of a long saga of baseless lawsuits, blogs, State Bar Grievances, unfounded criminal accusations, and postings on the internet of Mr. Isaacs and members of his firm's personal information by agents of Plaintiffs' counsel.  Including this matter, there were 12 lawsuits filed **(EXHIBIT A** and **B)**, all of which have been dismissed as to Mr. Isaacs including the present case.  Plaintiffs' counsel also works with another attorney by the name of Brian Parker.  They practice under the name of "Home Defense League, PLC."

Plaintiffs' counsel and retained consultant have been authors and contributors to blogs attacking this Defendant, accusing him of civil and criminal infractions.  **EXHIBIT C** is a grievance filed against Mr. Isaacs.  The Grievance was dismissed requiring no response.  **(EXHIBIT D)** It accused Mr. Isaacs of ethical transgressions.

As can be seen by **EXHIBIT C,** the author identifies himself as being retained in the *Lucas* matter.  He is a blogger who writes under various pseudonyms including "MFI-Miami Mortgage Fraud Investigation" whose website is found at *http://www.mfi-miami.com.*  This website has continually attacked this Defendant and has even published Mr. Isaacs' and Ms. Orlans' personal information, home addresses, and maps to their houses.  **EXHIBIT E**

What is more, the allegation of false signatures has already been dealt with in the Macomb County Circuit Court where the Honorable James Biernat, Jr noted:

> "While the signatures are not identical to their previous signatures, this court is convinced that those inconsistencies alone are insufficient to create a genuine issue as to whether Plaintiff has met her burden.  Accordingly, Plaintiff's contention is without merit."

**EXHIBIE F,** page 6

F.R.C.P. 11 provides for sanctions in circumstances where pleadings are presented for improper purposes. F.R.C.P. 11 (b)(1).

> "... the central purpose of Rule 11 is to deter baseless filings in District Court and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts."
>
> *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)

In *Cooter & Gell, supra, t*he Supreme Court went on to allow an award of sanctions under this rule even after the case had been voluntarily dismissed.

> "Rule 11 is 'aimed at curbing abuses of the judicial system.' *Cooter & Gell* v. *Hartmarx Corp.*, 496 U.S. 384, 397, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990). To this end, it sets up a means by which litigants certify to the court, by signature, that any papers filed are well founded."
>
> *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533 (1991)

Mr. Isaacs has incurred in excess of $20,000.00 in legal fees which he requests the Court review in camera because the same will end up on the Plaintiffs' counsel's blogs within minutes of their filing.

*Respectfully submitted,*
*PADILLA LAW GROUP*
/s/ Gerald V. Padilla
GERALD V. PADILLA P24921
Attorney for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300

Dated: November 13, 2012

4