UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, et al.,

        Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
et al.,

        Defendants.
                                        /

File No. 1:12-CV-174

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Defendants Attorneys Title Agency, LLC, Ellen Coon, and Jeanne Kivi's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 52.)  Also before the Court is Defendant eTitle Agency, Inc.'s motion for joinder in that motion to dismiss. (Dkt. No. 54.)  Plaintiffs have not filed any responses to these motions, and the time for doing so has passed.  For the reasons that follow, these motions will be granted.

      Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense.  "[T]o survive a motion to dismiss [under 12(b)(6)], the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).  In reviewing such a motion, the Court must "accept all

of plaintiff's factual allegations as true." *G.M. Eng'rs and Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). As a general rule, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent*, 583 F.3d at 903.

According to the Supreme Court, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 545 (2007) (internal quotations omitted). While detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In an opinion dated October 4, 2012, this Court held that the non-diverse defendants – Marshall Isaacs, Jeanne Kivi, Ellen Coon, eTitle Agency, Inc., 1st Choice Title Services, Inc., and Attorneys Title Agency LLC – were fraudulently joined. (Dkt. No. 49.) "When deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). *See also Walker v. Philip*

*Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011).

In deciding the issue of fraudulent joinder, this Court found that no colorable basis existed for Plaintiffs' claims against the non-diverse defendants. In doing so, it necessarily determined that it was "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . ." *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). Because the Court reached this conclusion after application of a test more lenient to Plaintiffs' position than the 12(b)(6) analysis, the Court finds that Plaintiffs have failed to state a claim to relief plausible on its face in regard to the non-diverse defendants. Thus, the motion to dismiss will be granted, and Attorneys Title Agency, LLC, Ellen Coon, Jeanne Kivi, and eTitle Agency, Inc. will be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss (Dkt. No. 52) and motion for joinder (Dkt. No. 54) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Attorneys Title Agency, LLC, Ellen Coon, Jeanne Kivi, and eTitle Agency, Inc. are **DISMISSED**.

Dated: November 14, 2012             /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE