UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, et al.,

       Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
et al.,

       Defendants.
_____/

File No. 1:12-CV-174

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

In an opinion dated October 4, 2012, this Court held that the non-diverse defendants – Marshall Isaacs, Jeanne Kivi, Ellen Coon, eTitle Agency, Inc., 1st Choice Title Services, Inc., and Attorneys Title Agency LLC – were fraudulently joined. (Dkt. No. 49.) Citing that opinion, Attorneys Title Agency, Coon, and Kivi filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which eTitle Agency joined. (Dkt. Nos. 52, 54.) Plaintiffs did not file a response to either motion, and on November 14, 2012, the Court dismissed these defendants because, in the October 4 opinion, the Court had decided that they were fraudulently joined "after application of a test more lenient to Plaintiffs' position than the 12(b)(6) analysis." (Dkt. No. 67.) On October 23, 2012, the Court also dismissed Isaacs. (Dkt. No. 60.)

On November 8, 2012, this Court issued an order to show cause why the remaining fraudulently-joined defendant, 1st Choice Title Services, should not be dismissed for failure to properly serve. (Dkt. No. 65.) Plaintiffs' response demonstrates that 1st Choice was properly served pursuant to Michigan law prior to the removal of the case. (Dkt. No. 68.) In this response, Plaintiffs indicate that because 1st Choice has failed to appear before this Court, plead, or otherwise defend in the time allowed, Plaintiffs will be requesting default against 1st Choice. For the reasons that follow, the Court will sua sponte dismiss 1st Choice.

While the Court did not dismiss the non-diverse defendants in its opinion deciding the issue of fraudulent joinder, that opinion mandates such dismissal, and the Court will not require a motion by 1st Choice as a prerequisite to dismissal. Following that opinion, Isaacs filed a proposed order dismissing him for the reasons stated in that opinion, and Plaintiffs filed no objections. (Dkt. No. 51.) Subsequently, the Court dismissed Isaacs by citing the fraudulent joinder opinion. While the remaining fraudulently-joined defendants filed a motion for dismissal citing 12(b)(6), this motion relied on the determinations already made in this Court's October 4 fraudulent joinder opinion, and the Court granted the motion based on that opinion which held that no colorable claim existed against the fraudulently-joined defendants.

Although 1st Choice has failed to appear, or to request dismissal, the Court has already determined that no claim exists against it. Accordingly,

**IT IS HEREBY ORDERED** that Defendant 1st Choice Title Services is **DISMISSED**.

Dated: November 20, 2012   /s/ Robert Holmes Bell  
ROBERT HOLMES BELL  
UNITED STATES DISTRICT JUDGE

2