UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS HERTEL**, the Register of Deeds and
Representative of **INGHAM COUNTY**; and
**NANCY HUTCHINS**, the Register of Deeds
and Representative of **BRANCH COUNTY**,
both as Class Representatives of all 83
counties in the State of Michigan.
      Plaintiffs,

v.

**MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCORP, INC., BANK OF
AMERICA N.A., JP MORGAN CHASE & CO,
CHASE HOME MORTGAGE CORPORATION f/k/a
CHASE HOME FINANCE, WELLS FARGO BANK, N.A.,
CITIMORTGAGE INC.,** and **JOHN DOE** as any other
authorized signers for **MERS** or **MERSCORP, INC.,** and
Defendants **JOHN DOE** Corporations I - MMM,
      Defendants.

Case No. 1:12-CV-174
HON. ROBERT HOLMES BELL

_____/
William E. Maxwell, Jr. P35846
Wm. Maxwell & Associates
e-Mail: wmaxwell@aol.com

Daniel P. Marsh P45304
Daniel P. Marsh PLLC
101 W Big Beaver Rd Ste 1400
Troy, MI 48084
Phone: (248) 687-1600
Fax: (248) 687-1001
e-Mail: dan@danielpmarsh.com

_____/

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE OF THE FEDERAL
NATIONAL MORTGAGE ASSOCIATION, THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,  AND THE FEDERAL HOUSING FINANCE AGENCY**

  Plaintiffs oppose the MOTION TO INTERVENE filed by the Federal National Mortgage

Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac")

and the Federal Housing Finance Agency ("FHFA") (collectively with Fannie Mae and Freddie

Mac, the "Applicants"). Since the recent ruling of the court in CURTIS HERTEL v BANK OF AMERICA N.A., et al.,case no. 1:11-cv-00757-RHB, (Hertel I) on Plaintiffs' Motion to Remand, Docket #49 ("Opinion"), the claims in this lawsuit are simple and straightforward.

The Applicants claim the allegations implicate Applicants federal statutory exemptions from "all [state and local] taxation" pursuant to "12 U.S.C. §§ 1723a(c)(2) (Fannie Mae), 1452(e) (Freddie Mac), and 4617(j)(2) (FHFA), the exemption of the conservatorships from penalties pursuant to 12 U.S.C. § 4617(j)(4), and the jurisdictional bar against injunctive and declaratory relief pursuant to 12 U.S.C. § 4617(f)." The Applicants also claim they need to "protect their legitimate interest in ensuring that the statutory exemptions are appropriately asserted and applied. Proposed Intervenors do not anticipate any involvement in this action other than asserting and briefing the application of the statutory exemptions." (Dkt. No. 63, page 1) The exemptions contained in the Michigan statutes do not recognize or otherwise apply specially to Applicants.

The Applicants for intervention have been determined by this Court not to be Defendants in this matter and therefore have no standing as Defendants or any other party status in the action. (Dkt. No. 49). Since Applicants have no defendant status in the litigation they could never be directly affected by any claims for transfer taxes due against the bank Defendants who were listed as grantors in deeds drafted and filed in Michigan counties. Any claims Plaintiffs may have against the applicants have been brought in other cases filed in the Eastern District of Michigan and are not present in this case. Applicants are intervenors in those cases and as such have all the protection necessary to their interests. Moreover, this court has previously ruled that the Applicants are immune from paying transfer taxes in the State of Michigan in the Hertel1 case, 1:11-cv-00757-RHB, Dkt #103 filed 09/18/12 where this Court held "Fannie Mae, Freddie

Mac, and the FHFA are exempt from all state taxation" *Id* at page 6.  Applicants/Proposed Intervenors could not have any better protection of their legitimate interest ensuring that the statutory exemptions are appropriately asserted and applied than the past ruling of this court granting them immunity.

