UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS HERTEL**, the Register of Deeds and
Representative of **INGHAM COUNTY**; and
**NANCY HUTCHINS**, the Register of Deeds
and Representative of **BRANCH COUNTY**,
both as Class Representatives of all 83
counties in the State of Michigan.
                          Plaintiffs,

**v.**

**MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCORP, INC., BANK OF
AMERICA N.A., JP MORGAN CHASE & CO,
CHASE HOME MORTGAGE CORPORATION f/k/a
CHASE HOME FINANCE, WELLS FARGO BANK, N.A.,
CITIMORTGAGE INC.,** and **JOHN DOE** as any other
authorized signers for **MERS** or **MERSCORP, INC.,** and
Defendants **JOHN DOE** Corporations I - MMM,
                          Defendants.
_____/

Case No. 1:12-CV-174
HON. ROBERT HOLMES BELL

**RESPONSE BRIEF TO DEFENDANT MARSHALL ISAACS
MOTION FOR RULE 11 SANCTIONS [66]**

Plaintiffs oppose Defendant Marshall Isaacs (hereinafter "ISAACS"), Motion For Rule 11 Sanctions as it is frivolous and subjects Defendant to the same Rule 11 Sanctions he requests. Defendant ISAACS claims Rule 11 Sanctions based on this Court's Order and opinion denying Plaintiff's motion for remand [49,50] where this Court said that diversity jurisdiction lies because the non-diverse defendant, ISAACS, is not subject to liability and therefore not a proper defendant.

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**
(a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states other- wise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after

being called to the attorney's or party's attention.
(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

In support of his claim for Rule 11 sanctions, ISAACS misquotes Rule 11 leaving out major areas of the rule applicable to this case. Both the court and Plaintiffs' agree that other than the statutory requirements and duties outlined in the complaint as to persons "making, executing, issuing and delivering" property transfer documentation to the county Register of Deeds, there is no case law or other Michigan authority interpreting the duties called out under the transfer tax statutory scheme. Plaintiffs' clearly have the right and ability to make arguments for " . . . extending, modifying, or reversing exiting law or for establishing new law." Plaintiffs believe the statutory duties required under the Uniform Fraudulent Transfers Act, as well as the duties under MCL 207.501 et seq. (the County Real Estate Transfer Tax Act, 1966 PA 134) give rise to a colorable claim under Michigan law. The fact that this Honorable Court disagrees with Plaintiffs' position does not require an automatic finding of Rule 11 sanctions as argued by Defendant.

Defendant ISAACS asserts in its brief in support that ISAACS does not owe Plaintiffs a duty of care because ISAACS is a "lawyer representing clients". However, Defendant then cites and relies upon cases where an attorney is acting as an adversary in litigation and extrapolates from them that such an attorney does not owe Plaintiff a duty of care. Not only is this untrue as to the

2

facts in the cases cited by ISAACS, but is plainly outside the scope of the allegations against ISAACS in Plaintiffs' complaint. Defendant cites the Michigan Supreme Court case, *Friedman v Dozorc*, 412 Mich 1; 312 N.W.2d 585 (1981) in support that "representing a client in an underlying transaction" is the same as representing a client in adversarial litigation. The Michigan Supreme Court disagrees. Plaintiff's claim made against ISAACS is not about ISAACS acting as an attorney in a litigation setting. Defendant is intentionally mixing the proverbial apples and oranges of case law application for his own ends. See paragraph 14 of complaint;

> 14. Defendant. MARSHALL ISAACS, ("Isaacs") is a resident of Oakland County, State of Michigan resident who holds himself out as a Vice President or Secretary of MERS in signing assignments and deeds as a MERS contractor and corporate officer through corporate resolution of MERS, when transferring property and security interests from MERS to various banks and foreclosing entities with the instruments being recorded without paying the appropriate fees and taxes on the assignments.

However, in *Friedman* cited by Defendant, it provides that actions can be supported against lawyers by adversaries, even in litigation scenarios, when intentional torts, such as fraud or abuse of process are alleged. The *Friedman* case has no factual or legal similarity to our case. The attorneys in *Friedman,* REPRESENTED THE DEFENDANTS IN A PRIOR ADVERSARY PROCEEDING brought by the plaintiff and their representation in court was the basis for the claims against them. The activities of the attorneys challenged in that case involved specific litigation representation. The *Friedman* court specifically limited their holding to adversarial proceedings ONLY:

"Defendants contend that an attorney's liability for negligence to third parties should be limited to negligent will drafting and negligent title examination. **We intimate no view regarding an attorney's liability for negligence to third parties who are not adversaries in litigation**. Those factual situations are not before us. It is sufficient to note that in the present case there can be neither reliance by the plaintiff nor benefit intended by the defendants or their client because the relationship of the parties is adversarial." *Friedman, Id* at 29.(emphasis added)

3

The activities challenged in this litigation involve negligence, fraud, and misrepresentation in providing non-legal business activities; and these activities have nothing whatsoever to do with litigation, past or present. The activities complained of herein deal with the drafting, filing and executing of sworn property conveyances claiming statutory exemptions to transfer taxes and declaring the value of property being transferred.

