UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, et al.,

        Plaintiffs,

v.                                      File No. 1:12-CV-174

MORTGAGE ELECTRONIC              HON. ROBERT HOLMES BELL
REGISTRATION SYSTEMS, INC,
et al.,

        Defendants.
                              /

**O P I N I O N**

This matter is before the Court on the Michigan Attorney General and Michigan Department of Treasury's (collectively, the "State of Michigan intervenors") motion to intervene as plaintiffs (Dkt. No. 26), and the Federal National Mortgage Association ("Fannie Mae"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), and the Federal Housing Finance Agency's ("FHFA") (collectively, the "federal intervenors") motion to intervene as defendants (Dkt. No. 63). Also before the Court is a motion by the federal intervenors for leave to file a reply brief. (Dkt. No. 73.) Previously, this Court denied Plaintiffs Nancy Hutchins and Curtis Hertel's motion to remand (Dkt. Nos. 49, 50) and dismissed the non-diverse defendants (Dkt. Nos. 60, 67, 69).

I.

On November 10, 2011, Hertel, Register of Deeds of Ingham County, and Hutchins, Register of Deeds of Branch County, filed a complaint in Ingham County Circuit Court.

Plaintiffs' complaint alleged that multiple defendants, including Fannie Mae and the banks, violated Michigan's State Real Estate Transfer Tax Act ("SRETTA") and County Real Estate Transfer Tax Act ("CRETTA"), Mich. Comp. Laws §§ 207.502, 207.523, by improperly claiming exemptions.[1]  On February 27, 2012, the FHFA filed a motion to intervene in the circuit court.  That same day, Fannie Mae and the FHFA filed a notice of removal in this Court, relying on 12 U.S.C. § 1723a(a) and 28 U.S.C. §§ 1331, 1332(d), 1441(a), and 1442(a). (Dkt. No. 1, Notice of Removal.)  Also on that same day, the banks joined in the notice of removal on the additional ground of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Dkt. No. 3.)  On October 4, 2012, the Court determined it had diversity jurisdiction pursuant to 28 U.S.C. § 1332 and the doctrine of fraudulent joinder, and denied the motion to remand.  (Dkt. Nos. 49, 50.)  In doing so, the Court determined that Fannie Mae was dismissed before its attempt to remove the case, and the Court declined to reach the issue of whether the FHFA possessed standing to remove the case.  (*Id.*) Subsequently, the Court dismissed the non-diverse defendants.  (Dkt. Nos. 60, 67, 69).

The State of Michigan filed its motion to intervene on March 28, 2012, before this Court decided the question of remand.  (Dkt. No. 26.)  This motion is conditionally opposed by Defendant Wells Fargo only to the extent that granting intervention would destroy diversity jurisdiction.  (Dkt. No. 62.)  The federal intervenors filed their motion to intervene on November 5, 2012. (Dkt. No. 65.)  This motion is opposed by Hertel and Hutchins.  (Dkt. No. 71.)

---

[1] Plaintiffs have since voluntarily dismissed their claims arising under the SRETTA.  (Dkt. No. 70.)

**II.**

"On a timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

Additionally, "the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

**III.**

**A. Federal Intervenors**

The Court will address the federal intervenors' motion first. As a preliminary matter, Rule 24(c) provides that motions to intervene must be accompanied by a pleading that sets out the claim or defense for which intervention is sought. Hertel and Hutchins argue that the Court should deny the federal intervenors' motion for not complying with this procedural requirement. However, the Sixth Circuit does not require an accompanying pleading when the motion itself lays out such defenses:

> We conclude that the district court abused its discretion in rejecting Hillandale Committee's motion to intervene on the basis that it failed to attach a pleading.

3

> Hillandale Committee's motion to intervene alleged a claim or defense with a common question of law and fact as in the main action . . . The district court's exacting application of Rule 24(c) is not in accord with the jurisprudence of a majority of the Circuits, which favor a permissive approach.

*Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314-15 (6th Cir. 2005). The Court finds that the federal intervenors adequately laid out their proposed defenses in the motion and that an accompanying pleading was unnecessary.

**1. Rule 24(a)(2)–Intervention of Right**

Rule 24(a)(2) translates to four required elements: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

**a. Timeliness**

In the October 4, 2012, decision denying the motion to remand, the Court determined that Fannie Mae was deemed dismissed from the case. Fannie Mae filed its present motion to intervene, joined by Freddie Mac and the FHFA, a month later. In that time, the Court has not taken any other action, except to dismiss the fraudulently joined defendants. Thus, the Court concludes that the motion was timely.

**b. Substantial Legal Interest**

Plaintiffs have alleged that the defendant banks are liable for transfer taxes in which Fannie Mae was the grantor or grantee. Fannie Mae is "exempt from all taxation now or

hereafter imposed by any State, territory, possession, Commonwealth, or dependency of the United States, or by the District of Columbia, or by any county, municipality, or local taxing authority." 12 U.S.C. § 1723a(c)(2). Freddie Mac and the FHFA have virtually identical exemptions. 12 U.S.C. §§ 1452(e) and 4617(j)(2). Thus, the federal intervenors assert that they have an interest in how the Court interprets these exemptions.

