UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, et al.,

       Plaintiffs,

                                                             File No. 1:12-CV-174

v.

                                                             HON. ROBERT HOLMES BELL

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
et al.,

       Defendants.
                                          /

**O R D E R**

This matter is before the Court on Defendant Marshall Isaacs' motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (Dkt. No. 66.) Previously, this Court held that Isaacs was fraudulently joined as a defendant and dismissed him. (Dkt. Nos. 49, 60.) The Court believes that the concerns Isaacs raises in his Rule 11 motion warrant a hearing.

Isaacs alleges the following violations of Rule 11(b): (1) the claims against Isaacs in the complaint were not supported by law; (2) Plaintiffs' attorneys, Daniel Marsh and William Maxwell, are members of the Home Defense League, PLC, a group which has filed twelve suits where Isaacs or his firm, Orlans Associates, have been named as defendants, all of which have been dismissed; and (3) a consultant of Plaintiffs' attorneys, MFI-Miami, has actively posted baseless internet posts in conjunction with this suit and the other suits against Isaacs, accusing him of statutory and criminal violations and posting his personal information.

The Court requires additional briefing on the second and third allegations before a hearing is held.  In particular, the Court would like briefing focused on whether the present suit against Isaacs was brought for the improper purpose of harassment.  *See* Fed. R. Civ. P. 11(b)(1).  The Court would like more information about the previous suits brought by Attorneys Marsh, Maxwell, and/or Brian Parker, another member of the Home Defense League, against Isaacs and/or Orlans Associates.  (*See* Dkt. No. 66, Exs. A, B.)  Included in this briefing should be information regarding whether any of these prior suits involved the same or substantially similar claims against Isaacs and information regarding the nature of the dismissals in those cases.  Additionally, the Court would appreciate more information about the nature of the relationship between the Home Defense League and MFI-Miami and/or its president, Stephen Dilbert.

Last, the Court invites Isaacs, if he wishes, to submit a document detailing the $20,000 in legal fees he claims to have incurred in this matter for the Court's *in camera* review so that the Court may determine whether or not the permanent sealing of these fees is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that a hearing will be held on Isaacs' motion for sanctions (Dkt. No. 66) on **Wednesday, February 20, 2013 at 3:00 PM**, in Room 601 of the Federal Building, 110 Michigan Avenue NW, Grand Rapids, MI 49503.

**IT IS FURTHER ORDERED** that if any party wishes to submit additional briefing in accordance with this order, such briefing shall be filed no later than **12:00 PM on**

**Monday, February 18, 2013**.

**IT IS FURTHER ORDERED** that if Marshall Isaacs wishes to submit his legal fees to the Court for *in camera* review, he shall do so no later than **12:00 PM on Monday, February 18, 2013**.


Date: February 6, 2013 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE