UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, the Register of Deeds and Representative of INGHAM COUNTY; and NANCY HUTCHINS, the Register of Deeds and Representative of BRANCH COUNTY, both as Class Representatives of all 83 counties in the State of Michigan,

        Plaintiffs,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; JEANNE KIVI; ELLEN COON; MARSHALL ISAACS; BANK OF AMERICA N.A.; JP MORGAN CHASE & CO.; CHASE HOME MORTGAGE CORPORATION f/k/a CHASE HOME FINANCE; WELLS FARGO BANK, N.A.; CITIMORTGAGE INC.; eTITLE AGENCY INC.; 1ST CHOICE TITLE SERVICES, INC.; ATTORNEYS TITLE AGENCY LLC, f/k/a WARRANTY TITLE AGENCY LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; JOHN DOE and any other authorized signers for MERS or MERSCORP, INC.; and Defendants JOHN DOE CORPORATIONS I – MMM,

        Defendants,

and

FEDERAL HOUSING FINANCE AGENCY,

        Intervener.

Case No. 1:12-cv-00174

Hon. Robert Holmes Bell

**DEFENDANTS ATTORNEYS TITLE AGENCY LLC, JEANNE KIVI, AND ELLEN COON'S MOTION FOR ENTRY OF FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b)**

Pursuant to Federal Rule of Civil Procedure 54(b), Defendants Attorneys Title Agency, LLC, Ellen Coon, and Jeanne Kivi (collectively, "ATA Defendants") move for entry of final judgment in their favor.  On November 14, 2012, the Court entered an opinion and order dismissing all claims by Plaintiffs Curtis Hertel, Jr. and Nancy Hutchins against the ATA Defendants on the basis that the ATA Defendants had been fraudulently joined solely in an effort to defeat this Court's diversity jurisdiction and, as a result, Plaintiffs had failed to state a claim against the ATA Defendants.  As explained more fully in the brief in support of this Motion, the totality of factors that courts consider on motions for final judgment weighs heavily in favor of entering final judgment for the ATA Defendants.

The ATA Defendants contacted Plaintiffs' counsel on February 12, 2013, to seek concurrence in the relief requested, but such concurrence was not obtained.

Accordingly, the ATA Defendants respectfully move the Court, under Rule 54(b), for entry of final judgment on the claims dismissed against them.

        Respectfully submitted,

        HONIGMAN MILLER SCHWARTZ AND
        COHN LLP

        By:  /s/ Nicholas B. Gorga
            Nicholas B. Gorga (P72297)
            Joseph Aviv (P30014)
            Brock A. Swartzle (P58993)
        2290 First National Bldg., 660 Woodward Ave.
        Detroit, MI 48226-3506
        Telephone:  (313) 465-7640
        Fax:  (313) 465-7641
        ngorga@honigman.com
        javiv@honigman.com
        bswartzle@honigman.com

February 13, 2013        *Attorneys for Defendants Attorneys Title Agency, LLC, Ellen Coon, and Jeanne Kivi*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, the Register of Deeds and Representative of INGHAM COUNTY; and NANCY HUTCHINS, the Register of Deeds and Representative of BRANCH COUNTY, both as Class Representatives of all 83 counties in the State of Michigan,

        Plaintiffs,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; JEANNE KIVI; ELLEN COON; MARSHALL ISAACS; BANK OF AMERICA N.A.; JP MORGAN CHASE & CO.; CHASE HOME MORTGAGE CORPORATION f/k/a CHASE HOME FINANCE; WELLS FARGO BANK, N.A.; CITIMORTGAGE INC.; eTITLE AGENCY INC.; 1ST CHOICE TITLE SERVICES, INC.; ATTORNEYS TITLE AGENCY LLC, f/k/a WARRANTY TITLE AGENCY LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; JOHN DOE and any other authorized signers for MERS or MERSCORP, INC.; and Defendants JOHN DOE CORPORATIONS I – MMM,

        Defendants,

and

FEDERAL HOUSING FINANCE AGENCY,

        Intervener.

Case No. 1:12-cv-00174

Hon. Robert Holmes Bell

**DEFENDANTS ATTORNEYS TITLE AGENCY LLC,
JEANNE KIVI, AND ELLEN COON'S BRIEF IN SUPPORT OF
<u>MOTION FOR ENTRY OF FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b)</u>**

## STATEMENT OF QUESTION PRESENTED

Should the Court enter final judgment, under Federal Rule of Civil Procedure 54(b), in favor of Defendants Attorneys Title Agency, LLC, Ellen Coon, and Jeanne Kivi (collectively, "ATA Defendants") because there remains no claim against them and the totality of the relevant factors weighs heavily in favor of the entry of final judgment?

ATA Defendants answer: Yes.

**INTRODUCTION**

On November 14, 2012, the Court entered an opinion and order dismissing all claims by Plaintiffs Curtis Hertel, Jr. and Nancy Hutchins against Defendants Attorneys Title Agency, LLC, Ellen Coon, and Jeanne Kivi (collectively, "ATA Defendants") on the basis that Plaintiffs fraudulently joined the ATA Defendants in this lawsuit in an effort to defeat this Court's diversity jurisdiction.  (Mem. Op. and Order (Dkt. 67) at 2.)  The Court concluded "that Plaintiffs had failed to state a claim to relief plausible on its face in regard" to the ATA Defendants and granted their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 3.)

Because no claim remains against the ATA Defendants, the Court should enter final judgment in favor of them under Federal Rule of Civil Procedure 54(b).  There is no just reason to delay in entering final judgment.  Any remaining claim that Plaintiffs might have against other Defendants has no bearing whatsoever on the dismissed claims or appellate review of the dismissal of those claims.  (The Court entered final judgment on a similar motion in favor of Defendants Trott & Trott, P.C. and Orlans Associates, P.C., in *Hertel v. Bank of America*, No. 1:11-cv-00757 (Dkt. No. 110).)

Thus, for these reasons and those set forth more fully below, the ATA Defendants respectfully request that the Court enter final judgment on Plaintiffs' claims against the defendants.

**ARGUMENT**

**I.      Legal Standard**

When an action involves multiple claims for relief or when multiple parties are involved, Rule 54(b) permits a federal district court to enter final judgment as to a portion of the claims or parties:

1

> (b) *Judgment on Multiple Claims or Involving Multiple Parties*.  When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The rule was designed "to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action."  *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986).  It balances the "undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties."  *Id*.

The power of a district court under Rule 54(b) is "largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals."  *Reiter v. Cooper*, 507 U.S. 258, 265 (1993).  The Sixth Circuit has held that a district court may apply Rule 54(b) if it "(1) expressly directs the entry of final judgment as to one or more but fewer than all the claims or parties; and (2) expressly determines that there is no just reason to delay appellate review."  *Kalamazoo River Study Grp. v. Rockwell Int'l*, No. 1:95–cv–838, 1999 WL 33485559, at *1 (W.D. Mich. Feb. 3, 1999) (Bell, J.) (entering an order pursuant to Rule 54(b) (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994))); *see also Bristow v. Ameriquest Mortg. Co.*, No. 1:06-cv-829, 2008 WL 1986233, at *1-2 (W.D. Mich. May 2, 2008) (Bell, J.).

The first part of the two-part test above is satisfied if a district court "ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." *Gen. Acquisition*, 23 F.3d at 1026-27.  The district court must also determine that a "final judgment" is present—that is, there must be "a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id*. at 1027 (internal quotation marks omitted).

The second part of the two-part test requires that a district court "balance the needs of the parties against the interests of efficient case management." *Id.* In doing so, the Sixth Circuit has held that a district judge should consider the following factors:

(1) The relationship between the adjudicated and unadjudicated claims;

(2) The possibility that the need for review might or might not be mooted by future developments in the district court;

(3) The possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) The presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and

(5) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Kalamazoo River Study Grp.*, 1999 WL 33485559, at *1 (citing *Corrosioneering, Inc. v. Thyssen Envl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)). Some or all of these factors "may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)." *Corrosioneering, Inc.*, 807 F.2d at 1283.

## II. The Court Should Enter Final Judgment on Plaintiffs' Claims against the ATA Defendants

All of the relevant factors that courts assess in determining whether to enter final judgment as to one party in a multiparty litigation weigh overwhelmingly in favor of entering final judgment on Plaintiffs' claims against the ATA Defendants. No just reason exists to delay entry of this final judgment.

First, with regards to factors (1) through (4) in the Sixth Circuit's *Corrosioneering* test, Plaintiffs' dismissed claims have no relation to any remaining claim. Plaintiffs' remaining claims involve allegations against grantors or sellers of real estate who purportedly owe transfer taxes under Michigan's State Real Estate Transfer Tax Act ("SRETTA") and County Real Estate Transfer Tax Act ("CRETTA"), MCL §§ 207.502, 207.523. The ATA Defendants were not

3

alleged to have been grantors or sellers under SRETTA or CRETTA, but, rather, were alleged to have been agents of such grantors or sellers or otherwise responsible for affixing stamps on transfer instruments indicating that the proper taxes had been paid.  The Court concluded that neither SRETTA nor CRETTA imposed liability on agents or those who performed the ministerial act of affixing stamps on transfer instruments.  (Op. (Dkt. 49) at 12-14.)  Similarly, the Court concluded that there were no allegations that the ATA Defendants played any role in aiding the concealment of any converted property or that they received any "payment" by filing the transfer instruments, defeating any claim of statutory conversion or conversion through an instrument.  (*Id.* at 17-18.)

Each of the Court's holdings with respect to the ATA Defendants depended critically on the distinction between the role that the ATA Defendants were alleged to have performed in real-estate transactions versus the role that the other defendants were alleged to have performed as grantors or sellers of real estate in Michigan.  Thus, with respect to Plaintiffs' claims against the ATA Defendants, the *only* issues that a reviewing court would consider would be whether agents or those performing the ministerial act of affixing stamps on transfer instruments could be held liable under SRETTA, CRETTA, or Michigan's law on statutory conversion or conversion through an instrument.

Likewise, Factors 2 through 4 weigh in favor of final judgment.  The issue of the ATA Defendants' liability as agents or affixers of stamps cannot be impacted by any of the Court's decisions on the remaining claims against alleged grantors or sellers of real estate (Factor 2).  Nor would the issue ever be subject to appellate review a second time since the issue is unique to the dismissed non-diverse defendants (Factor 3).  And, there appears scant possibility that any

claim against the remaining defendants could be set off against the judgment that the ATA Defendants are not liable as agents or for ministerial acts (Factor 4).

Second, the totality of the miscellaneous factors courts consider on these types of motions also weighs in favor of entering final judgment on the claims in favor of the ATA Defendants. Nothing that possibly could happen in the litigation of the remaining claims could have any impact on the issue that the Court found dispositive in dismissing the claims against the ATA Defendants.  Rather than force the ATA Defendants to sit idly by while the claims against them remain dismissed, it would be more efficient to enter final judgment and allow Plaintiffs to seek appellate review at this stage if they so choose.  No reason exists to wait.

WHEREFORE, because no just reason exists to delay entry of final judgment, the ATA Defendants respectfully request that the Court grant their motion and enter final judgment on the claims against them under Rule 54(b).

    Respectfully submitted,

    HONIGMAN MILLER SCHWARTZ AND
    COHN LLP

    By:  /s/ Nicholas B. Gorga _____
        Nicholas B. Gorga (P72297)
        Joseph Aviv (P30014)
        Brock A. Swartzle (P58993)
    2290 First National Bldg., 660 Woodward Ave.
    Detroit, MI 48226-3506
    Telephone:  (313) 465-7640
    Fax:  (313) 465-7641
    ngorga@honigman.com
    javiv@honigman.com
    bswartzle@honigman.com

February 13, 2013    *Attorneys for Defendants Attorneys Title Agency, LLC, Ellen Coon, and Jeanne Kivi*

## CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing documents were electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants on the 13th day of February, 2013.

        Respectfully submitted,

        HONIGMAN MILLER SCHWARTZ AND COHN LLP

        By: /s/ Nicholas B. Gorga
            Nicholas B. Gorga (P72297)
            Joseph Aviv (P30014)
            Brock A. Swartzle (P58993)
        2290 First National Bldg., 660 Woodward Ave.
        Detroit, MI 48226-3506
        Telephone:  (313) 465-7640
        Fax:  (313) 465-7641
        ngorga@honigman.com
        javiv@honigman.com
        bswartzle@honigman.com

Dated:  February 13, 2013
        *Attorneys for Defendants Attorneys Title Agency LLC, Jeanne Kivi, and Ellen Coon*