UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTELL, the Register of Deeds
and Representative of INGHAM COUNTY;
and NANCY HUTCHINS, the Register of Deeds
and Representative of BRANCH COUNTY,
both as Class Representatives of all 83 counties
in the State of Michigan,

               Plaintiffs,               Case No. 1:12-cv-00174

v.                                          HON. ROBERT HOLMES BELL

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCROPR, INC., JEANNE KIVI,
ELLEN COON, MARSHALL ISAACS, BANK OF AMERICA, N.C.
JP MORGAN CHASE & CO., CHASE HOME MORTGAGE
CORPORATION f/K/a/CHASE HOME FINANCE, WELLS
FARGO BANK, N.A., CITIMORTGAGE, INC., ETITLE AGENCY,
LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION,
And JOHN DOE as any Other authorized signer for MERS
or MERSCROP, INC., and Defendants JOHN DOE Corporations I-MMM,

               Defendants.

## CONNECTION BETWEEN ATTORNEYS MARSH, MAXWELL, AND PARKER and THE HOME DEFENSE LEAGUE

The Court has asked for briefing as to the following:

(1) That plaintiffs' attorneys, Daniel Marsh and William Maxwell, are members of the Home Defense League. PLC (HDL), a group which has filed twelve (12) suits where Isaacs or his firm, Orlans Associates, have been named as defendants, all of which have been dismissed; and,

(2) That a consultant of Plaintiffs' attorneys, MFI-Miami, has actively published baseless internet posts in conjunction with this suit and other suits against Isaacs, accusing him of statutory and criminal violations and posting his personal information.

  (3) The Court asks for additional information focused on whether the present suit against Isaacs was brought for the improper purpose of harassment.

  (4) In addition the Court has asked for more information about the previous suits brought by attorneys Marsh, Maxwell and Parker against Isaacs and/or Orlans.

  (5) Also the Court wishes to know if the same or similar allegations have been alleged and finally the connection between Dibert and the HDL.

**HDL, Marsh, Maxwell and Parker**

HDL was formed by Daniel P. Marsh, PLLC on June 16, 2011. **Exhibit G.** The attorneys for HDL are listed on its letterhead, **Exhibit H**, which names attorneys Marsh, Maxwell, and Parker as members of that organization. **Exhibit I** is a posting from attorney Marsh's website where he announces that the present lawsuit regarding the transfer tax issue was filed by HDL.

> *"Attorneys representing the Counties, **The Home Defense League, PLC**, are committed to finding the truth surrounding the exemptions taken and to return tax dollars to the Counties."* (emphasis added)

This is despite the Response by Mr. Maxwell (in doc 72) which states:

*"This case was **not filed by the Home Defense League**."* Brief p. 8

This assertion is false as evidenced by co-counsel Marsh's internet publication. **Exhibit I**. Regardless what they call themselves, the three attorneys are HDL and HDL is them.

**Harassment**

Attached (**Exhibit J**) is a more detailed list of the cases filed by Marsh, Maxwell and/or Parker with a breakdown of the general allegations. There are twelve (12) cases (**Exhibits J-1 through J-12**) wherein Isaacs and/or Orlans & Associates, PC are listed as

defendants. There is a thirteenth matter (*Olesuk v. JP Morgan*) where although Orlans and Isaacs are not named as parties, they are referred to throughout the pleadings. (**Exhibit K-1 & 2, paragraphs 27, 55, 58, 59**).

Of the suits filed (**Exhibits J-1 through J-12**) against Isaacs/Orlans, all contain allegations against Isaacs/Orlans which include aspects of fraud/misrepresentation, negligence (violation of duty), and violation of statutes.

### The Dibert/MFI Connection with HDL Marsh, Maxwell and Parker

Steve Dibert's (recall Dibert/MFI-Miami is the blogger) vendetta with the Orlans firm and Isaacs, (and parenthetically, the Trott and Trott firm) stems from two foreclosures he suffered in Michigan. One was in Livonia by way of sheriff's deed dated November 20, 2003, and a second dated, May 4, 2004, in Oak Park. (**Exhibit L-1 & 2**) The former was handled by the Orlans firm and Isaacs, and the latter was handled by the Trott firm (which has also suffered his internet diatribes).

The Dibert, HDL, Marsh, Maxwell, Parker connection is quite evident.

**Exhibit M** demonstrates this. On June 22, 2011, Mr. Dibert identifies himself with Messrs. Maxwell, Marsh, and Parker as well as the HDL, and in fact states:

> *"William Maxwell, Dan Marsh, and Brian Parker from the Home Defense League, PLC,* **working in conjunction with MFI-Miami***…"*
> (emphasis added)

This again can be seen in a June 23, 2011, blog by Mr. Dibert where again he states:

> *"A group of Oakland County attorneys called the* **Home Defense League, who had worked with MFI-Miami***…"*
> (emphasis added)
> **(Exhibit N)**

**Exhibit O**, another blog from Dibert dated April 27, 2011, says on its second page:

> *"... **William Maxwell and I** already knew that there was a signature issue..."*
> (emphasis added)

The *Lucas* case (**Exhibit J-1**) further demonstrates the symbiotic relationship. *Lucas* was filed by attorney Maxwell on September 20, 2010. Both Orlans Associates and Isaacs were defendants as well as BAC Home Loan Servicing, LP. Allegations against Orlans and Isaacs were:

1. Wrongful foreclosure
2. Negligence
3. Intentional infliction of emotional distress

The case was dismissed on February 9, 2011, by way of summary disposition. Orlans and Isaacs were represented by Timothy Myers.

Mr. Dibert subsequently filed three (3) grievances with the Michigan State Bar Association against Linda Orlans, Marshall Isaacs and Timothy Myers. That body rejected these complaints. Mr. Dibert goes on in that blog to accuse the attorneys of having violated the law and ethical concerns. (**Exhibit S**)

In **Exhibit P**, Dibert talks on January 1, 2011, about preparing Mr. Maxwell for a deposition on the case of *Lucas*.

> *"**I get to prep their attorney, Bill Maxwell**, on what questions to ask."*
> (emphasis added)

**Exhibit Q** is even more interesting. This is a blog by Dibert wherein he talks about the law firms, and the tactic employed by attorney Maxwell to sue other law firms. Dibert quotes himself when he writes:

> *" '**Naming the foreclosure mills as defendants** was important because they were the ones responsible for filing paperwork with*

>  *counties on behalf of the Mortgage Server clients," explained Steve Dibert, "as attorneys they should have known better.' "*
> (emphasis added)

In that same blog, he talks about **collaborating with Michigan attorney, William Maxwell**, who was on this case in order to perform those tasks.  **Exhibit Q**.

**Exhibit R** is a blog by Dibert wherein he **admits to posting Isaacs' home address, and a copy of his mortgage and warranty deed online**.  He also posted the request for investigation that he filed against Isaacs with the Michigan Attorney Grievance Commission.

**Exhibit S** is a blog dated June 6, 2011, by Dibert wherein he cites a deposition given by Isaacs.  He admits in that blog that he filed another grievance against Timothy Myers who was with the same law firm as Isaacs.  (Mr. Myers represents the Orlans firm and eTitle on the present case.)

### Attorney Fees

The Michigan Court of Appeals dealt with the attorney fee issue against Mr. Maxwell. Fees incurred are submitted in camera under separate cover.

**Exhibit T** is a blog dated May 13, 2012.  In that blog, Dibert refers to a case that involved a Michigan attorney by the name of Jason Canvasser who worked for Randall S. Miller & Associates, PC.  Mr. Canvasser was accused of the same types of allegations that were leveled against Mr. Isaacs and the Orlans firm (negligence and wrongful foreclosure). In the same litigation, **attorney fee sanctions were upheld for filing frivolous claims against Canvasser**.  **Exhibit U**.  This just occurred on January 29, 2013.  This case was handled by one of the attorneys herein, William E. Maxwell, Jr. (Exhibit T).

In the *Grobach* case (**Exhibit U**), it states:

> "*It appears that the [trial] court found plaintiff's position to be **devoid of arguable legal merit**. This was the position Canvasser presented during the motion hearing. Our Supreme Court in Friedman v. Dozorc, 412 Mich 1, 20-30; 312 N.W.2d 585 (1981), unambiguously held that an attorney owes no legal duties to adverse party.*"
> (emphasis added)

The Court of Appeals then stated,

> "*Therefore, it is **legally impossible to hold an attorney liable in negligence for conduct towards an adverse party**. Further, because Canvasser was not the foreclosing entity, he could not be held liable for wrongful foreclosure. **Plaintiff's attempt to color Miller and Canvasser's services as non-legal** and professional-merely because they were completing forms that would not subject lay people to liability for engaging an unauthorized practice of law- **is similarly frivolous**.*"
> (emphasis added)

The Court of Appeals went on to conclude that:

> "*Because **Miller and Canvasser were indisputably providing legal serves to their clients, plaintiff's claims are meritless**.*
>
> *Because plaintiff's claims are "devoid of arguable legal merit," MCL 600.256(1)(3)(a), the trial court did not commit clear error in finding them **frivolous**.*"
> (emphasis added)

The attorney was Mr. Maxwell (**Exhibit V**). Each one of the issues that Orlans and Isaacs were accused of in the present lawsuit were already dealt with by the Federal Court in the Western District of Michigan, Eastern District of Michigan, Macomb County Circuit Court and the Oakland County Circuit Court. The Michigan Court of Appeals upheld sanctions against Plaintiffs' counsel for bringing lawsuits against attorneys where none were warranted.

The same is due in this case, although the sanctions should be against both the attorneys and their clients.

Attached (**Exhibit W**) is a list of other cases the Orlans firm has been involved in which were filed by HDL.

        *Respectfully submitted,*
        PADILLA LAW GROUP
        /s/ Gerald V. Padilla
        GERALD V. PADILLA P24921
        Attorney for Plaintiff
        1821 W. Maple Road
        Birmingham, MI 49009
        (248) 593-0300

Dated: February 18, 2013