# EXHIBIT 1

STATE OF MICHIGAN
**JENNIFER M. GRANHOLM, ATTORNEY GENERAL**

| | |
|---|---|
| DEEDS AND CONVEYANCES:<br>MORTGAGES:<br>REAL ESTATE:<br>REGISTER OF DEEDS: | Register of deeds duty to record and index mortgage d[...]<br>mortgagee is listed as nominee |

A county register of deeds may not decline to accept for recording a mortgage, assignment of mortgage, or discharge of mortgage on the ground that the mortgagee is identified as a nominee of a disclosed or undisclosed mortgagee.

When recording and indexing a mortgage document in which the mortgagee is identified as a nominee of a disclosed or undisclosed mortgagee, the county register of deeds may list the mortgagee as "nominee" or, when appropriate, nominee for identified principal.

Opinion No. 7116

August 28, 2002

Honorable A. T. Frank
State Representative
The Capitol
Lansing, MI

You have asked two questions concerning the duties of a county register of deeds in processing a mortgage, assignment of a mortgage, and discharge of mortgage where the document's mortgagee is identified as a nominee.

Your first question asks whether a county register of deeds may decline to accept for recording a mortgage, assignment of mortgage, or discharge of mortgage on the ground that the mortgagee is identified as a nominee of a disclosed or undisclosed mortgagee.

Information supplied with your request indicates that several county registers of deeds have received for recording documents in which a mortgage, assignment of mortgage, or a discharge of mortgage is given by the Mortgage Electronic Registration System Inc. (MERS), an organization of lending institutions established to serve as mortgagee of record for mortgage lenders who participate in the MERS system.

OAG, 1999-2000, No 7067, p 158 (November 29, 2000), which considered the nature of the office of county register of deeds, stated in part as follows:

Const 1963, art 7, ¬ß 4, provides for the office of county register of deeds "whose duties and powers shall be provided by law." The powers and duties assigned to this office are ministerial, not discretionary, in nature. *Youngblood v US,* 141 F2d 912, 913 (CA 6, 1944). The county register of deeds must accept for filing or recording all deeds or other instruments affecting title to real or personal property for which the law provides as long as (i) the instruments satisfy the legal requirement for form and (ii) the requisite filing or recording fees are paid. *Van Husan v Heames,* 96 Mich 504, [508-509]; 56 NW 22 (1893). [See also 1 OAG, 1955, No 2065, p 576, 578 (November 1, 1955).]

In the Recording Requirements Act, 1937 PA 103, MCL 565.201 *et seq,* the Legislature has set forth the requirements governing recordation of documents by the county register of deeds. Section 1 enumerates these requirements as they relate to the form of the document submitted for recording. Subsection (b) of this section imposes a duty on the county register of deeds to ascertain that:

A discrepancy does not exist between the name of each person as printed, typewritten, or stamped beneath their signature and the name as recited in the acknowledgment or jurat on the instrument.

No provision in the Recording Requirements Act suggests that a discrepancy will exist in a mortgage instrument simply because a mortgagee is listed as a nominee of a mortgagee who remains undisclosed.

The term "nominee" was defined in *Schuh Trading Co v Comm'r of Internal Revenue*, 95 F 2d 404, 411 (CA 7, 1938), as follows:

The word nominee ordinarily indicates one designated to act for another as his representative in a rather limited sense. It is used sometimes to signify an agent or trustee. It has no connotation, however, other than that of acting for another, or as the grantee of another. . . .

Michigan law vests no authority upon a county register of deeds to decline to record a mortgage or mortgage-related instrument on the basis that a nominee's name appears on the document. As long as the instrument conforms to the specific requirements contained in the Recording Requirements Act, a county register of deeds is required to accept and record the instrument, provided the requisite recording fees are paid.

It is my opinion, therefore, in answer to your first question, that a county register of deeds may not decline to accept for recording a mortgage, assignment of mortgage, or discharge of mortgage on the ground that the mortgagee is identified as a nominee of a disclosed or undisclosed mortgagee.

Your second question asks how a county register of deeds may list the mortgagee in the register's records when the mortgagee is identified as a nominee of a disclosed or undisclosed mortgagee.

The Conveyances, Deeds, and Mortgages Act, RS 1846, c 65, MCL 565.1 *et seq,* directs that "[e]very register of deeds shall keep an entry book of deeds and an entry book of mortgages, each page of which shall be divided into 6 columns, with title or heads to the respective columns . . . ." Section 24. In that same Act, the Legislature has imposed a duty upon a county register of deeds to enter into the entry book of mortgages all mortgages and assignments of mortgages. Section 25. The register of deeds is also required to keep a general index to each set of books in which the register "shall enter alphabetically the name of each party to each instrument recorded by the register of deeds, with a reference to the book and page where the instrument is recorded." Section 28.

The first step in ascertaining legislative intent is to look to the text of the statute. *Piper v Pettibone Corp*, 450 Mich 565, 571; 542 NW2d 269 (1995). Where the language of the statute is clear and unambiguous, the Legislature's intent must be carried out according to its plain meaning. *Dean v Dep't of Corrections*, 453 Mich 448, 454; 556 NW2d 458 (1996). In such instances, statutory construction is neither required nor permitted; rather, the court must apply the statutory language as written. *Piper, supra*, at 572.

It is my opinion, therefore, in answer to your second question, that when recording and indexing a mortgage document in which the mortgagee is identified as a nominee of a disclosed or undisclosed mortgagee, the county register of deeds may list the mortgagee as "nominee" or, when appropriate, nominee for identified principal.

JENNIFER M. GRANHOLM
Attorney General