**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CURTIS HERTEL and NANCY HUTCHINS,

        Plaintiffs,

    v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,

        Defendants.

Case No. 1:12-cv-00174

Hon. Robert Holmes Bell

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., Bank of America, N.A., JPMorgan Chase Bank, N.A., and CitiMortgage, Inc. (collectively, "Defendants"), respectfully submit the decision in *McLaughlin v. Chase Home Finance LLC*, No. 12-1578 (6th Cir. Mar. 14, 2013) (attached hereto as **Exhibit A**) as supplemental authority in support of their Joint Motion To Dismiss Plaintiffs' Complaint, ECF No. 78 ("Motion"). *McLaughlin* affirmed dismissal with prejudice of a case alleging, like Plaintiffs do here, that transfer taxes must be paid when mortgages are assigned.

Like Plaintiffs in this case, the plaintiffs in *McLaughlin* argued that mortgage assignments are taxable instruments under the County Real Estate Transfer Tax Act ("CRETTA"). Ex. A at 6. The Sixth Circuit disagreed, ruling that mortgage assignments "are exempt from transfer taxes under M.C.L. § 207.505(d)," *id.*, affirming the district court opinion cited by Defendants in the Brief In Support Of Defendants' Joint Motion To Dismiss Plaintiffs' Complaint, ECF No. 79. Br. 12 (citing *McLaughlin v. Chase Home Finance LLC*, No. 11-11012, 2012 WL 995284, at *3 (E.D. Mich. Mar. 23, 2012)).

Plaintiffs argued in their Response, ECF No. 85, that CRETTA exempts assignments made before borrower default, but not assignments made after default. Resp. 14-16. Defendants established why that view has no support under Michigan law. Reply Brief In Support Of Defendants' Joint Motion To Dismiss Plaintiffs' Complaint 6-7, ECF No. 112 ("Reply"). The Sixth Circuit, by holding categorically that mortgage assignments are exempt under M.C.L. § 207.505(d), Ex. A at 6, has now rejected Plaintiffs' argument as well. Accordingly, this Court should hold that mortgage assignments are exempt as a matter of law under CRETTA, regardless of whether the assignment took place before or after borrower default.

## CONCLUSION

For these reasons, and those previously stated in the Motion and Reply, the Court should dismiss the Complaint in its entirety with prejudice.

Dated: March 19, 2013

Respectfully submitted,

| | |
|---|---|
| /s/ Aaron L. Vorce<br>Joseph H. Hickey (P41664)<br>Aaron L. Vorce (P68797)<br>Dykema Gossett PLLC<br>Capitol View<br>201 Townsend Street, Suite 900<br>Lansing MI 48933<br>Tel: (517) 374-9100<br>jhickey@dykema.com<br>avorce@dykema.com<br><br>*Of Counsel:*<br><br>Mary Beth Hogan<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br>Telephone:  212.909.6996<br>Facsimile:  212.909.6836<br>mbhogan@debevoise.com<br><br>*Attorneys for Defendant JPMorgan Chase Bank, N.A.* | /s/ Joseph F. Yenouskas<br>Brian C. Summerfield (P57514)<br>BODMAN PLC<br>201 W. Big Beaver Road, Suite 500<br>Troy, MI 48084<br>(248) 743-6000<br>bsummerfield@bodmanlaw.com<br><br>Thomas M. Hefferon<br>Joseph F. Yenouskas<br>GOODWIN PROCTER LLP<br>901 New York Avenue NW<br>Washington, DC 20001<br>(202) 346-4000<br>thefferon@goodwinprocter.com<br>jyenouskas@goodwinprocter.com<br><br>*Attorneys for Defendant Bank of America, N.A.* |

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

| | |
|---|---|
| /s/  Thomas V. Panoff<br>Thomas V. Panoff (P68416)<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone:  (312) 701-8821<br>Facsimile:  (312) 706-8297<br>tpanoff@mayerbrown.com<br><br>*Attorneys for Defendant CitiMortgage, Inc.* | /s/  Brian C. Summerfield (*w/ permission*)<br>Brian C. Summerfield (P57514)<br>Bodman PLC<br>6th Floor at Ford Field<br>1901 St. Antoine Street<br>Detroit, Michigan 48226<br>Tel: (313) 259-7777<br>bsummerfield@bodmanlaw.com<br><br>*Of Counsel*:<br><br>Robert M. Brochin<br>Morgan, Lewis & Bockius LLP<br>200 South Biscayne Boulevard, Suite 5300<br>Miami, Florida 33131-2339<br>Tel: (305) 415-3456<br>rbrochin@morganlewis.com<br><br>*Attorneys for Defendants MERSCORP, Inc. n/k/a MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc.* |

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

# Exhibit A

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0264n.06

No. 12-1578

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 14, 2013
DEBORAH S. HUNT, Clerk

JOHN MCLAUGHLIN; DEBORAH MCLAUGHLIN,

    *Plaintiffs-Appellants*,

v.

CHASE HOME FINANCE LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

    *Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**O P I N I O N**

BEFORE: KEITH, MARTIN, and COLE, Circuit Judges;

COLE, Circuit Judge. Plaintiffs-Appellants John McLaughlin and Deborah McLaughlin brought suit against Chase Home Finance LLC ("Chase") and Mortgage Electronic Registration Systems, Inc. ("MERS") in district court, alleging various claims in conjunction with Chase's foreclosure on a mortgage granted by the McLaughlins to MERS. The district court granted Defendants-Appellees' motion to dismiss each of the McLaughlins' claims. For the reasons that follow, we AFFIRM the district court's grant of the motion to dismiss.

I.

On or about August 3, 2005, Sallie Mae Home Loans, Inc. ("Sallie Mae") loaned $170,000 to the McLaughlins to purchase property located at 11461 Carr Road, Davison, Michigan 48423 (the "Property"). John McLaughlin signed a Promissory Note ("Note") in connection with the loan.

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

Sallie Mae assigned the Note without recourse to Morgan Stanley Mortgage Capital, Inc. ("Morgan Stanley") on August 3, 2005. Above the stamp assigning the Note from Sallie Mae to Morgan Stanley is another stamp, signed by Morgan Stanley Vice President George Keyloun, that states "Pay to the order of" and thereafter contains a blank.

The McLaughlins granted MERS, as nominee of Sallie Mae, a mortgage on the Property (the "Mortgage") as security for the loan. Chase was the servicer of the Mortgage since at least 2006. MERS assigned all of its right, title, and interest in the Property to Chase by assignment dated February 22, 2010, and recorded February 23, 2010, with the Genesee County Register of Deeds.

The McLaughlins defaulted on their obligations under the Mortgage, and Chase commenced foreclosure proceedings. A sheriff's sale of the Property was scheduled for January 26, 2011. Five days prior to the sale, on January 21, 2011, the McLaughlins brought suit against Chase and MERS in the Circuit Court for the County of Genesee, State of Michigan, seeking to enjoin the sale. Chase and MERS removed the suit on March 14, 2011 to the United States District Court for the Eastern District of Michigan, on the basis of diversity. The McLaughlins amended their complaint on June 1, 2011, to allege the following counts against Chase and MERS: Count I—Injunctive Relief and Declaratory Order; Count II—Fraud and Misrepresentation; Count III—Wrongful Foreclosure; and Count IV—Fair Debt Collections Practices Act ("FDCPA") violations.

On June 27, 2011, Chase and MERS moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). The district court granted the motion to dismiss as to all counts on March 13, 2012. From this opinion, the McLaughlins appealed.

*No. 12-1578*
*McLaughlin v. Chase Home Finance LLC*

II.

We review de novo a district court's dismissal of a plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). We must construe the complaint in a light most favorable to the plaintiffs and accept all factual allegations as true. *Id.* The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the McLaughlins fail to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

We also review de novo "a district court's dismissal of a complaint for failure to plead with particularity under Rule 9(b)." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011). Rule 9(b) "'is to be interpreted in conjunction with Federal Rule of Civil Procedure 8,' requiring a 'short and plain statement of the claim.'" *Id.* (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007)). The plaintiff must allege the following to plead fraud with particularity: (1) "the time, place, and content of the alleged misrepresentation on which he or she relied"; (2) "the fraudulent scheme"; (3) "the fraudulent intent of the defendants"; and (4) "the injury resulting from the fraud." *Bledsoe*, 501 F.3d at 504 (internal quotation marks and citation omitted).

The McLaughlins appeal the district court's dismissal of the following counts in the amended complaint: Count I—Injunctive Relief and Declaratory Order; Count II—Fraud and

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

Misrepresentation; and Count IV—FDCPA violations. The McLaughlins do not appeal the district court's dismissal of Count III—Wrongful Foreclosure.

### A. Count I—Injunctive Relief and Declaratory Order

The McLaughlins first argue that the district court erred in dismissing Count I, for injunctive relief and a declaratory order. They make the following contentions as to Count I: (1) Deborah McLaughlin is not in default because she did not sign the Note, and Chase and MERS are therefore precluded from foreclosing; (2) the Mortgage was unenforceable because MERS failed to give Sallie Mae consideration for being granted the Mortgage; (3) the failure of Chase and MERS to pay transfer taxes under Michigan law precludes foreclosure; and (4) Chase is precluded from foreclosing because it assigned the Note to an unknown entity. Each of these arguments is without merit.

#### 1. Default

First, the McLaughlins contend that Chase and MERS are precluded from foreclosing on the Property under Mich. Comp. Laws ("MCL") Section 600.3204 because Deborah McLaughlin did not sign the Note and is therefore not in default. This argument falls flat. Although Deborah McLaughlin did not sign the Note, she *did* sign the Mortgage, along with John McLaughlin. Under Michigan's foreclosure statute, it is not required that all signatories to a mortgage sign the promissory note that evidences the loan; rather, all that is required is that "[a] default in a condition of the mortgage [occur], by which the power to sell [becomes] inoperative." MCL § 600.3204(1)(a). Here, Chase, as the servicer of the Mortgage and assignee of MERS, had the right to foreclose upon the Mortgage because the McLaughlins defaulted under the Mortgage by failing to make the required monthly payments.

No. 12-1578
McLaughlin v. Chase Home Finance LLC

### 2. Consideration for Mortgage

Second, the McLaughlins argue that the Mortgage is unenforceable because MERS failed to give Sallie Mae consideration for being granted the Mortgage. The McLaughlins base their argument primarily upon a Michigan Supreme Court case, *Teed v. Marvin*, 2 N.W. 20 (Mich. 1879). In *Teed*, the court held that a set of promissory notes "represented no debt, and were purely voluntary." *Id.* at 21. For this reason, the court found that the promissory notes were not supported by consideration. *Id.* *Teed* is distinguishable from the instant case because here, the Note was supported by consideration—Sallie Mae loaned John McLaughlin $170,000 in exchange for a promise of repayment.

The Michigan Supreme Court has held that MERS was "the owner . . . of an interest in the indebtedness secured by [a] mortgage" for which MERS, like in the instant case, was not the lender but was the mortgagee. *Residential Funding Co., L.L.C. v. Saurman*, 805 N.W.2d 183, 183 (Mich. 2011) (internal quotation marks and citation omitted); *see also Residential Funding v. Saurman*, 807 N.W.2d 412, 414 (Mich. Ct. App. 2011), *rev'd by Residential Funding Co., L.L.C. v. Saurman*, 805 N.W.2d 183 (Mich. 2011) (noting that the mortgage instrument did not designate the lender as the mortgagee but rather designated MERS). MERS was "the owner," and the Mortgage was properly supported by consideration, because MERS's "contractual obligations as mortgagee were dependent upon whether the mortgagor met the obligation to pay the indebtedness which the mortgage secured." *Saurman*, 805 N.W.2d at 183 (internal quotation marks and citation omitted).

Further, the Michigan Supreme Court has long held that a party other than the lender can be the mortgagee of record. *See id.* ("'It has never been necessary that the mortgage should be given

*No. 12-1578*
*McLaughlin v. Chase Home Finance LLC*

directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience.'" (quoting *Adams v. Niemann*, 8 N.W. 719, 719-20 (Mich. 1881))). Under Michigan law, for consideration to exist, the consideration "may inure to one other than the promisor." *City of Highland Park v. Grant-Mackenzie Co.*, 115 N.W.2d 270, 278 (Mich. 1962). Therefore, the fact that it was Sallie Mae and not MERS that gave consideration for the Mortgage does not render the Mortgage unenforceable.

### 3. Transfer Taxes

Third, the McLaughlins contend that the failure of Chase and MERS to pay property transfer taxes in connection with the filing of the Mortgage violated Michigan law and precluded a foreclosure. This argument fails because assignments of mortgages are exempt from transfer taxes under MCL §§ 207.505(d) and 207.526(d).

### 4. Assignment of Note

Finally, the McLaughlins argue that Chase is precluded from foreclosing upon the Mortgage because it assigned the Note to an unknown entity. The McLaughlins base this argument on the fact that there is a stamp on the last page of the Note, signed by Morgan Stanley Vice President George Keyloun, that states "Pay to the order of" and thereafter contains a blank. The McLaughlins contend that Chase assigned the Note to an unknown entity, which precludes Chase from foreclosing upon the Mortgage.

Even if this stamp followed by a blank space were a valid assignment of the *Note*, it is not a valid assignment of the *Mortgage* because it appears not on the Mortgage but rather on the Note.

No. 12-1578
*McLaughlin v. Chase Home Finance LLC*

So even if Chase did assign the Note, it did not assign the Mortgage, and this stamp does not preclude Chase from foreclosing upon the Mortgage.

Thus, for the foregoing reasons, the district court did not err in dismissing Count I.

B.  Count II—Fraud and Misrepresentation

Next, the McLaughlins argue that the district court erred in dismissing Count II, which alleged fraud and misrepresentation. The district court held that the McLaughlins failed to "allege any sort of detail or particularity regarding who made false representations, when such representations were made, or why such representations were intentional." The district court is correct: the amended complaint is void of particularity as to the McLaughlins' claim for fraud and misrepresentation. On appeal, the McLaughlins fail to argue that the amended complaint alleged any detail or particularity regarding the alleged false representations. As such, this claim fails for lack of particularity under Federal Rule of Civil Procedure 9(b), and the district court therefore did not err in dismissing Count II.

C.  Count IV—FDCPA Violations

Finally, the McLaughlins assert that the district court erred in dismissing Count IV, which alleged FDCPA violations. The McLaughlins argue that MERS is a debt collector under the FDCPA and that MERS violated the statute by attempting to foreclose upon the Property by use of false representations and deceptive means. The McLaughlins do not argue on appeal that Chase violated the FDCPA. The McLauglins' argument regarding MERS falls flat for two reasons: (1) MERS is not a debt collector under the FDCPA; and (2) MERS neither attempted to foreclose nor did it have the power to foreclose upon the Mortgage.

*No. 12-1578*
*McLaughlin v. Chase Home Finance LLC*

The FDCPA excludes from the definition of "debt collector" any "person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F) (2010). MERS "obtained" the debt when the McLaughlins granted MERS the Mortgage as security for Sallie Mae's loan to them. At that time, the debt was not in default, so under the statute, MERS cannot be a debt collector.

Further, MERS never attempted to foreclose upon the debt and indeed lacked the power to foreclose. Under Michigan law, "[o]nly the record holder of the mortgage has the power to foreclose." *Saurman*, 805 N.W.2d at 184 (internal quotation marks and citations omitted). MERS assigned all of its right, title and interest in the property to Chase on February 22, 2010. The McLaughlins then defaulted. Only after the McLaughlins defaulted did Chase commence foreclosure proceedings—something that MERS lacked the power to do at that time because it was no longer the record holder of the Mortgage.

For these reasons, the district court did not err in dismissing Count IV.

III.

For the foregoing reasons, we AFFIRM.