UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL and NANCY
HUTCHINS,

       Plaintiffs,

                                  File No. 1:12-CV-174

v.

                                  HON. ROBERT HOLMES BELL

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
et al.,

       Defendants.
                                /

## **O P I N I O N**

On February 26, 2013, this Court granted Defendant Marshall Isaacs' motion for sanctions against Plaintiffs' attorneys, William Maxwell and Daniel Marsh, pursuant to Federal Rule of Civil Procedure 11, and deemed attorneys fees an appropriate sanction. (Dkt. Nos. 102-03.)  The Court ordered Isaacs to file an unsealed request for attorneys fees with the Court which would be subject to a protective order.  (*Id.*)  The Court further ordered that Plaintiffs would have seven days from the filing of such a request to submit objections to the reasonableness of the fees requested.  (*Id.*)

On February 28, 2013, Isaacs filed a supplemental sealed motion for attorneys fees. (Dkt. No. 104.)  The Court contacted Isaacs' counsel that same day and instructed him to either file the motion unsealed in accordance with the order or provide copies of the motion to Plaintiffs' counsel.  On February 7, 2013, Plaintiffs filed a response to the sealed motion

requesting the Court to strike the request for attorneys fees because the motion was filed sealed. (Dkt. No. 110.) In this response, Plaintiffs claimed they were unable to file objections: "It is impossible for Plaintiffs' attorneys to comply with the Court's order to file an objection or discuss the reasonableness of the fees because Defendant Isaacs failed to comply with the Court's Order." (*Id.*) The next day, Isaacs filed a reply indicating that contrary to their assertions in the response, Plaintiffs' attorneys were provided with copies of the motion. (Dkt. No. 110.) Isaacs attached a certificate of service:

> The undersigned certifies that Defendant Isaacs' Brief in Support of Motion for Attorney Fees and Exhibits along with a Certificate of Service was served upon William Maxwell, Attorney for Plaintiffs on February 28, 2013, via email at wmaxwell@aol.com.

(Dkt. No. 110, Ex. A.) Isaacs also provided a receipt indicating that Maxwell did indeed receive the emailed documents. (Dkt. No. 110, Ex. B.)

Over two weeks has elapsed and Plaintiffs have not indicated to the Court that they did not actually receive the documents via email as indicated in the reply brief. Nor have Plaintiffs attempted to file any objections to the request for attorney fees. Consequently, the Court will accept the supplemental sealed motion, grant attorney fees in accordance with its February 26 opinion and order, and determine the reasonableness of the fees claimed without the benefit of any objections.

I.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006). The party seeking attorney fees pursuant to this "lodestar" calculation bears the burden of documenting his entitlement to the award with "evidence supporting the hours worked and rates claimed." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (quoting *Hensley*, 461 U.S. at 433). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The Sixth Circuit "has recognized the propriety of an across the board reduction based on excessive or duplicative hours." *Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005).

"[B]efore an award of attorneys' fees may be made under [Rule 11], it must be shown that the fees were incurred because of the filing of an improper pleading." *Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 218 (6th Cir. 1993). "[W]hile Rule 11 provides this court with authority to grant attorney fees incurred in presenting the Motion for Sanctions, the sanctions should primarily reflect fees incurred as a result of the offensive pleading." *Kassab v. Aeta Indus., Inc.*, 265 F.Supp.2d 819, 824 (E.D. Mich. 2003).

## II.

As stated in this Court's opinion and order awarding attorney fees as a Rule 11 sanction, Plaintiffs' attorneys brought claims against Isaacs in this case in bad faith and for the purposes of harassment. Marsh and Maxwell have made a target of Isaacs and his firm in the last year, filing voluminous claims in twelve different lawsuits, every one of which was

3

dismissed pre-trial. In this case, the Court determined that the claims against Isaacs were not colorable and that he was fraudulently joined. (Dkt. Nos. 49-50.)

**A. Hourly Rate**

Isaacs' counsel, Gerald Padilla, billed an hourly rate of $275 per hour. Isaacs provides a February 2011 article, "Economics of Law Practice in Michigan," to support this rate. (Dkt. No. 104, Ex. C-D2.) He argues that this billed rate is low, stating that "defense counsel is in the 95th percentile for practitioners" and that the article supports an hourly range from $375-$600 and median range of $410-$475 for an attorney so situated. (Dkt. No. 104, at 3.) The Court is unsure where in the "Economics of Law Practice in Michigan" Isaacs gets these numbers because the article does not list mean and median hourly rates for a lawyer "in the 95th percentile." Instead, based on survey results received, the article provides the hourly rates at the 25th percentile, median, mean, 50th percentile, 75th percentile, and 95th percentile for certain types of lawyers, such as lawyers in a law firm of a certain size or practicing in a certain geographical area. The "95th percentile" only means that 95% of the hourly rates charged by lawyers of the type in question are less than the rate listed and 5% are more. (Dkt. No. 104, Ex. C.)

Besides noting that Padilla has been licensed to practice law for over 37 years, (Dkt. No. 104, Ex. B), Isaacs has not provided any evidence to justify awarding an hourly rate at the 95th percentile level. Moreover, according to the article, the median hourly rate for attorneys with the same level of experience as Padilla is $250, while the mean is $265. (Dkt.

No. 104, Ex. D-1, PageID# 1819-20.) Thus, the rate billed by Padilla is not low by any means. However, in light of these numbers, the $275 rate charged by Padilla, while higher than the average rate for an attorney of his experience (10% more than the mean and almost 4% more than the median), is not unreasonable. Accordingly, the Court will accept that rate.

**B. Hours Billed**

Isaacs claims 130.6 hours of billed time. He contends that the complexity of this case and the fact that the potential recovery was in the hundreds of millions of dollars justify the reasonableness of the time spent. The Court disagrees that all this time was reasonable. While the Court recognizes that the issues that arose in this case, such as multi district litigation and fraudulent joinder, were not ordinary and that the scope of this action was unusually broad, Isaacs was a peripheral player. Attorney fees under Rule 11 should primarily consist of the fees incurred defending against the non-colorable claims. The Court notes that the briefing filed with this Court by Isaacs' attorney in defense of these claims was limited. Isaacs' counsel filed a one page motion for joinder to extend time (Dkt. No. 23), a single page brief concurring with and joining in codefendants' brief in opposition to remand (Dkt. No. 35), a one page brief in rebuttal to Plaintiffs (Dkt. No. 40), a proposed order regarding the dismissal of Isaacs (Dkt. No. 51), and a one page concurrence and joinder in Defendant eTitle Agency's motion to dismiss (Dkt. No. 55). Other briefs (including the main brief arguing fraudulent joinder) were prepared by counsel for other defendants and filed on behalf of multiple defendants, including Isaacs. (*See* Dkt. Nos. 41, 42, 45.)

The Court does not highlight the limited nature of this briefing to downplay the time spent by Padilla reviewing the extensive briefing in this case, advising and consulting with the counsel for codefendants, and researching advantageous legal positions; all of that time is compensable. Instead, it notes the extent of the briefing to emphasize the peripheral role Isaacs played in this suit.

Moreover, the Court does not believe that all of the time sheets provided by Padilla relate solely to this matter. For example, there are numerous entries related to the *Ferguson*, *Parker*, *Martell*, and *Conlin* cases, and likely other related cases. (*See* Dkt. No. 104, Ex. A, PageID# 1794-95, 1797-98.)[1] Although the Court has concluded that these cases were part of the harassment of Isaacs by Plaintiffs' attorneys (*see* Dkt. No. 102), it will not award fees incurred on a different matter before a different court and will exclude this time. However, deciding which entries to exclude is made difficult by the fact that many of the entries on the billing sheets are vague as to which case each entry is regarding. The Sixth Circuit has instructed that "[a] district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Wooldridge v. Marlene Indus.*

---

[1]The following are a few of the entries that appear to refer to other matters:

- "Letter from Myers re fraudulent joinder Conlin." (Dkt. No. 104, Ex. A., PageID# 1794.)
- "Receipt and review of pleadings on Parker v. Orlans." (*Id.*)
- "Receipt and Review of Complaint LaRue." (*Id.* at PageID# 1795.)
- "Receipt and review of Order granting MSD Martell." (*Id.* at PageID# 1797.)
- "Prep of Motion to Quash Ferguson." (*Id.* at PageID# 1798.)
- "Appearance at Court Wells Fargo v. Ferguson." (*Id.*)

6

*Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990). However, when faced with vague and inadequate documentation, the Court cannot offer an explanation for the acceptance or rejection of the hours claimed. It was Isaacs' burden to provide supporting evidence for all the hours claimed and he did not do so. Thus, on account of the time related to other litigation included in the billing sheets and the fact that Isaacs and his attorney played a peripheral role in the present suit, the Court will reduce the hours by 75%.

### III.

The Court will award attorney fees for 32.65 hours at the rate of $275. Thus, Isaacs is entitled to $8,978.75 from Plaintiffs' attorneys.[2] The Court believes that this amount is sufficient to deter comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4).

Dated: March 25, 2013              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE

---

[2]The Court notes that only Plaintiffs' attorneys (and not Plaintiffs themselves) were found to have violated Rule 11, and thus this award of attorney fees may only be recovered against Plaintiffs' attorneys.