UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS HERTEL**, the Register of Deeds and
Representative of **INGHAM COUNTY**; and
**NANCY HUTCHINS**, the Register of Deeds
and Representative of **BRANCH COUNTY**,
both as Class Representatives of all 83
counties in the State of Michigan.
                            Plaintiffs,

**v.**

**MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCORP, INC., JEANNE
KIVI, ELLEN COON, MARSHALL ISAACS,
BANK OF AMERICA N.A., JP MORGAN CHASE & CO,
CHASE HOME MORTGAGE CORPORATION f/k/a
CHASE HOME FINANCE, WELLS FARGO BANK, N.A.,
CITIMORTGAGE INC., eTITLE AGENCY INC,
1ST CHOICE TITLE SERVICES INC, ATTORNEYS
TITLE AGENCY LLC, f/k/a WARRANTY TITLE
AGENCY LLC, ,** and **JOHN DOE** as any other authorized
signers for **MERS** or **MERSCORP, INC.,** and Defendants
**JOHN DOE** Corporations I - MMM,
                            Defendants.

Case No. 1:12-CV-174
HON. ROBERT HOLMES BELL

_____/

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF OPINION [102] AND ORDER
[103] GRANTING DEFENDANT MARSHALL ISASACS REQUEST FOR SANCTIONS**

      NOW COMES the Plaintiffs, by and through their attorneys, DANIEL P. MARSH, PLLC, and WILLIAM MAXWELL for their MOTION FOR RECONSIDERATION OF "OPINION[102] AND ORDER [103] GRANTING DEFENDANT MARSHALL ISASACS REQUEST FOR SANCTIONS pursuant to LR 7.1(h) in this matter and states that Plaintiffs' Motion for Reconsideration should be granted for the factual arguments and legal reasoning in this motion and the accompanying Brief in Support attached hereto.

At oral argument, counsel for Plaintiff placed on the record factual support that Home Defense League PLC only filed one case and not 12 as indicated in the courts order, that MARSH filed one other case against ISSACS without affiliation of MAXWELL and PARKER, and that MAXWELL filed a total of 3 cases against ISAACS without affiliation of MARSH and PARKER, that DIBERT'S exercise of free speech has not been found slanderous or libelous or otherwise a violation of his free speech rights guaranteed under the United States Constitution, and that no connection between DIBERT and MARSH, MAXWELL and PARKER has been established to allow DIBERT'S actions to inure to the responsibility of MAXWELL and MARSH. Furthermore, MAXWELL placed on the record at the February 20, 2013, hearing that a criminal complaint was filed against ISAACS by attorney MARSH and MAXWELL'S client, HERTEL, indicating ISAAC is seeking retribution against MARSH and MAXWELL'S for their clients complaint made in a sworn affidavit .The Court challenged the credibility of MAXWELL'S assertion that such a complaint was made. Even though ISAACS was present in the courtroom and could have been asked to corroborate MAXWELL'S allegations about the criminal complaint, the court failed to inquire about the allegation. As can be seen by Hertel's sworn affidavit at Exhibit 3, criminal allegations were made against ISAACS to both federal and state authorities for different signatures on publically filed documents purporting to be his signature. Please see the signatures attached to the Hertel Affidavit that were provided to the federal and state authorities.

MARSH and MAXWELL sought to clear these factual disputes by requesting an evidentiary hearing and objecting to the request for sanctions with a request for relief to strike the filings of ISSACS [Dkt 96] because there was no proven factual basis for the allegations based on the filings and affidavit of Attorney Padilla. The Court denied that request. The court

relied upon the alleged filings of 12 cases by HDL that can be seen from the attached affidavits as totally inaccurate. Also, the Court has found the actions of MARSH and MAXWELL in the case at as not frivolous, but has found harassment to exist for merely naming ISAACS as a defendant.

Defendant ISAACS has violated the "safe harbor" rule contained in FRPC 11(c) as more fully discussed in the attached Brief in Support in *Liberty Legal Foundation v National Democratic Party,* 2:12-cv-02143-STA cgc, Document 32. As a result of the breach of the safe harbor rule, Defendant's motion for sanctions should be denied based on this court's reconsideration of the matter.

WHEREFORE, Plaintiffs respectfully request this Honorable Court reconsider it rulings based on the argument and statutory principles enumerated herein. Plaintiff's motion should be granted since a palpable error has been made in the factual foundation for Defendants' motions, which has misled the court and the parties resulting in genuine issues of material facts continuing to exist on the record about which reasonable minds might differ.

Based on the palpable errors described herein, a different disposition of Defendant's motions is required and this request for sanctions under Rule 11 should be dismissed as having no basis in fact.

For the purpose of this motion for reconsideration, Plaintiffs also rely on all pleadings previously filed in this matter.

RESPECTFULLY SUBMITTED,

By: /s/ William Maxwell, Jr.
Wm Maxwell, Jr. P35846
Attorney for Plaintiffs
PO Box 701968
Plymouth, MI 48170
Phone: (734) 737-0758

## CERTIFICATE OF SERVICE

      I hereby certify that on March 26, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all attorneys of record.

      By: /s/ William Maxwell, Jr.
Wm Maxwell, Jr. P35846
Attorney for Plaintiffs
PO Box 701968
Plymouth, MI 48170
Phone: (734) 737-0758