# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS HERTEL**, the Register of Deeds and
Representative of **INGHAM COUNTY**; and
**NANCY HUTCHINS**, the Register of Deeds
and Representative of **BRANCH COUNTY**,
both as Class Representatives of all 83
counties in the State of Michigan.
        Plaintiffs,

**v.**

**MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCORP, INC., JEANNE
KIVI, ELLEN COON, MARSHALL ISAACS,
BANK OF AMERICA N.A., JP MORGAN CHASE & CO,
CHASE HOME MORTGAGE CORPORATION f/k/a
CHASE HOME FINANCE, WELLS FARGO BANK, N.A.,
CITIMORTGAGE INC., eTITLE AGENCY INC,
1ST CHOICE TITLE SERVICES INC, ATTORNEYS
TITLE AGENCY LLC, f/k/a WARRANTY TITLE
AGENCY LLC, ,** and **JOHN DOE** as any other authorized
signers for **MERS** or **MERSCORP, INC.,** and Defendants
**JOHN DOE** Corporations I - MMM,
        Defendants.

Case No. 1:12-CV-174
HON. ROBERT HOLMES BELL

_____/

# AFFIDAVIT OF WILLIAM E. MAXWELL, JR.

STATE OF MICHIGAN  )
         ) ss:
COUNTY OF WAYNE  )

WILLIAM MAXWELL, Jr., after being first duly sworn, deposes and states that:

1.  I am making this Affidavit upon my own personal knowledge, information, and belief, without any duress or coercion whatsoever.

2.  That I am an attorney of record in the above identified case.

3. Pursuant to this Court's order of February 6, 2013 [82] granting a hearing on Defendant Marshall Isaac's Motion for Sanctions under FRCP 11, I made written representations in response to specific issues and allegations made against me. This affidavit supplements the record where I made oral representations in court during the February 20, 2013 hearing on the matter.

4. The court sought information about the relationship of Daniel Marsh and William Maxwell to Home Defense League, PLC. Attorneys Marsh and Maxwell are members of this professional corporation. The only litigation ever brought by that professional corporation is one case identified as Hertel I (Case No. 1:11-cv-757). Attorney Brian Parker has not been a member of Home Defense League, PLLC since prior to October 31, 2011.

5. The Court sought information about the allegations by Isaacs that Home Defense League, PLC had filed twelve suits against Isaacs or his firm, Orlans Associates, as defendants. This allegation is not true and appears to be based on speculation and innuendo. The full captions many of the cases filed as exhibits by Defendant Isaacs in support if his allegations/accusations were incomplete or intentionally removed from the filing to hide the fact that an individual attorney, other than the Home Defense League, PLLC was the named attorney for each party.

6. Referring to Defendant Isaacs Exhibit J attached hereto, I have personal knowledge and as to each case state as follows:

+ Lucas v Orlans – I was the only plaintiff's attorney in this matter. No other attorneys had any input into or responsibility for the claims asserted by Lucas in this litigation. When this case was filed, the Home Defense League, PLLC did not exist and I did not know and had never met attorneys Brian Parker and Daniel Marsh. Marshall Isaacs was a named defendant for providing business services as part of a foreclosure by advertisement to collect a debt.

+ Rogers v Orlans - I never had any attorney–client relationship with Judy or Charles Rodgers, do not know them personally, have never met them, and had no input into or responsibility for the claims asserted by the plaintiffs in that litigation. I was never aware of this case until reviewing it in the context of the subject transfer tax litigation.

+ Hertel v Orlans – (Hertel I) This litigation was the only case ever filed by the Home Defense League, PLLC. Marshall Isaacs was a named defendant for his activities as a Vice President and Secretary for MERS.

+ Parker v Orlans - I was never aware of this case until reviewing it in the context of the subject transfer tax litigation. I never had any attorney–client relationship with Brian Parker or his ex-wife, and had no input into or responsibility for the claims asserted by the plaintiffs in that litigation.

+ Wharton v Orlans – I was the only plaintiff's attorney in this matter. No other attorneys had any input into or responsibility for the claims asserted by Wharton in this litigation. The Home Defense League, PLLC, Brian Parker and Daniel Marsh had no attorney–client relationship with Plaintiff Wharton, and had no input into or responsibility for the claims asserted by the plaintiffs in that litigation. Marshall Isaacs was a named defendant for providing business services as part of a foreclosure by advertisement to collect a debt.

+ Ferguson v Orlans – I never had any attorney–client relationship with Plaintiff Ferguson, do not know them personally, have never met them, and had no input into or responsibility for the claims asserted by the plaintiffs in that litigation. I was never aware of this case until reviewing it in the context of the subject transfer tax litigation.

+ Shaw v Orlans – I never had any attorney–client relationship with Plaintiff Ferguson, do not know them personally, have never met them, and had no input into or responsibility for

the claims asserted by the plaintiffs in that litigation. I was never aware of this case until reviewing it in the context of the subject transfer tax litigation.

+ Fannie Mae v Roberts/ Roberts v Orlans – I was the only plaintiff's attorney in this matter. No other attorneys had any input into or responsibility for the claims asserted by Roberts in this litigation. The Home Defense League, PLLC, Brian Parker and Daniel Marsh had no attorney–client relationship with Plaintiff Roberts, and had no input into or responsibility for the claims asserted by the plaintiffs in that litigation. Orlans and Marshall Isaacs were named in a counter-complaint. The court and parties entered into a stipulated order dismissing all but Fannie Mae and allowing Roberts to re-file using a third party complaint format. (Order attached hereto) Orlans and Isaacs were never added as defendants by way of a third party complaint since the court dismissed the claims of Fannie Mae WITH PREJUDICE for not being the real party in interest, and allowed Roberts to move for attorney fees. Orlans and Isaacs were named as defendants for providing business services as part of a foreclosure by advertisement to collect a debt.

+ Conlin v Orlans – I never had any attorney–client relationship with Plaintiff Conlin, do not know him personally, have never met him, and had no input into or responsibility for the claims asserted by the plaintiff in that litigation. I was never aware of this case until reviewing it in the context of the subject transfer tax litigation. Defendant Isaacs alleges Attorney Parker was an attorney for plaintiff but the caption attached by Isaacs does not reveal that fact.

+ Martel v Orlans – I never had any attorney–client relationship with Plaintiff Martel, do not know him personally, have never met him, and had no input into or responsibility for the claims asserted by the plaintiff in that litigation. I was never aware of this case until reviewing it in the context of the subject transfer tax litigation.

+ Ingham County v Orlans – (Hertel II) This is the subject transfer tax litigation filed by Attorneys Maxwell and Marsh as co-counsel. No other attorneys had any input into or responsibility for the claims asserted by Ingham and Branch counties in this litigation. Neither the Home Defense League, PLLC nor Attorney Brian Parker had any input into or responsibility for the claims asserted by the plaintiffs in this litigation. Marshall Isaacs was a named defendant for his activities as a Vice President and Secretary for MERS for specific duties owed under the CRETTA statute as more fully explained herein.

+ Kinney v Orlans – I never had any attorney–client relationship with Plaintiff Kinney, do not know him personally, have never met him, and had no input into or responsibility for the claims asserted by the plaintiff in that litigation. I was never aware of this case until reviewing it in the context of the subject transfer tax litigation.

7. Contrary to the allegations made by Isaacs, and the Affidavit of his attorney, the only case ever filed by Home Defense League, PLC was Hertel I. The case at bar is being prosecuted by Daniel Marsh and William Maxwell as co-counsel for plaintiffs. The Home Defense League, PLLC does not represent any party in this litigation.

8. The Court sought information about a relationship, if any, of Daniel Marsh and William Maxwell to MFI-Miami, called by ISAACS as a consultant of Plaintiffs' attorneys. MFI-Miami has never been hired by or paid as a consultant and/or expert in any case initiated by William Maxwell. There is not now, and never has been, a legal or contractual relationship between MFI-Miami/Steve Dibert and William Maxwell.  Neither MFI-Miami nor Steve Dibert has ever been a consultant of any capacity for William E. Maxwell, and I have never "worked with MFI-Miami." Neither MFI-Miami nor Steve Dibert has ever prepped me on "what questions to ask" any person or party in any case.

9. I have never had any input, authority or control over the internet speech and writings of MFI-Miami President Steve Dibert, which may be protected by the constitutional right to free speech. I note that one blog relied upon by Defendant Isaacs, Exhibit T to his motion, continues an unflattering attack by Dibert on Michigan State Representative Lisa Brown. Isaacs and/or his attorney do not realize is that Lisa Brown is the wife of Attorney Brian Parker, who they also allege controls or has some input into the speech and writings of Steve Dibert.

10. I requested this court grant an evidentiary hearing that would have allowed the court to make a complete record on the issues raised by Defendant Isaacs. That request was denied and this affidavit, and the facts sworn herein would have been available to the court prior to it's rulings on Isaacs' motion but for the denial.

11. The 6th Circuit Court of Appeals has held that an attorney may be liable for violations under the FDCPA. The 6th Circuit Court of Appeals, held the following;

> *Glazer v. Chase Home Finance LLC*, No. 10-3416, 2013 WL 141699, at *5-9 (6th Cir. Jan. 14, 2013). In *Glazer* we held that "mortgage foreclosure is debt collection under the Act. Lawyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in a mortgage foreclosure. And a lawyer can satisfy that definition if his principal business purpose is mortgage foreclosure or if he 'regularly' performs this function." Id. at *9. In light of *Glazer*, we are left only to determine if the Mellentines' complaint is sufficient to allege that Orlans is a debt collector under the FDCPA. See *Andrew Mellentine, et al. v. Ameriquest Mortgage Company, et al.* No. 11-2467 at 5 (6th Cir. Feb. 14, 2013)

12. The 6th Circuit of Appeals has affirmed the position of Maxwell in those cases where Isaacs was named as a defendant for misrepresentation and use of fraudulent affidavits, which are violations of the FDCPA.

13. In the cases listed and relied upon by Isaacs in Exhibit W, no court has ever found that I was harassing Defendant Isaacs or that those cases were brought for any improper purpose.

14. This action to collect taxes due was initiated by two governmental entities, Ingham County and Branch County. These governmental entities hired as contract employees Attorneys Marsh and Maxwell as county civil counsel to prosecute claims for transfer taxes pursuant to MCL 49.71.

15. The Complaint in this matter was filed against Defendant Isaacs in his position as Vice President and Secretary of MERS who, as a corporate officer, signed/executed documents allegedly transferring property interests in the plaintiff counties without the true value of the property being placed on the documents and without paying the requisite transfer taxes due.

16. The complaint states no other allegations against Defendant Isaacs. Isaacs' motion specifically and incorrectly states and/or infers he is being sued as a lawyer representing his client, and improperly infers that his law firm has been sued as well. The lawsuit regards his duties as a corporate officer for MERS with regard to the specific duties under CRETTA. Mr. Isaacs is clearly identified in Paragraph 14 of the complaint as a person who holds himself out as a Vice President or Secretary of MERS signing documents and deeds as a MERS contractor and corporate officer through a corporate resolution of MERS. Mr. Isaacs's status as an attorney has nothing to do with the allegations stated in the complaint.

17. In Paragraph 40 of the complaint, the duties of Mr. Isaacs as a signer of documents for MERS and the alleged breach of those duties are again set out. Under MCL 207.507, persons who <u>make</u>, <u>execute</u>, <u>issue</u> or <u>deliver</u> documents requiring payments of tax have specifically called out duties under the act. It states that:

> " The tax imposed by this Act (CRETTA) shall be evidenced by the affixing of a documentary stamp or stamps to every instrument subject to the tax imposed by this act by the person making, executing, issuing or delivering such document."

18. Clearly CRETTA specifically states and requires that persons executing, which generally includes signing, documents for filing at the register of deeds specifically affix stamps to every instrument subject to the act prior to filing. It is for the alleged breach of this duty for which Mr. Isaacs was included as a defendant in this litigation and not because of any attorney client relationship he has been unable to establish in this case, which is not relevant to the allegations against him.

19. The Michigan legislature set out two types of duties under MCL 207.501, *et seq*. First that grantors or sellers of real property are the person responsible for the payment of transfer taxes for filing such transfer documents. Second, the legislature required that any person making, executing, issuing or delivering such document shall affix and/or pay the tax imposed by the act. "Person" is defined in the statute at MCL 207.501(b):

(b) "Person" means every natural person, association or corporation. Whenever used in any penalty clause the term "person", as applied to associations, means the partners or members thereof, **and as applied to corporations, the officers thereof**.

20. I note that the legislature included officers of corporations with regard to the penalty section of the act. The penalty section does not include any criminal charges for corporate officers for non-payment of taxes or failing to affix documentary stamps to property transfer documents. HOWEVER, it does set out criminal penalties for corporate officers, such a Mr. Isaacs for

> **§ 207.512. Unlawful acts; penalty for violations**
> (1) It shall be unlawful for any person to:
> (a) Fraudulently cut, tear or remove from a document any documentary stamp.
> (b) Fraudulently affix to any document upon which tax is imposed by this act any documentary stamp which has been cut, torn or removed from any other written instrument upon which tax is imposed by this act, or any documentary stamp of insufficient value or any forged or counterfeited stamp or any impression of any forged or counterfeited stamp, die, plate or other article.
> € Wilfully remove or alter the cancellation marks of any documentary stamp or restore any such documentary stamp with intent to use or cause the same to be used

after it has already been used, or knowingly buy, sell, offer for sale or give away any such altered or restored stamp to any person for use, or knowingly use the same.
(d) Knowingly or willfully prepare, keep, sell, offer for sale or have in his possession any forged or counterfeited documentary stamps.
(e) Knowingly or willfully issue a false or fraudulent affidavit.
(2) Any person violating any of the provisions of this section is guilty of a misdemeanor and shall be fined not more than $500.00 and costs of prosecution, or imprisoned for not more than 1 year, or both.

21. The Michigan legislature clearly wanted to criminally discourage corporate officers, who were under duties for making, executing, issuing or delivering such documents from fraudulently or willfully misusing document stamps or filing false affidavits. Other duties associated with making, executing, issuing or delivering such documents are however, not criminally chargeable. The legislature's different treatment for those making, executing, issuing or delivering transfer documents for recording clearly shows legislative intent that such persons have separate duties called out in the statute. Here, only the specific acts set out in 207.512 could be charged criminally.

22. Defendant Isaacs, as a maker and/or executor of documents transferring interests in real property has specific duties under MCL 207.501, *et seq*. The civil prosecution of the alleged failure to perform those duties as alleged in plaintiffs' complaint does not give rise to any attorney client relationships and is firmly based on duties specifically set forth in CRETTA.

23. Attorneys Marsh and Maxwell did not have, and there is not and could never be a showing of, a clear and present vendetta of harassment against Defendant Isaacs, the Vice President of MERS, based on the filing of this lawsuit.

24. I am competent to testify in this matter and will do so if called as a witness.

Date:   March 11, 2013    By:    /s/William E. Maxwell, Jr.
                                 WILLIAM E. MAXWELL, JR

Subscribed and sworn to before me on this 26th day of March, 2013.

_/s/ Stephanie Nguyen_, Notary Public
State of Michigan, County of Washtenaw
My Commission Expires: 6/24/2014
Acting in the County of Washtenaw

> STEPHANIE NGUYEN
> Notary Public - Michigan
> Washtenaw County
> My Commission Expires Jun 24, 2014
> Acting in the County of Wayne

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all attorneys of record.

By: /s/ William Maxwell, Jr.
Wm Maxwell, Jr. P35846
Attorney for Plaintiffs
PO Box 701968
Plymouth, MI 48170
Phone: (734) 737-0758