UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL and NANCY
HUTCHINS,

        Plaintiffs,

                                  File No. 1:12-CV-174

v.

                                  HON. ROBERT HOLMES BELL

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
et al.,

        Defendants.
_____/

## OPINION AND ORDER

On February 26, 2013, this Court granted Defendant Marshall Isaacs' motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (Dkt. No. 66), and denied Plaintiffs' motion for an evidentiary hearing (Dkt. No. 96). (Dkt. Nos. 102, 103.) This matter is before the Court on Plaintiffs' motion for reconsideration of that opinion and order.

The Western District of Michigan's Local Civil Rules provide that a party that moves for reconsideration must demonstrate that there is a palpable and misleading defect as well as that a different result is required as a result of a correction of that defect. W.D. Mich. LCivR 7.4(a). As a general rule, "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." *Id.*

Although there is no specific provision for a motion for reconsideration in the Federal Rules of Civil Procedure, such a motion is to be evaluated as a motion to alter or amend the

judgment under Federal Rule of Civil Procedure 59(e). *See Aero-Motive Co. v. William Becker*, No. 1:99-CV-384, 2001 WL 1699194, at *1 (W.D. Mich. Dec. 6, 2001) (*citing Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). A motion for reconsideration is an opportunity to "point out manifest error of law or present newly discovered evidence." *Aero-Motive*, 2001 WL 1699194 at *1 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Plaintiffs present many of the same meritless arguments already considered by the Court. The Court has already considered the arguments that Attorney Brian Parker was not involved in this case and that this case was not brought by the Home Defense League. (*See* Dkt. No. 102, at 4-8.) It also explicitly stated that Dibert's actions were not a basis for the Court's finding that the claims against Isaacs were filed for an improper purpose. (*Id.* at 9.) The Court also considered the fact that Isaacs filed a brief and multiple exhibits one day after a Court-imposed deadline, noting that it was done with the Court's permission and did not prejudice Plaintiffs. (*Id.* at 11-12.)

Plaintiffs re-raise Maxwell's unsupported attack of Isaacs in the hearing, accusing Isaacs of having a vendetta against Hertel because Hertel allegedly asked the Attorney General's office to file criminal charges against Isaacs. Plaintiffs attempt to support this accusation with an affidavit from Hertel stating that he did file a complaint against Isaacs for alleged "robo signing" and that he believes the investigation is not closed. (Dkt. No. 121, Hertel Aff.) The Court finds it irrelevant whether Hertel filed a complaint against Isaacs and

whether any subsequent investigation is ongoing. The claims brought against Isaacs in this case did *not* concern "robo signing." Moreover, there is *not* a question of fact as to whether Isaacs brought his motion for sanctions because of any such complaint; Isaacs' motion contained meritorious arguments related to the present case.

Last, Plaintiffs allege that Isaacs failed to comply with Rule 11(c)'s safe harbor. The motion for sanctions was filed over four months ago. Since that time the Court has reviewed numerous briefs and exhibits filed by Plaintiffs and held a hearing on the motion. (*See* Dkt. Nos. 72, 96-101, 109.) Nevertheless, this is the first time Plaintiffs have alleged a safe harbor violation. It is improper to raise an alleged safe harbor violation for the first time in a motion for reconsideration. "[T]the issue of whether a party has complied with [Rule 11's safe harbor requirements] is subject to forfeiture if not timely raised." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 395 (4th Cir. 2004); *accord Rector v. Approved Fed. Sav. Bank*, 265 F.3d 248, 253 (4th Cir. 2013). Thus, this argument does not compel a finding that this Court's opinion and order suffered from a palpable and misleading defect.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration (Dkt. No. 118) is **DENIED**.

Dated: <u>April 10, 2013</u>           /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE