UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL, et al.,

       Plaintiffs,

                                        File No. 1:12-CV-174

v.

                                        HON. ROBERT HOLMES BELL

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
et al.,

       Defendants.
                                        /

## O R D E R

This matter is before the Court on motions to dismiss filed by Defendant Wells Fargo Bank (Dkt. No. 76), Defendants Bank of America, N.A., CitiMortgage, Inc., JP Morgan Chase & Co., MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc. (Dkt. No. 78), and Defendants Federal National Mortgage Association ("Fannie Mae"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), and the Federal Housing Finance Agency ("FHFA") (Dkt. No. 80.)

Multiple defendants have alleged that Plaintiffs lack standing to bring the present suit. As this Court held in *Hertel v. Bank of America N.A.* (*Hertel I*), No. 1:11-CV-757, 2012 WL 627695 (W.D. Mich. Feb. 24, 2012), Michigan law does not automatically grant registers of deeds the authority to file an action seeking unpaid transfer taxes. In response to the lack of standing allegations, Plaintiffs quote a Michigan statute that states that a governmental unit may authorize an officer to sue on its behalf:

> (4) Actions to which this state or any governmental unit, including but not limited to a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, public body, or political subdivision is a party may be brought by or against such party in its own name, or in the official capacity of an officer authorized to sue or be sued in its behalf. . . .".

Michigan Comp. Laws § 600.2051. Immediately after quoting this statute, and without any evidence or analysis, Plaintiffs conclude that "clearly, CURTIS HERTEL and NANCY HUTCHINS were duly appointed by their respective governmental unit to 'sue on its behalf.'" (Dkt. No. 85, at 3.)

However, § 600.2051 only provides that an officer *may be* authorized to sue on behalf of a governmental unit. Plaintiffs have not shown that they are authorized to do so under Michigan law. In Michigan, a governmental entity or officer may only exercise those powers which it or he has been expressly granted. *Citizens for Protection of Marriage v. Bd. of State Canvassers*, 688 N.W.2d 538, 541 (Mich. Ct. App. 2004) ("An agency has no inherent power. Any authority it may have is vested by the Legislature, in statutes, or by the Constitution."); *Bandfield v. Wood*, 304 N.W.2d 551, 552 (Mich. Ct. App. 1981) (quoting *People v. Freedland*, 14 N.W.2d 62, 65 (Mich. 1944)) (among the requirements for determining whether a position of public employment is a public office is that "the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority"). The appropriate method for a County to bring suit is specified by statute: "The board of supervisors of any county by a majority vote of the members-elect may employ an attorney to represent the county in civil matters, whenever the

board determines that the prosecuting attorney is unable to properly represent the county." Mich. Comp. Laws § 45.563(e).

When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *Hirt v. Richardson*, 127 F. Supp. 2d 849, 852 (W.D. Mich. 2001). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir. 1986).

Thus, no presumption of truthfulness applies to the allegations in the complaint that Plaintiffs have been authorized to sue as representatives of the counties. The Court will provide Plaintiffs with the opportunity to provide specific evidence that they have been authorized by their respective counties in accordance with Michigan law to bring this suit.

Accordingly,

**IT IS HEREBY ORDERED** that if Plaintiffs wish to provide evidence that they have standing to bring this suit, such evidence shall be filed with this Court within **7 days** from the date of this order.


Dated: April 10, 2013                                /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE