UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CURTIS HERTEL**, the Register of Deeds and Representative of **INGHAM COUNTY**; and **NANCY HUTCHINS**, the Register of Deeds and Representative of **BRANCH COUNTY**, both as Class Representatives of all 83 counties in the State of Michigan.<br>　　　　　　　　　　　Plaintiffs,<br>**v.**<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP, INC., JEANNE KIVI, ELLEN COON, MARSHALL ISAACS, BANK OF AMERICA N.A., JP MORGAN CHASE & CO, CHASE HOME MORTGAGE CORPORATION f/k/a CHASE HOME FINANCE, WELLS FARGO BANK, N.A., CITIMORTGAGE INC., eTITLE AGENCY INC, 1ST CHOICE TITLE SERVICES INC, ATTORNEYS TITLE AGENCY LLC, f/k/a WARRANTY TITLE AGENCY LLC, ,** and **JOHN DOE** as any other authorized signers for **MERS** or **MERSCORP, INC.,** and Defendants **JOHN DOE** Corporations I - MMM,<br>　　　　　　　　　　　Defendants.<br>_____/ | Case No. 1:12-CV-174<br>HON. ROBERT HOLMES BELL |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF
OPINION [116] AND ORDER [117] GRANTING DEFENDANT
MARSHALL ISASACS REQUEST FOR ATTORNEY FEES**

　　　　NOW COMES the Plaintiffs, by and through their attorneys, DANIEL P. MARSH, PLLC, and WILLIAM MAXWELL for their MOTION FOR RECONSIDERATION OF "OPINION [116] AND ORDER [117] GRANTING DEFENDANT MARSHALL ISASACS REQUEST FOR ATTORNEY FEES pursuant to LR 7.1(h) in this matter and states that Plaintiffs' Motion for Reconsideration should be granted for the factual arguments and legal reasoning in this motion and the accompanying Brief in Support attached hereto.

　　　　On February 26, 2013, the Court granted Defendant Marshall Isaacs' motion for sanctions

against Plaintiffs' attorneys, pursuant to Federal Rule of Civil Procedure 11. (Dkt. Nos. 102-03.) The Court thereafter ordered Isaacs to file an **unsealed request** for attorneys fees with the Court which would be subject to a protective order. (*Id*.) The Court further ordered that Plaintiffs would have seven days from the filing of such a request to submit objections to the reasonableness of the fees requested. (*Id*.)

On February 28, 2013, Isaacs filed a supplemental **sealed motion** for attorneys fees. (Dkt. No. 104.) Without any written or other notice to either counsel for plaintiff, or amending it's previously entered Order (Dkt. 103), the Court apparently contacted Isaacs' counsel and gave counsel the **OPTION** to either file the motion unsealed in accordance with the order or provide copies of the motion to Plaintiffs' counsel. Plaintiffs note that the Local Rule 5.7 requires that notice to be provided only through the ECF system, and that emailing notices to other counsel is NOT ALLOWED.

On March 7, 2013, Plaintiffs filed a response and an objection to the sealed motion requesting the Court to strike the request for attorneys fees because the motion was filed sealed and that it was impossible for Plaintiffs' attorneys to comply with the Court's order to file an objection or discuss the reasonableness of the fees because Defendant Isaacs failed to comply with the Court's Order. (Dkt. 109)

Defendant Isaacs attorney filed a sur-reply (Dkt. 110) with the court alleging "Attached hereto as Exhibit A is a copy of the Proof of Service indicating that these bills were **emailed to them**." Contrary to Attorney Padilla's assertion, the exhibits attached to his sur-reply do not comport with his allegations. Attorney Marsh was never emailed anything. More importantly, the attached exhibits belie the reasoning behind the local rule which does not allow proof of service by private e-mails between parties. Exhibit B to the sur-reply clearly states that " . . . but no

delivery notification was sent by the destination server." With the advent of mass e-mailing and advertisements, persons using email have available tight controls and filters to eliminate the required viewing of 100's of emails on a daily basis. ECF system email is allowed through the filters by selection of the user, and such e-mail set up is advocated in ECF training when setting up an email account for receipt of service for pending cases.

Attorney Maxwell did not receive the documentation purportedly sent to his email, and to this day does not have a copy of the documentation necessary to object and or properly respond to the requests for attorney fees by Defendant Isaacs. Attorney Marsh likewise did not receive the documentation, and to this day does not have a copy of the documentation necessary to object and or properly respond to the requests for attorney fees by Defendant Isaacs. If plaintiffs wish to file an interlocutory appeal in this matter, the information (which was ordered to be provided in an unsealed format) will necessarily need to be fully revealed for appeal purposes. Plaintiffs herein renew their objections filed previously since they have not the opportunity to review and challenge or object to the allegations of Defendant Isaacs in direct violation of their due process rights.

Plaintiffs and their attorneys have been shown a total lack of respect deserving of all litigants in the United States District Court. The local rules clearly require specific methods of filing and obtaining service on registered attorneys in the Western District Court. Defendant Isaacs has openly disregarded the Local Rule 5.7(i)(ii) and (i)(iv) which control filing and service by electronic means in this case. As argued in the attached brief, plaintiffs and their attorneys have not had the opportunity or ability to properly review and analyze the filings and allegations filed against them in a sealed fashion.

WHEREFORE, Plaintiffs respectfully request this Honorable Court reconsider its rulings based on the argument, court rules and statutory principles enumerated herein. Plaintiff's motion should be granted since a palpable error has been made in the factual foundation for Defendants' motions, which has misled the court and the parties resulting in genuine issues of material facts continuing to exist on the record about which reasonable minds might differ.

Based on the palpable errors described herein, a different disposition of Defendant's motions is required and Defendant Isaacs' request for attorney fees under Rule 11 should be dismissed.

For the purpose of this motion for reconsideration, Plaintiffs also rely on all pleadings previously filed in this matter.

RESPECTFULLY SUBMITTED,

By: /s/ William Maxwell, Jr.
Wm Maxwell, Jr. P35846
Attorney for Plaintiffs
PO Box 701968
Plymouth, MI 48170
Phone: (734) 737-0758

### CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all attorneys of record.

By: /s/ William Maxwell, Jr.
Wm Maxwell, Jr. P35846
Attorney for Plaintiffs
PO Box 701968
Plymouth, MI 48170
Phone: (734) 737-0758