UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS HERTEL**, the Register of Deeds and
Representative of **INGHAM COUNTY**; and
**NANCY HUTCHINS**, the Register of Deeds
and Representative of **BRANCH COUNTY**,
both as Class Representatives of all 83
counties in the State of Michigan.
                            Plaintiffs,

Case No. 1:12-CV-174
HON. ROBERT HOLMES BELL

**v.**

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., MERSCORP, INC., JEANNE
KIVI, ELLEN COON, MARSHALL ISAACS,
BANK OF AMERICA N.A., JP MORGAN CHASE & CO,
CHASE HOME MORTGAGE CORPORATION f/k/a
CHASE HOME FINANCE, WELLS FARGO BANK, N.A.,
CITIMORTGAGE INC., eTITLE AGENCY INC,
1ST CHOICE TITLE SERVICES INC, ATTORNEYS
TITLE AGENCY LLC, f/k/a WARRANTY TITLE
AGENCY LLC, , and **JOHN DOE** as any other authorized
signers for **MERS** or **MERSCORP, INC.,** and Defendants
**JOHN DOE** Corporations I - MMM,
                            Defendants.
_____/

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION
OF OPINION [116] AND ORDER [117] GRANTING
DEFENDANT MARSHALL ISASACS REQUEST FOR FEES**

**I. Standard of Review**

      Under the Local Rules of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. MICH. L. R. CIV. P. 7.4(a). Although the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration, two rules have been interpreted as providing a basis for a trial court to

1

reconsider orders and judgments. A party may file a motion to alter or amend a judgment within 28 days after the entry of judgment. FED. R. CIV. P. 59(e). A motion brought under Rule 59(e) requests the court reconsider matters properly encompassed in a decision on the merits. *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 451 (1982). Under the rule, a district court may reconsider the judgment entered and may grant the motion for any of four reasons: (1) an intervening change in the controlling law, (2) newly discovered evidence, (3) to correct a clear error of law, or (4) to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A party may file a motion for relief from a judgment or order under Rule 60. Rule 60(b) authorizes a court to relieve a party from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a motion under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, discharge, reversal or vacation of the judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542-543 (6th Cir. 2004).

The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. *Weese v. Shukman*, 148 F.R.D. 279, 280 (D.Kan. 1993) (citation omitted).

**II. Arguments**

The court Opinion (Dkt. 116) presumes at page 2 that Attorney Maxwell received some detailed summary of Defendant Isaacs requests for attorney fees. This has never been true. The

2

Opinion of the court admits that court staff was communicating with counsel for Defendant Isaacs and not with plaintiffs' counsel. "The Court contacted Isaacs' counsel that same day and instructed him to either file the motion unsealed in accordance with the order or provide copies of the motion to Plaintiffs' counsel."(Dkt. 116 pg 1) Because this communication was not made known to Attorneys Maxwell and Marsh, plaintiffs were under the proper assumption that the court's Order (Dkt. 103), was still in effect and had been flagrantly violated. They also properly believed that their objections and motion to strike (Dkt. 109) were properly before the court. Furthermore, Defendant Isaacs' sur-reply (Dkt. 110) is not allowed under the court rules without leave of court; and was considered by plaintiffs, and should be considered by this court as another flagrant violation of the same order.

In reviewing the time line based on the court's Order (Dkt. 116), it is abundantly clear that if the court staff truly spoke with Attorney Padilla's office on February 28, 2013, the day Isaacs improperly filed sealed documents in violation of the court's Order, Defendant Isaacs failed to file any further Proof of Service of any kind or in any way until after the time set for plaintiffs to respond to his filings. Plaintiffs seriously doubt that the court staff would instruct counsel for Defendant Isaacs to violate the local rules for electronic filing without filing some type of proof of service to show compliance with the instructions which were not included in the court's Order. (Dkt. 103)

Likewise, the local rules under which this case is controlled do not allow any of the filings relied upon by Defendant Isaacs or this Honorable Court. United States District Court Western District Local Rule 5.7 (i)(ii) Service on registered attorneys: requires that "*Traditionally filed documents and **sealed documents** must be served on registered attorneys by nonelectronic means of service. A proof of service must be filed.*"

Likewise, the use of party to party e-mail to obtain proof of service under the local rules is also not proper. The Local Rule requires that 5.7 (i)(iv) Method of electronic service: "*Only service of the* NEW *by the Court's system constitutes electronic service; transmission of a document by one party to another by regular e-mail **does not constitute service**.*" (Emphasis added)

The intent of the local rule as to electronic filing is to leave no reasonable doubt that notice has been properly given. From plaintiffs' perspective, the sur-reply filed by Isaacs (Dkt. 110) was nothing more than a continued and further violation of the court's Order; and clear violations of LR 5.7 listed above were attempts to circumvent the Local Rules to gain an improper proof of service without order of the court noted above. All these violations are before the court under plaintiffs' objections and their Motion to Strike. (Dkt. 109) Plaintiffs note that the court has not ruled on their motion to strike in either the Opinion (Dkt. 116) or Order (Dkt. 117) and hereby requests a ruling based on the allegations in their motion and in this request for rehearing.

Contrary to the court's findings, and based on plaintiffs' filings in the court docket, Marsh and Maxwell have continually filed objections to the unsupported request for attorney fees. The first filing regarding Isaacs request to the court demonstrates objections were in fact filed under the entitlement "Plaintiff's Request For Evidentiary Hearing For The Determination Of The Disputed Issues Of Entitlement And/Or The Amount Of The Attorney Fees And Costs And The Reasonableness Of Such Costs And Fees, To Which The Moving Party Claims It Is Entitled To Under FRCP 11 [66] And **Objection To Defendants Submission Of Legal Fees** [82] (Dkt. 96, emphasis added). The second filing regarding plaintiffs' objections were in fact filed under the entitlement "Plaintiff's Objection to Isaacs Request for Attorney Fees and Motion to

4

Strike Isaacs Claim for Attorney Fees Under FCRP 11 for Failing to Comply with this Courts Order [103] of February 26, 2013" [Dkt 109] This objection and motion to strike was filed on March 3, 2013 and contradicts the Court's finding that no objections were filed.

The court Ordered (Dkt. 103):

**IT IS FURTHER ORDERED** that Isaacs shall have **seven days** to file a request for attorney's fees.

**IT IS FURTHER ORDERED** that Plaintiffs shall have **seven days** from the filing of a request for attorneys fees to submit any objections.

A condition precedent to the Court awarding fees is a mandatory requirement that "Isaacs ***shall*** file with this Court an unsealed request for attorneys fees" An unsealed request for attorney's fees was not filed by Isaacs within the 7 days required by the Court's order, and has yet to be filed. The condition precedent has not been met because Isaacs failed to follow the court's order requiring him to file with this Court an unsealed request for attorney's fees.

It is impossible for Plaintiffs' attorneys to comply with the Court's order to file an objection on the reasonableness of the fees because of the noncompliance by Isaacs. Plaintiff's have not been able to review an unsealed request for attorneys fees as required by the Court to determine the reasonableness of the hours and time claimed by Isaacs.

**Evidentiary Hearing Requested and Necessary to Clear the Factual Disputes**

Defendant ISAACS, has been and continues to be in clear violation of the court's Order (Dkt. 103). The previous request by Plaintiffs for an evidentiary hearing was in response to the unsubstantiated request for attorney fees related to this case. Plaintiffs have yet to receive, properly or otherwise, copies of billing sheets relied upon by this court in granting attorney fees. As such, Plaintiffs and their counsel have been denied due process of law and have been prejudiced by the failures of Defendant to comply with this court's Orders. (Dkt. 82, 103) The

5

fact that the court continues to give Defendant Isaacs and his attorney accommodations in filing past court ordered deadlines without notice to plaintiffs, allowing Isaacs to openly violate the Local Rules governing electronic proof of service without notice plaintiffs, and not addressing objections and a motion to strike is indicative of the prejudice visited upon Plaintiffs.

The Sixth Circuit has noted that a court should be hesitant to sanction a party when a suit is dismissed . . . and there is nothing before the court save the base allegations of a complaint. *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003). In *Tahfs*, the Sixth Circuit reasoned that there ordinarily is little or no evidence before the court at the pleading stage, and thus it is difficult for a court to determine whether a complaint is "for any improper purpose," "unwarranted by existing law," or without "evidentiary support." *Id*. at 594; cf. *Amphenol T&M Antennas, Inc. v. Centurion Int'l Inc.,* No. 00 C 4298, 2001 U.S. Dist. LEXIS 13795, at *14 (N.D. Ill. Sept. 5, 2001) ("Courts should not decide whether to grant sanctions for pleading violations until the party who has authored the pleading has had a full chance to develop its proof.")

Plaintiffs hereby request an evidentiary hearing under this reconsideration motion, and thereafter the court can and will be fully apprised of the true nature and factual basis of ISAACS' allegations of attorney fees incurred in this litigation. Without any level of discovery as to the factual basis for Isaacs claims for attorney fees made by ISAACS, plaintiffs will continue to be prejudice and unable to provide this Honorable Court with intelligent and reasoned factually based objection to the attorney fees claimed by ISAACS.

### III. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests the Court reverse its Opinion and Order and deny Defendant's motion for Sanctions; or in the alternative, grant Plaintiffs' an evidentiary hearing after the documentation of the nature, number and type of attorney fees

6

allegedly expended on this litigation can be examined and presented from the plaintiffs' perspective; and so that a proper actual record can be made for a decision by the court with a factual basis as required by the law applicable to this case.

                RESPECTFULLY SUBMITTED

Date: April 25, 2013         By: /s/ William Maxwell, Jr.
                  Wm Maxwell, Jr. P35846
                  Attorney for Plaintiffs
                  PO Box 701968
                  Plymouth, MI 48170
                  Phone: (734) 737-0758

## CERTIFICATE OF SERVICE

      I hereby certify that on April 25, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all attorneys of record.

                    By: /s/ William Maxwell, Jr.
                      Wm Maxwell, Jr. P35846
                      Attorney for Plaintiffs
                      PO Box 701968
                      Plymouth, MI 48170
                      Phone: (734) 737-0758