UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL and NANCY
HUTCHINS,

       Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
et al.,

       Defendants.
       _____/

File No. 1:12-CV-174

HON. ROBERT HOLMES BELL

## **O P I N I O N**

On March 25, 2013, this Court granted attorney fees in the amount of $8,978.75 in favor of Defendant Marshall Isaacs and against Plaintiffs' attorneys Daniel Marsh and William Maxwell. (Dkt. Nos. 116, 117.) Presently before the Court is Plaintiffs' motion for reconsideration (Dkt. No. 127), which will be denied.

### I.

On February 26, 2013, following a hearing, this Court granted Defendant Marshall Isaacs' motion for sanctions against Plaintiffs' attorneys, William Maxwell and Daniel Marsh, pursuant to Federal Rule of Civil Procedure 11, and deemed attorney fees an appropriate sanction. (Dkt. Nos. 102-03.) In response to the order granting sanctions, Isaacs filed a motion for attorney fees on February 28, which this Court granted on March 25. (Dkt. Nos. 116, 117.) While the Court accepted the hourly rates billed by Defendant's counsel, the

Court reduced the hours billed by 75% on account of the time related to other litigation included in the billing sheets and the fact that Isaacs and his attorney played a peripheral role in the present suit.

## II.

The Western District of Michigan's Local Civil Rules provide that a party that moves for reconsideration must demonstrate that there is a palpable and misleading defect as well as that a different result is required as a result of a correction of that defect. W.D. Mich. LCivR 7.4(a). As a general rule, "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." *Id.*

Although there is no specific provision for a motion for reconsideration in the Federal Rules of Civil Procedure, such a motion is to be evaluated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Aero-Motive Co. v. William Becker*, No. 1:99-CV-384, 2001 WL 1699194, at *1 (W.D. Mich. Dec. 6, 2001) (*citing Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). A motion for reconsideration is an opportunity to "point out manifest error of law or present newly discovered evidence." *Aero-motive*, 2001 WL 1699194 at *1 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## III.

Plaintiffs present numerous objections and justifications for reconsideration, all of which alleged "flagrant" violation of this Court's orders and violations of various local court


Court reduced the hours billed by 75% on account of the time related to other litigation included in the billing sheets and the fact that Isaacs and his attorney played a peripheral role in the present suit.

## II.

The Western District of Michigan's Local Civil Rules provide that a party that moves for reconsideration must demonstrate that there is a palpable and misleading defect as well as that a different result is required as a result of a correction of that defect. W.D. Mich. LCivR 7.4(a). As a general rule, "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." *Id.*

Although there is no specific provision for a motion for reconsideration in the Federal Rules of Civil Procedure, such a motion is to be evaluated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Aero-Motive Co. v. William Becker*, No. 1:99-CV-384, 2001 WL 1699194, at *1 (W.D. Mich. Dec. 6, 2001) (*citing Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). A motion for reconsideration is an opportunity to "point out manifest error of law or present newly discovered evidence." *Aero-motive*, 2001 WL 1699194 at *1 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## III.

Plaintiffs present numerous objections and justifications for reconsideration, all of which alleged "flagrant" violation of this Court's orders and violations of various local court

rules by Isaacs.

**A. Plaintiffs' Alleged Non-Receipt of the Motion for Fees**

First, Plaintiffs argue that this Court's opinion erroneously "presumes at page 2 that Attorney Maxwell received some detailed summary of Defendant Isaacs Requests for attorney fees." (Dkt. No. 128, at 2.) This argument is frivolous and has already been addressed by the Court. The Court did not make a baseless presumption. While the motion for fees was filed under seal, Isaacs presented evidence that Attorney Maxwell received a detailed summary of Isaacs' request for attorney fees on the same day the motion was filed. Isaacs attached a certificate of service to his reply brief in response to this same argument by Plaintiffs:

> The undersigned certifies that Defendant Isaacs' Brief in Support of Motion for Attorney Fees and Exhibits along with a Certificate of Service was served upon William Maxwell, Attorney for Plaintiffs on February 28, 2013, via email at wmaxwell@aol.com.

(Dkt. No. 110, Ex. A.) Isaacs also provided a receipt indicating that Maxwell did indeed receive the emailed documents. (Dkt. No. 110, Ex. B.) Notably, Plaintiffs neglected to mention this fact in filing their response to the supplemental sealed motion. (*See* Dkt. No. 109.) Instead, Plaintiffs attempted to mislead the Court in that response, stating that "[i]t is impossible for Plaintiffs' attorneys to comply with the Court's order to file an objection or discuss the reasonableness of the fees" because "Plaintiffs have not been able to review Defendant's request for attorney's fees." (*Id.* at PageID# 1905.) Moreover, once Isaacs presented evidence that Maxwell had in fact received a copy of the brief, Plaintiffs took no

3

further action; Plaintiffs neither sought leave to file a sur-reply disputing Isaacs' evidence nor contradicted Isaacs' evidence with an affidavit or otherwise. Incredibly, Plaintiffs' attorneys continue to fail to address the certificate of service and delivery receipt in the present motion for reconsideration.[1] This Court has previously found Plaintiffs' attorneys unreliable and non-credible.[2] Because of Plaintiffs' attorneys' continued attempts to mislead the Court, their failure to address the certificate of service, and the lack of any supporting evidence for their continued assertions that they were unable to object to the fees requested, the Court also finds Plaintiffs' attorneys unreliable and non-credible in regard to Isaacs' supplemental sealed motion for attorney fees.

**B. Isaacs' Alleged "Flagrant" Violation of this Court's Orders**

Plaintiffs' attempt to argue that "technically" Isaacs violated this Court's previous, February 26 order (Dkt. No. 103) by filing the motion under seal is similarly frivolous. Plaintiffs take issue with the fact that the Court contacted Isaacs' counsel and instructed him to re-file an unsealed motion or provide copies of the motion to Plaintiffs' counsel. Because

---

[1] Plaintiffs' sole mention of this evidence is the frivolous argument that the brief to which these documents were attached was not allowed under Court rules.

[2] Maxwell appeared before this Court and lied about this case being filed by the "Home Defense League," despite filing briefing under that name three days prior. (Dkt. No. 102, PageID# 1780.) In fact, Plaintiffs' attorneys continue to file documents with this Court contradicting Maxwell's vigorous assertions that this case was not brought by the Home Defense League. (*See* Dkt. No. 125, Ex. 1, "Resolution Authorizing Register of Deeds to Enter into a Contract for Legal Services with the Home Defense League.") Additionally, Maxwell lied about being a special prosecutor and raised wild, unsupported accusations against Isaacs. (Dkt. No. 102, PageID# 1780.)

the Court did not also contact Plaintiffs' counsel, Plaintiffs argue that they were under the proper assumption that the February 26 order had been "flagrantly" violated. First, this Court does not have a duty to contact Plaintiffs' counsel just because it contacted a defendant's counsel about ensuring that Plaintiffs' counsel was provided with copies of a filed motion. Second, this Court determines when its orders have been violated, not Plaintiffs. Plaintiffs were free to raise the argument in their response that the February 26 order had been violated, which they did. However, Plaintiffs were also free to simultaneously present objections to the amount of fees sought. Instead, Plaintiffs chose to mislead the Court about never receiving a copy of the motion. Thus, Plaintiffs had the opportunity to present objections to the amount of fees requested and failed to do so. Moreover, even after evidence was presented that Plaintiffs received a copy of the motion the day it was filed, Plaintiffs still failed to explain why they could not file objections in the time frame required by the Court.

Next, Plaintiffs argue that Isaacs' reply brief – in which he presented the evidence of timely service – was "another flagrant violation of the same order" because it was a "sur-reply," which is not allowed under the court rules without leave of the Court. This argument is frivolous. First, the document is a *reply* brief not a sur-reply. Second, the Court has the discretion to consider reply briefs regarding nondispositive motions. It is not a palpable and misleading error for the Court to exercise its discretion to consider a reply brief.

## C. Alleged Court Prejudice and/or Lying

Next, Plaintiffs question whether the Court "truly" spoke with Isaacs' counsel on

5

February 28. (Dkt. No. 128, at PageID # 2063.) Plaintiffs continue: "Plaintiffs seriously doubt that court staff would instruct counsel for Defendant Isaacs to violate the local rules for electronic filing without filing some type of proof of service to show compliance with the instructions which were not included in the Court's Order." (*Id.*) It is unbecoming of the legal profession for Plaintiffs' attorneys to accuse the Court of lying about communication with a defendant's counsel. Furthermore, it is presumptuous for Plaintiffs' counsel to speculate about what instructions this Court gave during such communication. The Court instructed Isaacs' counsel to provide a copy of the motion to Plaintiffs' counsel and expressly provided that the copy could be attached to an email. The Court also instructed Isaacs' counsel to provide the Court with proof of such service. While it may have been ideal for Isaacs' counsel to file such proof of service on the day of service, the Court has accepted the proof of service attached to Isaacs' reply brief as sufficient, and Plaintiffs have completely failed to show that they were prejudiced in any way by this service via email.

**D. Miscellaneous Frivolous Arguments**

Plaintiffs also note that the Court never ruled on their "motion to strike." The Court never expressly ruled on the motion because it was made in a response brief, but the Court impliedly ruled on it by issuing an order granting fees under the motion Plaintiffs sought to strike. (*See* Dkt. No. 117.) Nevertheless, the Court will expressly deny the motion at this time for the reasons stated in the March 25, 2013, opinion.

Plaintiffs also argue that they have continuously filed objections to Isaacs' request for

6

attorney fees.  First, they point to a request for an evidentiary hearing filed on February 19, 2013.  (Dkt. No. 96.)  However, Plaintiffs ignore the fact that this request was filed *before* the Court granted leave on February 26 for Isaacs to file a request for attorney fees and was denied *before* Isaacs filed this request on February 28.  Moreover, the Court notes that this document did not present any argument about attorneys fees, only stating that an evidentiary hearing would be helpful for numerous issues related to the Rule 11 motion for sanctions:

> Plaintiffs hereby respectfully requests that the Court schedule an evidentiary hearing for the determination in this case on the failure to meet the requirements of the Court's order, clarify factual and legal misstatements made in support of their motion, and on the disputed issue(s) of entitlement and/or the amount of the attorney's fees and costs, and the reasonableness of such costs and fees, to which the moving party claims it is entitled.[3]

(Dkt. No. 96, at 1-2.)  Next, Plaintiffs argue that they did file objections on March 7, 2013, and that this "contradicts the Court's finding that no objections were filed." (Dkt. No. 128, at PageID# 2065.)  As stated multiple times, Plaintiffs' "Objection to Isaacs Request for Attorney Fees" did not raise any actual objections to the fees sought.  (*See* Dkt. No. 109.)  Instead, it objected to Isaacs' alleged noncompliance with this Court's February 26 order.[4]

Last, Plaintiffs request an evidentiary hearing "to clear the factual disputes." (Dkt. No. 128, at PageID# 2065.)  Plaintiffs have failed to introduce any evidence, despite

---

[3]Moreover, this request ignored the fact that a hearing regarding the Rule 11 motion was scheduled for, and held on, the next day, February 20.  (Dkt. No. 99.)

[4]Plaintiffs' argument that Isaacs filing an *unsealed* motion was a "condition precedent" to them having to file objections is the same tired argument discussed ad nauseum in this opinion and in the opinion granting the request for attorney fees.

7

numerous opportunities to do so, showing that such alleged factual disputes actually exist. Moreover, the Court disagrees with Plaintiffs' argument that without discovery they are unable to provide the Court with "intelligent and reasoned factually based objection to the attorney fees claimed." (Dkt. No. 128, at PageID# 2066.) Thus, the request for an evidentiary hearing will be denied.

**IV.**

Plaintiffs' attorneys continue to inundate this Court with frivolous arguments of special favors to Isaacs, unfairness to Plaintiffs, and prejudice by the Court. Despite not receiving any specific objections, the Court closely examined the fees requested, and, pursuant to law, decreased the fees by 75% for the inclusion of unrelated time. Plaintiffs' attorneys have failed to show that there was a palpable and misleading defect in the Court's actions, or that a different result is required as a result of a correction of such a defect. *See* W.D. Mich. LCivR 7.4(a). Thus, the motion will be denied.

An order consistent with this opinion will be entered.


Date: <u>April 29, 2013</u>     /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE