UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS HERTEL and NANCY
HUTCHINS,

        Plaintiffs,

                                            File No. 1:12-CV-174

v.

                                            HON. ROBERT HOLMES BELL

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC,
et al.,

        Defendants.
                                         /

## **OPINION**

On May 3, 2013, this Court granted the motions to dismiss filed by Defendant Wells Fargo Bank (Dkt. No. 76) and by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America, N.A., CitiMortgage, Inc., JP Morgan Chase & Co., and MERSCORP, Inc. (collectively with Wells Fargo, "Bank Defendants") (Dkt. No. 78). (Dkt. Nos. 131-132.) The Court also granted judgment in favor of Defendants. (Dkt. No. 133.) Presently before the Court is Plaintiffs Curtis Hertel and Nancy Hutchins' motion for reconsideration (Dkt. No. 135), which will be denied.

**I.**

On November 10, 2011, Hertel, Register of Deeds of Ingham County, and Hutchins, Register of Deeds of Branch County, filed a complaint in Ingham County Circuit Court. Plaintiffs' complaint alleged that the Bank Defendants and other, non-diverse defendants

violated Michigan's State Real Estate Transfer Tax Act ("SRETTA")[1] and County Real Estate Transfer Tax Act ("CRETTA"), Mich. Comp. Laws §§ 207.502, 207.523, by improperly claiming exemptions. On February 27, 2012, the case was removed to this Court. (Dkt. No. 1.)

Since removal, the Court has denied Plaintiffs' motion to remand (Dkt. Nos. 49-50), dismissed Defendants Marshall Isaacs, Attorneys Title Agency, Ellen Coon, Jeanne Kivi, and 1st Choice Bank as fraudulently joined (Dkt. Nos. 60, 67, 69), denied the Michigan Attorney General and Michigan Department of Treasury's motion to intervene (Dkt. Nos. 74, 75), granted the Federal Housing Finance Agency, Federal National Mortgage Association, and Federal Home Loan Mortgage Corporation's motion to intervene (*id.*), granted Isaacs's motion for sanctions against Plaintiffs' attorneys (Dkt. No. 102, 103), awarded attorneys fees to Isaacs (Dkt. No. 116, 117), denied two motions for reconsideration filed by Plaintiffs regarding the sanctions issue (Dkt. Nos. 118, 127), granted the Bank Defendants' motion to dismiss (Dkt. Nos. 131, 132), and entered judgment in favor of Defendants (Dkt. No. 133). The Court is now presented with a third motion for reconsideration filed by Plaintiffs, this time regarding the opinion and order granting the Bank Defendants' motion to dismiss and the judgment entered in favor of Defendants.

## II.

The Western District of Michigan's Local Civil Rules provide that a party that moves

---

[1] Plaintiffs have since voluntarily dismissed their claims arising under the SRETTA. (Dkt. No. 70.)

for reconsideration must demonstrate that there is a palpable and misleading defect as well as that a different result is required as a result of a correction of that defect. W.D. Mich. LCivR 7.4(a). As a general rule, "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." *Id.*

Although there is no specific provision for a motion for reconsideration in the Federal Rules of Civil Procedure, such a motion is to be evaluated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Aero-Motive Co. v. William Becker*, No. 1:99-CV-384, 2001 WL 1699194, at *1 (W.D. Mich. Dec. 6, 2001) (*citing Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). A motion for reconsideration is an opportunity to "point out manifest error of law or present newly discovered evidence." *Aero-motive*, 2001 WL 1699194 at *1 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## III.

**1. Standing**

Plaintiffs' first argument is that this Court's analysis of whether Hertel and Hutchins have standing to bring the present suit is erroneous. The Court has already addressed these arguments in detail (Dkt. No. 131, at 4-6), and declines to revisit them, especially given this Court's decision that Plaintiffs' complaint was entirely devoid of merit. Plaintiffs also ask for the first time (despite this standing issue being before the Court for months) to amend their complaint to name Ingham and Branch Counties as the party plaintiffs. The Court

declines to grant permission to amend for the two reasons.

First, Plaintiffs' request, coming 31 days after judgment, is untimely. Nor do Plaintiffs attempt to excuse this tardiness by arguing that it was a good faith mistake – they still adamantly argue that Hertel and Hutchins are the proper plaintiffs. Instead, Plaintiffs proffer their desire to save the "time and expense of briefing and arguing this issue" on appeal. (Dkt. No. 136, at 3.) The Court fails to see why Plaintiffs cannot make their desired argument – that Hertel and Hutchins have standing – before the Sixth Circuit. Second, Plaintiffs have not demonstrated that Ingham and Branch Counties have standing. Despite Wells Fargo raising the issue of standing on January 17, 2013, Plaintiffs declined to present evidence of Hertel and Hutchins' standing or the Counties' standing until, three months later and after briefing was complete, the Court asked Plaintiffs to provide such evidence. (Dkt. No. 124.) In response, Plaintiffs provided documents that failed to establish that either Plaintiffs or the Counties had standing. (*See* Dkt. No. 131, at 5-6 n.2 (discussing the deficiencies in the documents Plaintiffs provided).) The Court will not unnecessarily extend this litigation by providing Plaintiffs with another opportunity to gather evidence of standing.

## 2. Private Right of Action and/or Abstention

Plaintiffs' second argument is that this Court erroneously held that no private cause of action exists under the CRETTA. The Court's opinion did not rest on whether such a private right of action exists (Dkt. No. 131, at 6-11), and the Court declines to re-address the issue.

Relatedly, Plaintiffs argue that the Court should have abstained for comity considerations. This argument, in addition to being frivolous, is tardy; the Court will not consider a comity argument that is raised for the first time *after* judgment. Plaintiffs also contend that this Court lacks jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341. This contention is also tardy, and the Court questions why the argument was not raised when Plaintiffs sought remand. Moreover, as Plaintiffs are well aware, the Court, in *Hertel I*, already addressed this argument and found it to lack merit:

> While the Tax Injunction Act does bar federal courts from hearing actions initiated to prevent collection of state and local taxes, it does not apply to suits, such as this one, to collect such taxes. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 433-34 (1999) ("A suit to collect a tax is surely not brought to restrain state action, and therefore does not fit the [Tax Injunction Act's] description of suits barred from federal district court adjudication . . . [T]he Tax Injunction Act, as indicated by its terms and purpose, does not bar collection suits, nor does it prevent taxpayers from urging defenses in such suits that the tax for which collection is sought is invalid.").

(No. 1:11-CV-757, Dkt. No. 8, at 3.)

**3. Claims on the Merits**

Plaintiffs' remaining arguments are the same tired arguments already addressed by the Court in great detail. (*See* Dkt. No. 131, at 11-21.) To the extent Plaintiffs cite additional material in an attempt to support their arguments, the Court's conclusion that these arguments depend on "inaccurate statements of the law under the CRETTA" and "far-fetched theories of liability" remains unchanged. (*See* Dkt. No. 131, at 22.)

Moreover, Plaintiffs' argument that this Court disregarded filings attached to their

5

response brief and the arguments of the parties regarding the Mich. Comp. Laws § 207.505(h)(ii) exemption claimed on sheriff's deeds (Dkt. No. 136, at 13) is untrue. As the Court explained, individual discussion of each of the myriad of documents attached to Plaintiff's response brief (Dkt. Nos. 97-98) was unnecessary:

> [A]ll of the exemptions claimed on the instruments attached to the complaint were valid. Thus, even if these defendants could be deemed "sellers or grantors" for some of the instruments, Plaintiffs have failed to state a claim against them. This remains true even if the Court were to consider the instruments Plaintiffs present for the first time as attachments to their response brief.

(*See* Dkt. No. 131, at 12 n.10.) Additionally, the Court notes that even if the § 207.505(h)(ii) exemption was improperly used on the sheriff's deeds identified by Plaintiffs, Defendants are still not liable for transfer taxes on those instruments. As this Court has reminded Plaintiffs many times, taxation under the CRETTA is limited to a "seller or grantor." Mich. Comp. Laws § 207.502(2). None of the Defendants were sellers or grantors on any sheriff's deed attached to the response brief. (*See id.*) As should be obvious by the title "sheriff's deed" on each document, a deputy sheriff was the seller/grantor for every sheriff's deed complained about, and thus Defendants cannot be liable under the CRETTA for those instruments.

As for Plaintiffs' complaint that the record is insufficient in this case to support the findings of the Court, the Court reminds Plaintiffs that discovery is not a right. The Court will not allow Plaintiffs to conduct a fishing expedition. Plaintiffs' brought a far-reaching suit alleging widespread fraud yet failed to support a single claim with a non-farcical legal

6

theory or an example of a recorded instrument improperly claiming an exemption from the CRETTA. The Court will not sanction further waste of time or resources.

 An order consistent with this opinion will be entered.


Dated: <u>July 19, 2013</u>           <u>/s/ Robert Holmes Bell    </u>
                      ROBERT HOLMES BELL
                      UNITED STATES DISTRICT JUDGE