Nos.  13-2108/2109

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CURTIS HERTEL, et al. (No. 13-2108), | ) | **FILED**<br>Jun 30, 2014<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DANIEL P. MARSH, et al. (No. 13-2109), | ) | |
| | ) | |
| Interested Parties-Appellants, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC., et al., | ) | |
| | ) | |
| Defendants-Appellees | ) | |
| | ) | |
| FEDERAL HOUSING FINANCE AGENCY, et | ) | |
| al., | ) | |
| | ) | |
| Intervenors-Appellees | ) | |

Before:  BOGGS, NORRIS, and DONALD, Circuit Judges.

        In  Appeal  No.  13-2108,  plaintiffs  Curtis  Hertel,  Jr.  and  Nancy  Hutchins  appeal  the

district court's dismissal of their complaint alleging that the defendants failed to pay county or

state  real  estate  transfer  taxes.   In  Appeal  No.  13-2109,  Daniel  P.  Marsh  and  William  E.

Maxwell,  Jr.,  the  plaintiffs'  counsel,  appeal  the  district  court's  imposition  of  sanctions  against

them under Federal Rule of Civil Procedure 11.  The defendants move to dismiss the appeals as

untimely filed.  The plaintiffs and their counsel separately oppose dismissal, and the defendants reply.

When a United States agency is a party to an action, the opposing party generally has sixty days to file an appeal.  Fed. R. App. P. 4(a)(1)(B)(ii).  If, however, any party files a timely motion under the Federal Rules of Civil Procedure 59 or 60, the time for filing the notice of appeal runs "from the entry of the order disposing of the last such remaining motion."  Fed. R. App. P. 4(a)(4).  Here, the district court entered its final judgment on May 3, 2013, and the plaintiffs filed a motion for reconsideration on June 3, 2013—thirty-one days after the judgment.  A motion for reconsideration, however, must be filed within 28 days after the judgment, whether construed under Fed. R. Civ. P. 59(e) or 60(b), in order to take advantage of tolling.  *See* Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(e), 60(c)(1).  *Donaldson v. Cent. Mich. Univ.*, 109 F. App'x 15, 17 ("A motion for reconsideration, filed outside the time permitted under Fed. R. Civ. P. 59(e), is properly construed as a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b).").  Therefore, the plaintiffs' motion for reconsideration did not toll the time to appeal.  The notices of appeal, filed on August 9 & 11, 2013, respectively, both were filed more than sixty days beyond the final judgment.  Consequently, both appeals from the final judgment are untimely.

Although the plaintiffs and their counsel argue that their appeals are timely on numerous grounds, none of those grounds have merit.  There is no provision in the Federal Rules of Appellate Procedure tolling the time for filing a notice of appeal until the underlying record is complete.  *Cf. Browder v. Director, Dept. of Corr. of Ill.*, 434 U.S. 257, 266-67 (1978) (rejecting a party's contention that a complete record rendered a judgment final because jurisdictional requirements should be explicit and unambiguous).  The district court granted the defendants'

motion to file supplemental authority in its opinion dismissing the plaintiffs' claims, but the supplement was not filed on the district court docket until three days later. The fact that the supplement was not filed until after the judgment did not render the judgment non-final or require an amended judgment from the district court. The only motions that toll the time for filing a notice of appeal are expressly provided for in Federal Rule of Appellate Procedure 4, and motions to amend are not included among them. *See* Fed. R. App. P. 4(a)(4)(A)(i)-(vi). The defendants' failure to challenge the timeliness of the plaintiffs' motion for reconsideration in the district court does not waive their right to raise that argument before this court. Local rules prohibited the defendants from responding to the motion for reconsideration without leave of court, W.D. Mich. Civ. R. 7.4(b), and the district court did not request a response. Moreover, the defendants are asserting that the motion for reconsideration is untimely for purposes of filing a timely appeal from the final judgment. *See Bowles v. Russell*, 551 U.S. 205; 214; *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415 (6th Cir. 2010).

For these reasons, we dismiss the appeals for want of jurisdiction to consider them.

ENTERED BY ORDER OF THE COURT

_____
Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: June 30, 2014

Mr. Joseph Aviv
Mr. Robert M. Brochin
Mr. Michael Joseph Ciatti
Mr. Jeffrey Charles Gerish
Mr. Thomas M. Hefferon
Mr. Michael A. F. Johnson
Mr. Kenneth M. Kliebard
Mr. Michael D. Leffel
Mr. William E. Maxwell Jr.
Mr. Timothy Brian Myers
Ms. Lucia Nale
Mr. Gerald Vincent Padilla

Re: Case No. 13-2108/13-2109, *Curtis Hertel, et al v. Mtg. Elec. Regis. Sys., Inc., et al*
Originating Case No. : 1:12-cv-00174

Dear Counsel,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Laura A. Jones
Case Manager
Direct Dial No. 513-564-7023

cc: Mr. Benjamin Paul Carr
Mr. Howard N. Cayne
Ms. Tracey Cordes
Mr. David M. Dell
Mr. Daniel P. Marsh
Ms. Merritt Ellen McAlister

Mr. Thomas V. Panoff
Mr. Dirk C. Phillips
Mr. Bruce L. Segal
Ms. Elizabeth L. Sokol
Mr. Brian C. Summerfield
Ms. Ann Marie Uetz
Mr. Aaron L. Vorce
Ms. Jill M. Wheaton
Mr. Joseph F. Yenouskas

Enclosure

No mandate to issue