**I. The Legal Standard for Intervention.**

Applicants seek to intervene both as of right and permissively, invoking Fed. R. Civ. P. 24(a & b). Regarding intervention of right, Rule 24(a) establishes four elements, each of which must be satisfied before intervention as of right will be granted: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997); *see Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999) (same). "Failure to meet [any] one of the [four] criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989). See also *Coalition to Defend Affirmative Action v. Granholm,* 501 F.3d 775, 779 (6th Cir. 2007).

It is the proposed intervenor's burden to "prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs* at 345. Among other things, the proposed intervenors must prove that they have "a substantial interest in the subject matter of this litigation." *Coalition to Defend Affirmative Action,* 501 F.3d at 780. Determining whether or not a proposed intervenor has established such an interest is a very "fact-specific" inquiry and not just "any articulated interest will do." *Id*.

The 6th Circuit Court of Appeals review's a district court's decision regarding timeliness (the first element) for abuse of discretion; the remaining three elements are reviewed de novo.

*Grutter*, 188 F.3d at 398. Permissive intervention is allowed, "so long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." *Miller*, 103 F.3d at 1240. The 6th Circuit Court of Appeals has recognized review of permissive intervention is for abuse of discretion, while review of intervention as of right (except as to the timeliness element) is de novo, the Court may conclude that a denial of intervention as of right is error, but a denial of permissive intervention is not. *Grutter*, 188 F.3d at 401.

Denial of motions to intervene permissively and as of right have been affirmed for various reasons. *E.g.*, *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000) (affirming denial of a motion to intervene as of right, because the motion was untimely and the proposed intervenor's interests were adequately represented); *Bradley v. Milliken*, 828 F.2d 1186, 1194 (6th Cir. 1987) (affirming denial of motions to intervene permissively and as of right, in part because "the district court has already taken steps to protect the proposed intervenors' interests by inviting [their counsel] to appear as amicus curiae in the case"). The proposed intervenors have not and cannot meet their burden here.

## II. Summary

Applicants have no significantly protectable interest because according to this court, Applicants have already been found exempt from the real property transfer tax regardless if they are a grantor. Moreover, even if applicants purported interests in the merits of this litigation could be construed as "significant" and "protectable," they have not overcome the presumption they have an interest that needs to be adequately represented because, among other reasons, Applicants' are not grantors subject to the tax liability according to this Court's rulings.

Accordingly, Applicants have no right to intervene in this case under Federal Rule of Civil Procedure 24(a).

Applicants argue that plaintiffs' claim implicates "significant protectable interests" for purposes for Rule 24(a)(2) because this court's decision would directly affect the tax liability of the Applicants. However, no analysis is provided, only conclusionary statements that they have an interest because the Applicants are identified on exhibits. Because of this Court's ruling that Applicants are exempt and/or immune from paying the requested taxes, the identification as to the Applicants cannot implicate their liability.

The analysis of the Applicants interest in the subject matter of this litigation is somewhat constrained by their failure to comply with the rule governing motions to intervene. Pursuant to FED. R. CIV. P. 24, a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). The pending Motion to Intervene was not accompanied by any such pleading. Even though this is a significant procedural defect, this Court should conclude that the Applicants have not met their burden of establishing that they have a substantial interest in the subject matter of this litigation.

### III. Applicants Cannot Overcome the Presumption of Adequate Representation.

Even if applicants' purported interests in the liability of plaintiffs claims could be construed as "significant" and "protectable," they still have not made the requisite showing that such interests will be inadequately represented by the bank defendants (intervention as of right inappropriate where "interests of a present party is such that it will undoubtedly make all of the intervenors arguments."); CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1909 (2d ed. 1986).  Applicants for intervention have the burden of establishing that existing parties do not adequately represent

their interests by a party to the suit. *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983). Applicants for intervention must overcome the presumption of adequate representation that arises when they share the same ultimate objective as a party to the suit. *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987).

Here, Applicants' and bank defendants' ultimate objectives in the tax liability phase of this case are identical. All seek to avoid tax liability using tax exemptions that may or may not be reserved for or applicable to them. Indeed, this is the only objective a defendant bank in this suit could possibly have. This defense must be made by referring to the record underlying defendants' actions, and applicants make no showing the defendant banks are not fully willing and able to do so. Applicants give no reason to believe the bank defendants will not work hard to defend their personal decision to take a tax exemption. Even though an Answer to the complaint has not been filed, it is hard to imagine that the Applicants' proposed answer will be other than virtually identical to the bank defendants' answer. The Applicants have not overcome the presumption of adequate representation. Most importantly, this Court has determined the Applicants are exempt from the transfer tax. There is therefore no interest for the Applicants to protect.

Applicants do not suggest they plan to introduce any arguments that the bank defendants will not advance; and it is difficult to imagine what such arguments might be where the bank defendants defense options are limited by the Michigan statute. Again, none of the Applicants actually "shares" the defendant banks defenses, since none of the Applicants are liable as previously determined by this Court. What applicants try to avoid acknowledging is that, beyond agreeing with the banks defendants, applicants have nothing of legal consequence to offer in the case at this stage, as this court has already ruled fully in the Applicants favor.

A determination on the liability of the defendant banks's liability is not a matter of equity and on that, Applicants may not be heard. Applicants cannot credibly argue the defendant bank's have a distinctly different, let alone conflicting, objectives, and do not seriously maintain otherwise. They instead offer only *pro forma* speculation that, since their particular interests are not identical in all respects to those of the defendant bank's, the defendant bank's cannot be relied upon to protect them, without ever describing any specific reason to suggest that defendant bank's cannot, or will not, do so. This rhetoric cannot support intervention. Applicants do not describe any argument they would make that the defendant bank's will not because no such arguments exist on the liability of this case.

In this case, there is no reason to believe the defendant banks will not vigorously defend their decisions to inappropriately take tax exemptions to which they are not entitled, thereby avoiding payment of the State of Michigan real property transfer taxes. Applicants are therefore not entitled to intervene as of right.

**IV. Applicants Should Not Be Permitted to Intervene by Permission.**

Additionally, Applicants seek intervention pursuant to Federal Rule of Civil Procedure 24(b), which permits intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." While it is within the discretion of the Court to grant applicants intervenor-defendant status, the Court should not grant permissive intervention because the liability involves simple matters of whether or not defendant banks are allowed to take tax exemptions not reserved for them. During this phase, applicants' interests are identical to the bank defendants; thus, applicants are adequately represented. Furthermore, permitting intervention during the determination of liability would merely cause undue burden and delay. Finally, the liability in this case is determined with a simple record review, thus applicants'

purported expertise is irrelevant to determining whether defendants' legal determinations were within the law. Courts routinely deny permissive intervention in such circumstances.

To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. *Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1248* (6th Cir. 1997). Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed. Id. "The denial of permissive intervention should be reversed only for clear abuse of discretion by the trial judge." *Purnell v. City of Akron*, 925 F.2d 941, 951 (6th Cir. 1991).

The Applicants intervention would prejudice the Plaintiffs and other parties because they would need prolonged discovery and argument on the regulatory issues that the banks have no right to claim as an exemption from transfer taxes. The Applicants seek to inject regulatory issues into the current phase of the proceedings that will prejudice the original parties and create nugatory arguments that will not effect the outcome of the ruling in this litigation. Accordingly, this Court should deny the proposed intervenors' motion for permissive intervention.

### A. Applicants Are Adequately Represented by the Defendant Banks.

As discussed above, applicants' interests concerning the liability of this case are adequately represented by the bank defendants. At issue are administrative law questions based solely on the administrative record. Applicants raise no new claims or defenses and their interests on the liability are identical to that of the defendants. It is well established that an adequately represented third party should not be allowed to intervene permissively. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). This burden is minimal because Applicants need only show that there is a potential for inadequate representation. *Id.* There is, however, a

presumption of adequate representation that arises when an existing party and the third party seeking to intervene share the same ultimate objective. *Id.* at 443-44. Because applicants interests are fully represented by the defendants in the liability phase of this case, applicants should be denied intervention.

### B. Applicants' Intervention Would Cause Undue Delay and Prejudice.

Permitting applicants to intervene in the determination of liability in this case would cause undue delay and prejudice. "*In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.* Fed. R. Civ. P. 24(b) (emphasis added). A court may not grant permissive intervention before considering the potential for delay and prejudice and the interests of judicial economy. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). "The denial of permissive intervention should be reversed only for clear abuse of discretion by the trial judge." *Purnell v. City of Akron*, 925 F.2d 941, 951 (6th Cir. 1991).

### C. Applicants' Involvement in other Cases Where they are a Named Defendant Is Irrelevant To the Liability of this Action.

Applicants' involvement in other cases where they are named as a defendant is irrelevant in the liability of this case, because the issues in this case are limited to the grantors, of which Applicants are not grantors. The Applicants, however, assures the Court it possesses some unique and critical expertise without which the Court cannot hope to decide this case properly. This Court should reject such assurances as a basis for intervention because there is adequate representation, and noting applicants' failure to establish the bank defendant itself lacked adequate expertise, or could not acquire it.

The nature of the claims in the liability phase of this case makes applicants' purported expertise irrelevant. As noted, all of plaintiffs' claims must be decided on the basis of whether

defendants meet the Michigan transfer tax exemption(s) claimed by them as grantors. Any decisions or exemptions claimed by Applicants as grantors in the State of Michigan has already been ruled on by this court in Applicants favor. Neither the bank defendants' views, nor that of any or all applicants, is relevant to whether defendant bank's decisions pass legal muster. If the defendant bank's lacked the statutory credentials necessary to take the tax exemption, no amount of present information can salvage the defendants banks' decision to take a tax exemption they are not entitled to use.

### D. Applicants' Case Law Does Not Support Permissive Intervention.

There is no common issue of law or fact exists as to the determination of liability in this litigation because the only issue is whether the bank defendants are grantors that have complied with Michigan real property tax exemption law. By written order, this court has specifically ruled that only grantors can be held liable for Michigan Real Estate transfer taxes. For all purposes in this litigation, whether Applicants are grantors or not is irrelevant since they have been granted immunity by the court for any responsibility to pay transfer taxes.

Even if the Applicants defenses and the main action have questions of law and fact in common, intervention in the liability phase of this would assist the court in its orderly procedures leading to the resolution of this case. The Applicants do not raise any unique defenses; in fact, the defenses are virtually identical to those raised by the bank defendants. Further, since the main question for the Court in the liability phase of this case will be whether defendant banks are grantors and complied with Michigan real property tax exemption tax statues, a question to which the Applicants would have little to contribute since they were not the decision-makers on whether the banks were to take the tax exemption.

**CONCLUSION**

The private parties who have moved to intervene in this litigation do not have a significantly protectable interest in the bank defendants compliance with Michigan real property tax exemption statutes. Also, Applicants economic interests are adequately protected by the bank defendants, and their participation would be unduly burdensome and prejudicial to plaintiffs. Accordingly, this Court should deny Applicants' motion to intervene in this litigation as a defendant.

                Respectfully submitted,

                By: /s/ William E. Maxwell, Jr. P35846
                     William E. Maxwell, Jr. P35846
                     Wm. Maxwell & Associates
                     PO Box 701968
                     Plymouth, Michigan 48170
                     Direct line (734) 323-9760
                     e-Mail: wmaxwell@aol.com

Dated: November 21, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2012, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION, THE FEDERAL HOME LOAN MORTGAGE CORPORATION, AND THE FEDERAL HOUSING FINANCE AGENCY** with the Clerk of the Court using the ECF system that will send notification of such filing to all attorneys of record.

                By: /s/ William E. Maxwell, Jr. P35846
                     Attorney for Plaintiffs