Plaintiff has alleged a theory of liability that is individual to ISAACS and is supported in Michigan statute. The complaint alleges that Defendant ISAACS ' "made, executed, issued and/or delivered the assignments and other transfer instruments which are the subject of this litigation" and that the documents/instruments transferring real property interests were not in conformity with MCL 207.501 et seq. (the County Real Estate Transfer Tax Act, 1966 PA 134).

**207.507 Documentary stamps; purchase, methods of affixation, cancellation.**
Sec. 7.
The tax imposed by this act shall be evidenced by the affixing of a documentary stamp or stamps to every instrument subject to the tax imposed by this act by the person making, executing, issuing or delivering such document. Documentary stamps shall be purchased only in the county in which the property is located. The stamps shall be affixed in such manner that their removal will require the continued application of steam or water, and the person using or affixing the stamps shall write or stamp thereon his initials and the date upon which the stamps are affixed or used so that the stamps may not again be used. The treasurer may prescribe such other method of cancellation as he deems expedient. The treasurer shall, if required by the state treasurer, utilize a tax meter machine which shall be provided by the county.

Defendant ISAACS is alleged to be a "person making, executing, issuing or delivering such document" to the county register of deeds contrary to the statutory requirements of either an affidavit declaring true value of the property being assigned or remitting payment in an amount based on the true value of the property being assigned. There is no allegation of ISAACS acting as an attorney in litigation. There is also no agency liability alleged in the complaint. Defendant ISAACS owes a STATUTORY DUTY to Plaintiffs to act properly under the statutes. Plaintiffs' theories as alleged by ISSACS are a veiled attempt to mislead this Honorable Court.

As indicated in the "General Allegations" of the complaint, the Defendants are notified of their individual duty to place the true value of the transferred property on the transfer documents, to pay or make certain that the proper amount of transfer taxes is paid at filing, notified of their individual breach of duty to pay those taxes by taking Michigan statutory exemptions from paying those taxes the Defendants are not entitled to, and the resulting damages from Defendants breach of the duty to pay the transfer taxes resulting in a loss of revenue to their general funds.

The statutory duties of Defendants to pay and make certain the proper transfer taxes are paid to the Plaintiffs is outlined in the Complaint Paragraphs 27 – 30; and the breach of those statutory duties is provided in the Complaint Paragraphs 31 – 36.

The duty remains to pay and make certain all properly due transfer taxes are paid for the "true value" of the property at the time of filing any property conveyance under the applicable statutory scheme. Damages in the complaint are based on the resulting breach of that duty to make sure such taxes are paid at the time of each filing. See the Complaint Paragraph 35. The damages that result from the breach of the Defendant's duty to make certain the proper amount of such transfer taxes are paid at the time of filing was provided in the Cmplt. Paragraphs 37-43.

> That Defendants ISAACS, COON and KIVI made, executed, issued and/or delivered the assignments and other real property transfer documents/instruments, which are the subject of this litigation, that did not have the proper value for property transfers stated on the documents/instruments of transfers, did not include on the transfer documents/instruments proper reasons for exemption from the taxes due under the acts, and included inapplicable statutory exemptions from the real estate transfer taxes under MCL 207.501 et seq. (the County Real Estate Transfer Tax Act, 1966 PA 134) and 207.521 et seq. (the State Real Estate Transfer Tax, 1993 PA 330). See Cmplt. Paragraph 40.

The liability of the defendants is not exclusive to an agency theory as asserted by Defendant ISSACS. However, even under an agency theory, a colorable claim exists against ISAACS and he is thus a proper defendant in this matter. Plaintiffs are 3rd party beneficiaries to

Defendant's failure to make certain transfer tax is paid for filed property transfers; and for his failure to identify the true value of the real property being transferred as listed on the transfer documents. The Michigan Supreme Court has held that "[o]nce it has been determined that a party qualifies as a third-party beneficiary, we must address the significance of this determination. This Court has held that the significance of a party being recognized under the third-party-beneficiary statute is that the status confers on parties a cause of action and the right to sue. See *Shay v Aldri*ch, 487 Mich 648, 667; 790 NW2d 629 (2010). In *Shay*, that Court recognized third-party beneficiaries as an exception to the common-law privity rule. *Id* at fn 9, citing *Williams v Polgar*, 391Mich 6, 14; 215 NW2d 149 (1974).

In the area of duties owed 3rd parties, Michigan courts favor a broad approach to the issue, such as negligence, negligent misrepresentation, or third party beneficiary. A decision that exemplifies the state of the law in Michigan is the exhaustive decision of the Michigan Supreme Court in *Williams v Polgar*, 391 Mich 6, 14; 215 NW2d 149 (1974). In an early case, *Beckovsky v Burton Abstract & Title Co*, 208 Mich 224; 175 NW 235 (1919), the Michigan court had held that an abstracter was liable to the buyer of property on a contractual basis when the buyer instructed the abstracter to certify the title but bill the seller. The court in *Polgar* reinterpreted this case as holding that an abstracter is liable if it knew that the third party would rely on the abstract; the issue in *Polgar,* then, was whether an abstracter also is liable to a third party who it should have foreseen would rely on the abstract. The court responded in the affirmative on the basis of negligent misrepresentation doctrine. [1]

The facts in *Polgar* presented a typical case of an abstract procured by the seller of

---

[1] The Michigan Supreme Court in *Williams v Polgar* adopts an action in negligent misrepresentation but describes it in ordinary negligence terms.

6

property and furnished to the buyers, with a singular exception. [2] The abstract failed to identify a deed conveying part of the property. The Michigan Supreme Court held that a negligent misrepresentation action would lie and that the statute of limitations did not begin to run until the third party knew or should have known of the misrepresentation. The court stated that the negligent misrepresentation is premised on the abstracter's negligence in the title search.

This cause of action arising from breach of the abstracter's contractual duty runs to those persons an abstracter could reasonably foresee as relying on the accuracy of the abstract put into motion. The particular expert-client relationship accruing to a professional contract to certify the condition of the record of title reposes a peculiar trust in an abstracter which runs not only to the original contracting party. There is a clearly foreseeable class of potential injured persons which would obviously include grantees where his or her grantor or any predecessor in title of the grantor has initiated the contract for abstracting services with the abstracter. *Id* at 157

The cause of action lies in negligent misrepresentation, premised on the abstracter's negligence in the title search. The cause of action runs to "a clearly foreseeable class of potential injured persons which would obviously include grantees where his or her grantor or any predecessor in title of the grantor has initiated the contract for abstracting services with the abstracter." *Id*. The Michigan courts have adopted third party beneficiary doctrine as a middle ground between the privity rule and a pure negligence approach. See *Polgar,* Appendices A & B. The Michigan Supreme Court in *Polgar* provides significant support for a colorable claim against ISAACS as ISAACS's action in negligently/fraudulently drafting and publishing statutory notices is foreseeable that such information will be relied upon by foreseeable third parties.[3]

---

2 The court first extensively reviewed the history of abstracter liability, finding that the privity rule had become riddled with exceptions. The court included appendices to its opinion that surveyed the law in every jurisdiction. It interpreted the Michigan exception to the privity rule as available to parties whom the abstracter knew would rely on the abstract. Subsequently Michigan had eliminated the privity doctrine in a product-related economic loss case, and the court now concluded that the elimination of privity ought to be extended to abstracter liability cases as well.

3    Ultimately, even if it is assumed for the sake of argument that the District Court's limitations of naming a lawyer as a defendant for acting in a non-adversarial setting is an advisable refinement to the Michigan rule of liability owed for breach of duties owed to third parties, the crucial consideration for purposes of jurisdiction is not the *wisdom* of the District Court's refinement but the very fact that it *is* a refinement. In the context of assessing jurisdiction, the 6th Circuit Court of Appeals has admonished district courts not to refine state law, but simply to apply it.

The Michigan Supreme Court in *Polgar* provides significant support for a colorable claim against Defendants' actions in negligently/fraudulently drafting and filing documents in furtherance of transferring interests in real property is foreseeable that such information will be relied upon by foreseeable third parties such as Plaintiffs.

Defendant also makes numerous allegations of activities of third persons, which have no bearing on and did not occur during this litigation. Those allegations include absurd and open untruths concerning the actions and activities of counsel for Plaintiffs herein. Neither Plaintiff counties nor counsel for Plaintiffs have ever harassed or had a vendetta against Defendant ISAACS. This case was not filed by the Home Defense League. Counsel for Plaintiffs have no control or authority over Attorney Brian Parker's individual case filings, and have never retained or "been authors and contributors to blogs attacking Defendant ISAACS". Counsel for Plaintiffs' have never filed any grievances against ISAACS, or retained anyone in the "Lucas case". Counsel for Defendant ISAACS has made spurious and baseless factual allegations against counsel for Plaintiffs; and none of the Exhibits provided by Defendant provide admissible proof of Rule 11 sanctionable actions by Plaintiffs or their attorneys in this litigation.

Rule 11(B), quoted above, allows for sanctions, if properly available for any purpose, arise out of "REPRESENTATIONS TO THE COURT . . . By presenting to the court a pleading, written motion, or other paper". This relevant section of Rule 11 was *not* quoted by ISAACS as

---

Perhaps on remand in this very case, Michigan courts will carve out precisely the limitation that the district court believed should apply to Defendants. But in our federal system of dual sovereignties, the District Court should leave that decision to the courts of Michigan rather than rushing into the breach. Such a result works no injustice against Defendants, whose actual liability would not be determined by a remand order. Defendants would, instead have every opportunity to argue for dismissal before the courts of Michigan. It is in this way that Michigan courts may apply and develop their own common law instead of having federal district courts do it for them.
For these reasons, the District Court's novel exception to Michigan tort law-principles cannot govern this case in the face of the 6th Circuit Court of Appeals clear and repeated instruction to resolve all state-law ambiguities in favor of remand. *See Smith,* 505 F.3d at 405; *Coyne.* 183 F.3d at 493; *Alexander,* 13 1 .3d at 949. Applying Michigan law, it is clear Plaintiff has a "colorable basis," *Coyne at* 493 for recovery against Defendants because Defendants participated in - by carrying out - activities in furtherance of transfer tax avoidance as outlined herein and has done so in a negligent and/or fraudulent a manner.

it appears not only does not support ISAACS accusations, but eviscerates his entire claim. Other than the complaint filed herein, no other pleadings or other writings, electronic or otherwise, can give rise to Rule 11 sanctions. Defendant's arguments to the contrary show his total disregard for the spirit and the intent of the Federal Rules of Civil Procedure. Review by the court of activities of third parties and other litigation in other forums arising out of totally different factual circumstances are not properly part of a request for Rule 11 sanctions.

Furthermore, the factual scenarios and resulting suppositions made by ISAACS in each of those scenarios is patently untrue. Unbelievably, the factual position taken by ISAACS about those client representations in other courts with different circumstances by Plaintiffs' counsel would be subject to the same type of ruling and logic used by this court (and relied upon by ISAACS) to say ISAACS was representing a client and therefore has no duty a third party (i.e. Ingham and Branch counties).

Counsel for Defendant Marshall Isaacs misunderstands the meaning of fraudulent joinder in the context of federal diversity jurisdiction. The phrase "fraudulent joinder" is not meant to invite an examination of the plaintiff's state of mind: on the contrary, the plaintiffs motivation for joining non-diverse defendants is irrelevant. *See Jerome–Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

If counsel for Defendant Marshall Isaacs is not confused as it appears, there is nothing offered to support how a finding of "fraudulent joinder" for diversity purposes equates to lacking evidentiary support under the authority of Rule 11. It appears ISAACS seeks to conflate "fraudulent joinder" as demonstrating actual fraud on the court. S*ee* 16 Moore's Fed. Prac. § 107.14|2][c| (noting that "|t]he term "fraudulent joinder" is a bit misleading because it requires neither a showing of fraud nor joinder in one sense"). There has been no finding by the Court

9

that a fraud has taken place. A defendant is considered "fraudulently joined" only if there is no "colorable basis for predicting that a plaintiff may recover" against that defendant. *Coyne* v. *Am. Tobacco Co.*. 183 F.3d 488, 493 (6th Cir. 1999): *see also Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). ("There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.]" (citation and internal quotation marks omitted)).

ISAACS submits allegations and the purported evidence supporting the allegations that are irrelevant, unduly prejudicial, and constitute character evidence barred by Rule 404(b) of the Federal Rules of Evidence. As a result that ISAACS' entire motion for sanctions should be stricken from the record, and ISAACS and his counsel should be subject to Rule 11 sanctions for filing a frivolous and baseless motion under Rule 11. Plaintiffs hereby request such a finding by the court, and request attorneys' fees and costs in responding to Defendant's motion that will be presented in detail after the court's ruling.

Furthermore, even if ISAACS was acting as an attorney, liability can still exist as duties are owed to third parties by attorneys in violation of statutorily required and fraudulently based duties as can be seen from the filings of Plaintiffs in this litigation.[4]

                                  Respectfully submitted,

                                  By: /s/     William E. Maxwell, Jr P35846
                                           Attorney for Plaintiffs

Dated: November 27, 2012

---

4 The American Law Institute in May 1998 approved the Restatement (Third) of the Law Governing Lawyers that includes standards for the civil liability of lawyers, among other topics. Section 51 of the Restatement addresses the liability of a lawyer to non-clients. *Restatement (Third) of the Law Governing Lawyers* § 51 (1998).

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2012, I electronically filed the foregoing **RESPONSE TO DEFENDANT MARSHALL ISAACS MOTION FOR RULE 11 SANCTIONS [66]** with the Clerk of the Court using the ECF system that will send notification of such filing to all attorneys of record.

        By: /s/      William E. Maxwell, Jr P35846
                Attorney for Plaintiffs