Hertel and Hutchins contend that this purported interest is not sufficient because this Court ruled, in a different case, that the federal intervenors cannot be held directly liable for the transfer taxes. *See Hertel v. Bank of Am., N.A.*, No. 1:11-757, 2012 WL 4127869 (W.D. Mich. Sept. 18, 2012) ("*Hertel I*"). First, a plaintiff's inability to assert a claim against a proposed intervenor-defendant is not dispositive under Rule 24(a). *See, e.g.*, *Mich. State AFL-CIO*, 103 F.3d at 1245 ("This circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right."); *Oakland Cty. v. Fed. Nat'l Mortg. Ass'n*, 276 F.R.D. 491, 498 n.4 (E.D. Mich. 2011) ("The text does not require that a plaintiff must be able to sue a putative defendant-intervenor."). Second, the federal intervenors assert interests extending beyond their direct liability. Namely they assert a substantial interest in ensuring the Court construes the exemption statutes to cover the entire process of their real estate transactions and to include their counter-parties. This was an issue not decided by *Hertel I*, and Plaintiffs have placed this interest directly as issue by alleging that the defendant banks are liable for transfer taxes for transactions in which Fannie Mae was the grantor or grantee.


Thus, the Court finds the federal intervenors' legal interest in this matter substantial.

### c. Impairment

The Court also finds that, in the absence of intervention, the federal intervenors' ability to protect their interest is impaired. A judgment that the existing defendant banks are subject to transfer taxes in transactions involving Fannie Mae or Freddie Mac would have negative implications for future transfers involving these federal entities. Because the federal intervenors may have different arguments and defenses than the defendant banks, their presence is necessary to protect their interests.

### d. Inadequate Representation

Last, the Court finds that there may be inadequate representation of that interest by the parties already before the court. "The [intervenor's] burden with respect to establishing that its interest is not adequately protected by the existing party to the action is a minimal one; it is sufficient to prove that representation may be inadequate." *Ne. Ohio Coal. for Homeless and Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006) (citing *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992)). It is enough for a proposed intervenor to present "legitimate and reasonable concerns" about whether existing parties will present particular defenses. *Grutter v. Bollinger*, 188 F.3d 394, 401 (6th Cir. 1999).

The federal intervenors have asserted the fact that the exemption statutes do not apply directly to the bank defendants as entities. While the banks may still rely on those statutes,

the federal intervenors may be in a better position with their expertise regarding the statutes to litigate the extent and reach of the exemptions. Additionally, the proposed intervenors are federal entities created for such purposes as stabilizing the secondary mortgage market, 12 U.S.C. § 1716, while the banks are private entities. This suggests the two may have different incentives.

The federal intervenors have also presented proposed defenses they intend to assert. They argue that the FHFA, as conservator of Fannie Mae and Freddie Mac, is in the best position to argue that the jurisdictional bar against injunctive relief, 12 U.S.C. § 4617(f), precludes the relief sought by Plaintiffs. The intervenors also allege that the FHFA has certain defenses available to it that cannot be invoked by Fannie Mae, Freddie Mac, or the bank defendants. As the Eastern District of Michigan has noted, it is enough for Rule 24(a)(2) that the FHFA "may have avenues to shield the assets it has been given the statutory right to manage and preserve that are closed to Fannie Mae and Freddie Mac." *Oakland Cty.*, 276 F.R.D. at 499.

Consequently, the Court finds that the federal intervenors may intervene as a matter of right pursuant to Rule 24(a).

**2. Rule 24(b)–Permissive Intervention**

Alternatively, the Court finds that the federal intervenors have satisfied the permissive intervention requirements of Rule 24(b). As discussed, they have a substantial interest in the litigation because it involves their statutory tax exemptions; undoubtedly, the federal

defenses they aim to present will share common questions of fact and law with the main action. Rule 24(b) is to be construed liberally, with doubt resolved in favor of permitting intervention. *United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267 (E.D. Mich. 1997).

Nor does the Court believe that undue delay or prejudice will result. The federal intervenors have asserted that they "do not anticipate any involvement in this action other than asserting and briefing the application of the statutory exemptions." It is unlikely that this will require discovery.

**B. State of Michigan Intervenors**

Remaining is the State of Michigan's motion for intervention. This motion was unopposed, except to the extent that permitting intervention would destroy diversity jurisdiction. However, the motion rests on the State of Michigan's interest in tax owed under the SRETTA, and Plaintiffs have voluntarily dismissed all claims arising under the SRETTA. (Dkt. No. 70.) Thus, because the State of Michigan has not demonstrated an alternative legal interest in the matter, the Court denies the State of Michigan's motion to intervene.

**IV.**

For these reasons, the federal intervenors' motion will be granted and the State of Michigan intervenors' motion will be denied. Accordingly, the federal intervenors' motion for leave to file a reply brief is denied as moot.

An order consistent with this opinion will be entered.

Dated: <u>December 18, 2012</u>          <u>/s/ Robert Holmes Bell         </u>
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE